COPY

1   EISENBERG RAIZMAN THURSTON & WONG LLP
2   David H. Raizman (SBN 129407)
    Elena S. Min (SBN 235065)
3   10880 Wilshire Boulevard, Eleventh Floor
4   Los Angeles, California 90024
    Telephone:  (310) 445-4400
5   Facsimile:  (310) 445-4410
6   Email:      draizman@ertwllp.com
                emin@ertwllp.com
7

8   Attorneys for Defendants
9   Walt Disney Parks and Resorts U.S., Inc.,
    Walt Disney Parks & Resorts Worldwide
10  and The Walt Disney Company

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15
    CARI SHIELDS and AMBER BOGGS,        CV10 5810 DMG (JEMx)
16  on behalf of themselves and all others
17  similarly situated,                  Case No.

18                                       **NOTICE OF REMOVAL OF STATE
              Plaintiffs,                COURT ACTION UNDER 28 U.S.C.
19                                       §§ 1331, 1441(b) AND 1446 BY
         vs.                             DEFENDANTS**
20
    WALT DISNEY PARKS AND                [Los Angeles Superior Court Case No.
21  RESORTS US, INC., WALT DISNEY        BC438241]
    PARKS AND RESORTS
22  WORLDWIDE, INC., THE WALT
23  DISNEY COMPANY, DOES 1-100,
    INCLUSIVE
24

25            Defendants.

26

27

28

30940

FILED

10 AUG -5 AM 10: 53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants Walt Disney Parks and Resorts U.S., Inc., Walt Disney Parks & Resorts Worldwide and The Walt Disney Company (collectively, "Defendants") hereby invoke this Court's jurisdiction and remove the state court action described below from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

1.      This Notice of Removal is filed pursuant to, and this Court has jurisdiction by virtue of, the provisions of 28 U.S.C. §§ 1331, 1369, 1441(b) and 1446.

2.      On May 21, 2010, plaintiffs Cari Shields and Amber Boggs ("Plaintiffs") commenced an action in the Superior Court of the State of California for the County of Los Angeles entitled *Cari Shields and Amber Boggs v. Walt Disney Parks and Resorts US, Inc., Walt Disney Parks & Resorts Worldwide, Inc., The Walt Disney Company, and Does 1 through 100, inclusive,* Los Angeles Superior Court Case No. BC488241 (the "State Court Action").

3.      Defendants were served in the State Court Action on July 7, 2010, including with a copy of the Summons, Complaint and related documents (the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit A to this Notice.

4.      To Defendants' knowledge, the documents attached as Exhibit A to this Notice are the only pleadings that have been served on, or filed by, Defendants to date in the State Court Action.

5.      This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1369, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that original jurisdiction is founded on a claim or right arising under a law of the United

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANTS

States, *i.e.,* the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) (the "ADA"). (*See* Complaint ¶¶ 56-61.)

6.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of receipt of the Complaint by any defendant. The date on which Defendants were served was July 7, 2010.

7.     The territorial coverage of the United States District Court for the Central District of California embraces the county and court in which the State Court Action is now pending. 28 U.S.C. § 84(c). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

8.     This removal is authorized by each of the Defendants, the sole named defendants in this action. Defendants are informed and believe, and on that basis allege, that none of the Doe defendants in the State Court Action have been named or served. Therefore, it is unnecessary to obtain any other defendant's consent to or joinder in this removal.

9.     As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to all other parties to this action and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

///
///
///
///
///
///
///
///
///
///

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANTS

1    WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446,

2  Defendants hereby remove this action from the Superior Court of the State of

3  California for the County of Los Angeles to the United States District Court for the

4  Central District of California.

5

6

7  Date:  August 4, 2010                    Respectfully submitted,

8                                           EISENBERG RAIZMAN THURSTON & WONG LLP
                                            David H. Raizman
9                                           Elena S. Min

10

11                                          By: _Elena Min_____
                                                    Elena S. Min
12

13                                          Attorneys for Defendants
                                            Walt Disney Parks and Resorts U.S., Inc.,
14                                          Walt Disney Parks & Resorts Worldwide
                                            and The Walt Disney Company
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

NOTICE OF REMOVAL OF STATE COURT
ACTION BY DEFENDANTS

# EXHIBIT A

1  Eugene Feldman, Esq. SBN 118497
   EUGENE FELDMAN ATTORNEY AT LAW, APC
2  555 Pier Avenue, Ste. 4
   Hermosa Beach, California 90254
3  Tel:    310-372-4636
   Fax:    310-376-3531
4
   A. Anderson B. Dogali, Esq.,
5  (Pro Hac Vice applications to be filed)
   Brian A. Hohman, Esq.,
6  (Pro Hac Vice applications to be filed)
   FORIZS & DOGALI, P.A.
7  4301 Anchor Plaza Parkway, Suite 300
   Tampa, Florida 33634
8  Tel:    813-289-0700
   Fax:    813-289-9435
9
   Attorneys for Plaintiffs and Class Plaintiffs
10
                   **SUPERIOR COURT OF CALIFORNIA**
11
                    **COUNTY OF LOS ANGELES**
12

13  CARI SHIELDS and AMBER BOGGS,          )   Case No.   BC438241
    on behalf of themselves and all others )
14  similarly situated,                    )   Class Action
                                           )
15              Plaintiffs,                )   **COMPLAINT FOR DECLARATORY**
                                           )   **AND INJUNCTIVE RELIEF FOR**
16                                         )   **VIOLATIONS OF:**
                                           )
17  v.                                     )   1.    **VIOLATIONS OF THE**
                                           )         **AMERICANS WITH**
18                                         )         **DISABILITIES ACT (42 U.S.C.**
                                           )         **§12131, et seq.)**
19  WALT DISNEY PARKS AND RESORTS          )
    US, INC., WALT DISNEY PARKS &          )   2.    **VIOLATIONS OF THE**
20  RESORTS WORLDWIDE, INC., THE           )         **UNRUH ACT (Cal. Civil Code**
    WALT DISNEY COMPANY,                   )         **§51, et seq.)**
21  DOES 1-100,                            )
    INCLUSIVE,                             )   3.    **VIOLATIONS OF THE CDPA**
22                                         )         **(Cal. Civil Code §54.1, et seq.)**
                Defendants.                )
23  ──────────────────────────────────── )

24

25

26

27

28                              1

                    EXHIBIT A PAGE 5

## CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, CARI SHIELDS and AMBER BOGGS, on their own behalf and on behalf of all others similarly situated (Collectively known as "PLAINTIFFS"), and sue the Defendants, THE WALT DISNEY COMPANY, WALT DISNEY PARKS & RESORTS WORLDWIDE, INC. and WALT DISNEY PARKS AND RESORTS US, INC. (Collectively known as "DEFENDANTS") and allege:

### INTRODUCTION

1. This action arises out of discriminatory practices by DEFENDANTS violating California statutes and common law, as well as federal law designed to protect individuals with a disability.

2. These practices include, *inter alia*, the denial of access to places of public accommodation and the discriminatory treatment given to individuals because of their physical disabilities.

3. As a result of these practices, the PLAINTIFF CLASSES were not able to benefit from the full use and enjoyment of DEFENDANTS' recreation facilities and theme parks and were discriminated against on account of physical disability, i.e. visual impairment.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure §410.10. The action is brought pursuant to California Code of Civil Procedure §382, California Civil Code §1781 *et. seq.* and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure.

5. Plaintiffs bring this action on their own behalf and on behalf of all persons within the PLAINTIFF CLASSES defined herein.

6. This action is brought by the PLAINTIFFS to enforce the Title III of the Americans with Disabilities Act "ADA", 42 U.S.C. §12131, *et seq.*, the Unruh Civil Rights Act, California Civil Code §51, *et seq.*, and the California Disabled Persons Act, California Civil Code §54

2

1   *et seq.* (CDPA).

2   7.   Venue is proper in this Court pursuant to California Code of Civil Procedure §§395 and

3        395.5 because DEFENDANTS maintains corporate managerial business offices within the

4        County of Los Angeles.

5                                      **PARTIES**

6   **PLAINTIFFS**

7   8.   Plaintiff Amber Boggs is an individual who, at all relevant times herein mentioned:

8        a.   Was a resident of the County of Los Angeles, State of California;

9        b.   Had a physical disability that affects her neurological and/or special sense organs and

10            substantially limits major life activities, namely visual impairment;

11       c.   Was a person with a disability as that term is defined in 42 U.S.C. §12102 and the

12            California Government Code Section 12926;

13       d.   Owns year long passes to Disneyland and has regularly patronized the park facilities

14            operated by DEFENDANTS within the last two years;

15       e.   Has visited Disneyland with her service animal;

16       f.   Suffered discrimination by the DEFENDANTS;

17       g.   Was a member of all PLAINTIFF CLASSES alleged in paragraph 18 except

18            PLAINTIFF DISNEY CHARACTER CLASS;

19       h.   Intends to visit DEFENDANTS' theme parks in California and/or Florida in the

20            future.

21  9.   Plaintiff Cari Shields is an individual who, at all relevant times herein mentioned:

22       a.   Was a resident of the County of Riverside, State of California;

23       b.   Had a physical disability that affects her neurological and/or special sense organs and

24            substantially limits major life activities, namely visual impairment;

25       c.   Was a person with a disability as that term is defined in 42 U.S.C. §12102 and the

26            California Government Code §12926;

27

28                                          3

                                EXHIBIT A PAGE 7

d.  Owns year-long passes to Disneyland and has regularly patronized the park facilities operated by DEFENDANTS in both Florida and California within the last two years;

e.  Has visited Disneyland in California and Disney World in Florida with her service animal including on or about November 1, 2009.  Ms. Shields reserved seating for 6:45 p.m. for the Character Dining at the Crystal Palace with "Winnie Pooh and Friends" at Walt Disney World Resort in Orlando, Florida.

f.  She was denied interaction with costumed Disney characters as part of her dining experience.  Upon complaining to management and staff she was told by two cast members that it was Disney policy that characters were not allowed to interact with guests with service animals because of their service animals. She then went to guest-services in the Magic Kingdom to which she was told by two more cast members that it was DEFENDANTS policy that characters were not allowed to interact with guests with service animals because of their service animals.

g.  Suffered discrimination by the Defendants;

h.  Was a member of all PLAINTIFF CLASSES alleged in paragraph 18;

i.  Intends to visit Defendants' theme parks in California and/or Florida in the future.

DEFENDANTS

10.  Defendant WALT DISNEY PARKS AND RESORTS, U.S. INC. ("PARKS") is a Florida corporation which at all times herein mentioned:

a.  Maintained its principal place of business in Orange County, Florida and is authorized to conduct business in the State of California and is conducting business in Los Angeles County in the City of Burbank.

b.  PARKS owns and operates and/or is the lessor or lessee of the Walt Disney World Resort located in Orange and Osceola Counties in Florida. The Walt Disney World Resort is comprised of theme parks, hotels, restaurants, and shops, each of which are public accommodations. PARKS also owns and operates and/or is the lessor or lessee

4

EXHIBIT A PAGE 8

1   of the Disneyland/California Adventure in Anaheim, Orange County, California. The

2   Disneyland/California Adventure is similarly comprised of theme parks, hotels,

3   restaurants, and shops, each of which are public accommodations.

4   c.   Discriminated against the PLAINTIFF CLASS by, *inter alia*:

5   d.   Maintaining a policy of refusing to allow costumed Disney characters to interact with

6   visually impaired patrons with service animals at the theme parks at Walt Disney

7   World Resort in Florida and Disneyland in California.

8   e.   Failing to provide Braille signage and/or large print within the aforementioned theme

9   parks so as to orient visually impaired patrons as to the location of rides, restaurants

10   and facilities;

11   f.   (1) Failing to provide schedules and menus in accessible alternative formats such as

12   Braille and/or large print; (2) Failing to provide Braille maps in a mobile format; and

13   (3) Failing to provide Braille maps in a reasonable number of locations within the

14   theme parks;

15   g.   Providing auxiliary aids and services, specifically, audio description devices which

16   are designed to shut off automatically after a given time interval but cannot be re-set

17   by a visually impaired user so as to render the device inaccessible;

18   h.   Failing to provide reasonable accommodations to visually impaired patrons using

19   service animals by: (1) failing to provide reasonable designated areas within the

20   theme parks for service animals to defecate and (2) charging visually impaired

21   patrons using service animals a $20.00 fee for the use of kennel facilities; (3) locating

22   the kennel facilities outside of the park; and (4) refusing to allow service animals to

23   be tied to any locations within the park while the visually impaired owner is using

24   park rides.

25   i.   Failing to provide reasonable accommodations to visually impaired patrons by

26   simultaneously refusing to provide a Disney employee to assist a visually impaired

27

28                                          5

1    patron and also requiring visually impaired patrons to pay full price for a ticket for

2    an aide or attendant to serve the function of assisting the patron in navigating around

3    the park.

4    j.    By maintaining a policy at parades, such as the Main Street Electric Parade, that only

5        wheelchair users are allowed to use the area designated for handicapped guests and

6        not guests with other disabilities such as visual impairments.

7    k.    Renting lockers to park visitors  which are inaccessible to persons with visual

8        impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no

9        attendant to assist the visually impaired and 3) provide only a printed receipt with the

10       combination to open the rented locker.

11   11.   THE WALT DISNEY COMPANY ("WDC") is a Delaware corporation which at

12   all times herein mentioned:

13   a.    Maintained its principal place of business in the City of Burbank, County of Los

14       Angeles, State of California;

15   b.    Along with Defendant PARKS and WORLDWIDE owns and operates and/or is the

16       lessor or lessee of the Walt Disney World Resort located in Orange and Osceola

17       Counties in Florida. The Walt Disney World Resort is comprised of theme parks,

18       hotels, restaurants, and shops, each of which are public accommodations. WDC also

19       owns and operates and/or is the lessor or lessee of Disneyland/California Adventure

20       in Anaheim, Orange County, California. Disneyland/California Adventure is

21       similarly comprised of theme parks, hotels, restaurants, and shops, each of which are

22       public accommodations.

23   c.    Discriminated against the PLAINTIFF CLASS by, *inter alia*:

24   d.    Maintaining a policy of refusing to allow costumed Disney characters to interact with

25       visually impaired patrons with service animals at the theme parks at the Walt Disney

26       World Resort in Florida and Disneyland/California Adventure  in California.

27

28                                6

e.      Failing to provide Braille signage and/or large print within the aforementioned theme parks so as to orient visually impaired patrons as to the location of rides, restaurants and facilities;

f.      (1) Failing to provide schedules and menus in accessible alternative formats such as Braille and/or large print; (2) Failing to provide Braille maps in a mobile format; and (3) Failing to provide Braille maps in a reasonable number of locations within the theme parks;

g.      Providing auxiliary aids and services, specifically, audio description devices which are designed to shut off automatically after a given time interval but cannot be re-set by a visually impaired user so as to render the device inaccessible;

h.      Failing to provide reasonable accommodations to visually impaired patrons using service animals by: (1) failing to provide reasonable designated areas within the theme parks for service animals to defecate and (2) charging visually impaired patrons using service animals a $20.00 fee for the use of kennel facilities and (3) locating the kennel facilities outside of the park; and (4) refusing to allow service animals to be tied to any locations within the park while the visually impaired owner is using park rides.

i.      Failing to provide reasonable accommodations to visually impaired patrons by simultaneously refusing to provide a Disney employee to assist a visually impaired patron and also requiring visually impaired patrons to pay full price for a ticket for an aide or attendant to serve the function of assisting the patron in navigating around the park.

j.      By maintaining a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments.

k.      Renting lockers for use to guests  which are inaccessible to persons with visual

7

1    impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no
2    attendant to assist the visually impaired and 3) provide only a printed receipt with the
3    combination to open the rented locker.
4    12.    WALT DISNEY PARKS & RESORTS WORLDWIDE, INC. ("WORLDWIDE") is a
5    California corporation which at all times herein mentioned:
6        a.    Maintained its principal place of business in the City of Burbank, County of Los
7              Angeles, State of California;
8        b.    Along with Defendants WDC and  PARKS, WORLDWIDE owns and operates
9              and/or is the lessor or lessee of the Walt Disney World Resort located in Orange and
10             Osceola Counties in Florida. The Walt Disney World Resort is comprised of theme
11             parks, hotels, restaurants, and shops, each of which are public accommodations.
12             WDC also owns and operates and/or is the lessor or lessee of the Disneyland
13             Resort/California Adventure in Anaheim, California.   The Disneyland Resort is
14             similarly comprised of theme parks, hotels, restaurants, and shops, each of which are
15             public accommodations
16       c.    Discriminated against the Plaintiff Classes by, *inter alia*:
17       d.    Maintaining a policy of refusing to allow costumed Disney characters to interact with
18             visually impaired patrons with service animals at its theme parks at Disney World in
19             Florida and Disney Land in California;
20       e.    Failing to provide Braille signage and/or large print within the aforementioned theme
21             parks so as to orient visually impaired patrons as to the location of rides, restaurants
22             and facilities;
23       f.    (1) Failing to provide schedules and menus in accessible alternative formats such as
24             Braille and/or large print; (2) Failing to provide Braille maps in a mobile format and
25             (3) Failing to provide Braille maps at a variety of locations within the theme parks;
26       g.    Providing  auxiliary aids and services, specifically, audio description devices which
27
28                                            8

1        are designed to shut off automatically after a given time interval but can not be re-set

2        by a visually impaired user so as to render the device inaccessible;

3    h.    Failing to provide reasonable accommodations to visually impaired patrons using

4        service animals by: (1) failing to provide reasonable designated areas within the

5        theme parks for service animals to defecate; (2) charging visually impaired patrons

6        using service animals a $20.00 fee for the use of kennel facilities and (3) locating the

7        kennel facilities outside of the park; and (4) refusing to allow service animals to be

8        tied to any locations within the park while the visually impaired owner is using park

9        rides.

10   i.    Failing to provide reasonable accommodations to visually impaired patrons by

11       simultaneously refusing to provide a Disney employee to assist a visually impaired

12       patron and also requiring visually impaired patrons to pay full price for a ticket for

13       an aide or attendant to serve the function of assisting the patron in navigating around

14       the park.

15   j.    By maintaining a policy at parades, such as the Main Street Electric Parade, that only

16       wheelchair users are allowed to use the area designated for handicapped guests and

17       not guests with other disabilities such as visual impairments.

18   k.    Renting lockers for use to guests  which are inaccessible to persons with visual

19       impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no

20       attendant to assist the visually impaired and 3) provide only a printed receipt with the

21       combination to open the rented locker.

22 13.   The true names and capacities, whether individual, corporate, partnership, associate or

23     otherwise of Defendants Does 1-100, inclusive, are unknown to the PLAINTIFFS who

24     therefore sue these DEFENDANTS by such fictitious names pursuant to California Code of

25     Civil Procedure Section 474. PLAINTIFFS will seek leave to amend this Complaint to

26     allege the true names and capacities of Does 1 through 100, inclusive, when they are

27

28

9

1   ascertained.

2   14.   PLAINTIFFS are informed and believe, and based upon that information and belief allege,

3   that each of the DEFENDANTS named in this Complaint, including Does 1 through 100,

4   inclusive, are responsible in some manner for one or more of the events and happenings that

5   proximately caused the injuries and damages hereinafter alleged.

6   15.   PLAINTIFFS are informed and believe, and based upon that information and belief allege,

7   that each of the DEFENDANTS named in this Complaint, including Does 1 through 100,

8   inclusive, acted in concert with respect to the acts and omissions alleged hereinafter and to

9   all appearances, DEFENDANTS and each of them, represented a united body so that the

10   actions of one DEFENDANT were accomplished in concert with, and with knowledge,

11   ratification, authorization and approval of each of the other DEFENDANTS.

12   16.   PLAINTIFFS are informed and believe, and based upon that information and belief allege,

13   that each of the DEFENDANTS named in this complaint, including Does 1 through 100,

14   inclusive, is and at all times mentioned herein was, the agent, servant and/or employee of

15   each of the other DEFENDANTS and that each DEFENDANT was acting within the course

16   and scope of his, her or its authority as the agent, servant and/or employee of each of the

17   other DEFENDANTS. Consequently, all of the DEFENDANTS are jointly and severally

18   liable to the Plaintiffs for the damages sustained as a proximate result of their conduct.

19   17.   At all times set forth herein, the acts and omissions of each Defendant caused, led and/or

20   contributed to the various acts and omissions of each and all of the other DEFENDANTS,

21   legally causing PLAINTIFFS' injuries and damages as set forth.

22   <u>**CLASS REPRESENTATION ALLEGATIONS**</u>

23   **Definition of the Alleged Class**

24   18.   This action consists of the following PLAINTIFF CLASSES who are residents of the United

25   States:

26   a.   **PLAINTIFF DISNEY CHARACTER CLASS:** All visually impaired individuals

27

28   10

1  considered to have a physical disability, as that term is defined in 42 U.S.C. §12102

2  and California Government Code Section 12926, who were customers of the theme

3  parks at Disneyland/California Adventure in California or Walt Disney World Resort

4  in Florida and were denied interaction and equal treatment by Disney employees

5  dressed as Disney characters.

6  b.  PLAINTIFF SIGNAGE CLASS: All visually impaired individuals considered to

7  have a physical disability, as that term is defined in 42 U.S.C. §12102 and California

8  Government Code Section 12926 who have not been provided signage, menus or

9  schedules in an alternative format, such as Braille and/or large print, at

10  Disneyland/California Adventure in California or Walt Disney World Resort in

11  Florida.

12  c.  PLAINTIFF MAP CLASS: All visually impaired individuals considered to have

13  a physical disability, as that term is defined in 42 U.S.C. §12102 and California

14  Government Code Section 12926 who have not been provided maps in an alternative

15  format, such as Braille and/or large print, at Disneyland/California Adventure in

16  California or Walt Disney World Resort in Florida.

17  d.  PLAINTIFF KENNEL CLASS: All visually impaired individuals considered to

18  have a physical disability, as that term is defined in 42 U.S.C. §12102 and California

19  Government Code Section 12926 who have either (1) paid a fee for the use of a

20  kennel for his/her service animal at Disneyland/California Adventure in California

21  or Walt Disney World Resort in Florida; or

22  (2) were deterred from visiting Disneyland/California Adventure in California or

23  Walt Disney World Resort in Florida on account of the kennel fee for his/her service

24  animal.

25  e.  PLAINTIFF AUDIO DESCRIPTION DEVICE CLASS: All visually impaired

26  individuals considered to have a physical disability, as that term is defined in 42

27

28

11

EXHIBIT A PAGE 15

1  U.S.C. §12102 and California Government Code Section 12926 who have used or

2  attempted to use an audio description device at Disneyland/California Adventure in

3  California or Walt Disney World Resort in Florida and been deprived of the full use

4  and enjoyment of the device.

5  f.  **PLAINTIFF COMPANION TICKET CLASS:** All visually impaired individuals

6  considered to have a physical disability, as that term is defined in 42 U.S.C. §12102

7  and California Government Code Section 12926 who have paid for an additional

8  ticket for a companion or aide to assist the visually impaired individual to utilize the

9  accommodations at Disneyland/California Adventure in California or Walt Disney

10  World Resort in Florida.

11  g.  **PLAINTIFF PARADE CLASS:** All visually impaired individuals considered to

12  have a physical disability, as that term is defined in 42 U.S.C. §12102 and California

13  Government Code Section 12926 who, have experienced discrimination due to

14  DEFENDANTS' policy of excluding persons with disabilities, other than wheelchair

15  users, from preferential locations to stand or sit during the parade at

16  Disneyland/California Adventure in California or Walt Disney World Resort in

17  Florida.

18  h.  **PLAINTIFF LOCKER CLASS:** All visually impaired individuals considered

19  to have a physical disability, as that term is defined in 42 U.S.C. §12102 and

20  California Government Code Section 12926 who have been unable to utilize a

21  locker at Disneyland/California Adventure in California or Walt Disney World

22  Resort in Florida.

**Maintenance of the Action**

23

24  19.  PLAINTIFFS bring this action individually and on behalf of themselves and as

25  representatives of all similarly situated persons, pursuant to California Code of Civil

26  Procedure Section 382, and the provisions of Rule 23 of the Federal Rules of Civil

27

28  12

Procedure.

## Class Action Requisites

20.    At all material times, PLAINTIFF SHIELDS was and is a member of all PLAINTIFF CLASSES described in paragraph 18. At all material times, PLAINTIFF BOGGS was and is a member of all PLAINTIFF CLASSES described in paragraph 18 except PLAINTIFF DISNEY CHARACTER CLASS.

21.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure Section 382, and the provisions of Rule 23 of the Federal Rules of Civil Procedure in that:

    a.    In 2008, the Social Security Administration estimated there were in excess of 6.3 million persons visually impaired and over the age of 18 in the United States. According to the Disney Vacation Tips website, the daily attendance at Disneyland in Anaheim is 4,000. Additionally, according to the Themed Entertainment Association/Economic Research Associates Attraction Attendance Report 2008, the Magic Kingdom/Disney World Resort in Florida had over 17 million visitors in 2008 while Disneyland/California Adventure had over 14 million visitors in 2008. While the number of visitors with visual impairments cannot be precisely calculated, it is reasonable to estimate that thousands of visitors were visually impaired among the 14 million who visited Disneyland in Anaheim in 2008. As such, the class of qualified individuals who are visually impaired and have visited either Disneyland/California Adventure in California and/or Walt Disney World Resort in Florida is so numerous that joinder of all members is impracticable.

    b.    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the PLAINTIFF CLASSES and will apply uniformly to each member of the PLAINTIFF CLASSES. There are questions of law and fact common to the class. The Unruh Civil Rights Act and California Public

13

1    Accommodations law requires that public accommodations, such as the ones

2    operated by DEFENDANTS, be accessible to persons with disabilities, which is a

3    question of law common to all members of the class. The failure of DEFENDANTS

4    to provide accommodations and remove policies that discriminate against persons

5    with disabilities presents a question of fact common to all members of the class.

6    Furthermore, the primary relief that the class is seeking is equitable in nature, in that

7    the class is asking for final injunctive relief asking that Defendants provide

8    accommodations and discontinue discriminating policies in their theme parks,

9    restaurants, hotels, and other facilities it operates. Furthermore, prosecutions of

10    separate actions would create the risk of inconsistent or varying adjudications with

11    respect to individual members of the class which would establish incompatible

12    standards of conduct for the DEFENDANTS.

13    c.    The claims of SHIELDS and BOGGS are typical of the claims of the class of persons

14    with disabilities that sustained and continue to sustain injuries arising out of the

15    DEFENDANTS' conduct or omissions in violation of state and federal law as

16    complained of herein. PLAINTIFFS, like all other members of the Class, claim that

17    DEFENDANTS have violated the ADA and California Statutes by discriminating

18    against persons with disabilities and excluding the PLAINTIFFS, and other similarly

19    situated persons, from full and equal enjoyment of the goods, services, programs,

20    facilities, privileges, advantages, or accommodations of DEFENDANTS theme

21    parks, restaurants, hotels, and other facilities it operates; and subjecting PLAINTIFFS

22    to discrimination by denying, segregated or excluding visually impaired guests from

23    enjoying their facilities and other goods, services, programs, privileges, advantages

24    or accommodations to the PLAINTIFFS, as well as other similarly situated persons.

25    d.    SHIELDS and BOGGS will fairly and adequately protect the interests of the Class,

26    and have retained counsel competent and experienced in class action litigation.

27

28

14

EXHIBIT A PAGE 18

1  PLAINTIFFS have no interests antagonistic to, or in conflict with, those of the Class.

2  Counsel for the Classes will vigorously assert the claims of all Class Members.

3  e.  Moreover, judicial economy will be served by the maintenance of this lawsuit as a

4  class action, in that it is likely to avoid the burden which would be otherwise placed

5  upon the judicial system by the filing of thousands of similar suits by disabled people

6  across the country.

7  f.  Class Action treatment of these claims will avoid the risk of inconsistent or varying

8  adjudications with respect to individual members of the PLAINTIFF CLASSES

9  which would establish incompatible standards of conduct for the parties opposing the

10  PLAINTIFF CLASSES.  There are no obstacles to effective and efficient

11  management of this lawsuit as a class action.

12  g.  The parties opposing the PLAINTIFF CLASSES have acted or refused to act on

13  grounds generally applicable to the PLAINTIFF CLASSES, thereby making

14  appropriate final injunctive relief or corresponding declaratory relief with respect to

15  the PLAINTIFF CLASSES as a whole; or

16  h.  Common questions of law and fact exist as to the members of the PLAINTIFF

17  CLASSES and predominate over any questions affecting only individual members,

18  and a Class Action is superior to other available methods for the fair and efficient

19  adjudication of the controversy, including consideration of:

20  i.  The interests of the members of the PLAINTIFF CLASSES in individually

21  controlling the prosecution or defense of separate actions;

22  ii.  The extent and nature of any litigation concerning the controversy already

23  commenced by or against members of the PLAINTIFF CLASSES;

24  iii.  The desirability or undesirability of concentrating the litigation of the claims

25  in the particular forum; and

26  iv.  The difficulties likely to be encountered in the management of a class action.

27

28

15

22. This Court should permit this action to be maintained as a Class Action pursuant to California Code of Civil Procedure Section 382 because:

    a.    The questions of law and fact common to the PLAINTIFF CLASSES predominate over any questions affecting only individual members;

    b.    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the PLAINTIFF CLASSES;

    c.    PLAINTIFFS and the other members of the PLAINTIFF CLASSES will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    d.    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the PLAINTIFF CLASSES; and,

    e.    There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS is sufficient to adequately compensate the members of the PLAINTIFF CLASSES for the injuries sustained.

23. PLAINTIFFS contemplate the eventual issuance of notice to the proposed Class Members of each of the PLAINTIFF CLASSES which would set forth the subject and nature of the instant action. The DEFENDANTS' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, PLAINTIFFS would contemplate the use of additional media and/or mass mailings.

24. Among the many questions of law and fact common to the class are:

    a.    Whether the DEFENDANTS and its entities maintained a policy of refusing to allow costumed Disney characters to interact with visually impaired patrons with service animals at DEFENDANTS theme parks and properties at the Walt Disney World

16

EXHIBIT A PAGE 20

1    Resort in Florida and Disneyland/California Adventure in California.

2    b.    Whether the DEFENDANTS and its entities failed to provide Braille signage and/or

3          large print within the theme parks so as to orient visually impaired patrons as to the

4          location of rides, restaurants and facilities;

5    c.    Whether the DEFENDANTS and its entities failed to provide schedules and menus

6          in accessible alternative formats such as Braille and/or large print;

7    d.    Whether the DEFENDANTS failed to provide Braille maps in a portable format;

8    e.    Whether DEFENDANTS failed to provide Braille maps at a reasonable number of

9          locations within the theme parks;

10   f.    Whether the audio description devices are reasonably accessible to the visually

11         impaired;

12   g.    Whether it was lawful for the DEFENDANTS to charge a $20 fee for the use of

13         kennel facilities at the park for service animals;

14   h.    Whether the DEFENDANTS were legally required to have designated areas within

15         the theme parks for service animals to defecate or to be tied up while visually

16         impaired owners used the rides;

17   i.    Whether DEFENDANTS are legally required to provide a free or discounted ticket

18         to the aid or companion of a visually impaired visitor to the theme parks as a

19         reasonable accommodation.

20   j.    Whether DEFENDANTS and its entities maintained a policy at parades, such as the

21         Main Street Electric Parade, that only wheelchair users are allowed to use the area

22         designated for handicapped guests and not guests with other disabilities such as

23         visual impairments.

24   k.    Whether it was lawful for DEFENDANTS and its entities to rent lockers for use to

25         guests   which are inaccessible to persons with visual impairments because the

26         lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the

27

28                                    17

1      visually impaired and 3) provide only a printed receipt with the combination to open

2      the rented locker.

3    l.    Whether DEFENDANTS violated California Civil Code §51 *et seq.* in failing to

4          provide full and equal access to disabled persons with visually impairments.

5    m.   Whether DEFENDANTS violated California Civil Code §54 *et seq.* in failing to

6          provide full and equal access to disabled persons with visual impairments.

7    n.    Whether DEFENDANTS violated the Americans with Disabilities Act in failing to

8          provide full and equal access to disabled persons with visual impairments.

9  25.    As to the issues raised in this case, a Class Action is superior to all other methods

10  for the fair and efficient adjudication of this controversy, since joinder of all class members is

11  impracticable.  Class members may be residents from anywhere in the country.  It is essential that

12  many legal and factual questions be adjudicated uniformly to all class members.  Further, as the

13  economic or other loss suffered by vast numbers of class members may be relatively small, the

14  expense and burden of individual actions make it difficult for the class members to individually

15  redress the wrongs they have suffered.

16  26.    Moreover, in the event disgorgement is ordered, a class action is the only mechanism that

17        will permit the employment of a fluid fund recovery to insure that equity is achieved.  There

18        will be relatively little difficulty in managing this case as a Class Action.

19  27.    The Class Action is superior to other available methods for a fair and efficient adjudication

20        of the claims presented by this complaint and would reduce the financial, administrative and

21        procedural burdens on the parties and on the Court which individual action would otherwise

22        impose.

23                 **THE AMERICANS WITH DISABILITIES ACT**

24                      **History & Purpose**

25  28.    In 1990, the United States Congress made findings regarding physically disabled persons,

26        finding that laws were needed to more fully protect "some 43 million Americans [with] one

27

28

1   or more physical or mental disabilities"; that "historically society has tended to isolate and

2   segregate individuals with disabilities"; and that "such forms of discrimination against

3   individuals with disabilities continue to be a serious and pervasive social problem"; that "the

4   Nation's proper goals regarding individuals with disabilities are to assure equality of

5   opportunity, full participation, independent living and economic self sufficiency for such

6   individuals"; and that "the continuing existence of unfair and unnecessary discrimination and

7   prejudice denies people with disabilities the opportunity to compete on an equal basis and

8   to pursue those opportunities for which our free society is justifiably famous...." 42 U.S.C.

9   §12101.

10   <u>**STATUTORY PROTECTION FOR DISABLED PERSONS**</u>

11   **Public Accommodations**

12   29.   Title III of the ADA establishes the general rule that: [n]o individual shall be discriminated

13        against on the basis of disability in the full equal enjoyment of the goods, services, facilities,

14        privileges, advantages or accommodations by any person who owns, leases, or operates a

15        place of public accommodation. 42 U.S.C. §12182 (a).

16   30.   The ADA goes on to define "discrimination" to include: a failure to make reasonable

17        modifications in policies, practices or procedures, when such modifications are necessary to

18        afford such goods, services, facilities, privileges, advantages, or accommodations to

19        individuals with disabilities, unless the entity can demonstrate that making such modification

20        would fundamentally alter the nature of such goods, services, facilities, privileges,

21        advantages or accommodations. 42 U.S.C. §12182 (b)(2)(A)(ii).

22   31.   The regulations promulgated by the United States Department of Justice provide:

23        a.   Denial of participation. A public accommodation shall not subject an individual or

24             class of individuals on the basis of a disability or disabilities of such individual or

25             class, directly, or through contractual, licensing, or other arrangements, to a denial

26             of the opportunity of the individual or class to participate in or benefit from the

27

28

EXHIBIT A PAGE 23

1  goods, services, facilities, privileges, advantages, or accommodations of a place of

2  public accommodation. 28 C.F.R. §36.202(a)

3  b.  Participation in unequal benefit. A public accommodation shall not afford an

4  individual or class of individuals, on the basis of a disability or disabilities of such

5  individual or class, directly, or through contractual, licensing, or other arrangements,

6  with the opportunity to participate in or benefit from a good, service, facility,

7  privilege, advantage, or accommodation that is not equal to that afforded to other

8  individuals. 28 C.F.R. §36.202(b).

9  c.  Separate benefit. A public accommodation shall not provide an individual or class

10  of individuals, on the basis of a disability or disabilities of such individual or class,

11  directly, or through contractual, licensing, or other arrangements with a good, service,

12  facility, privilege, advantage, or accommodation that is different or separate from that

13  provided to other individuals, unless such action is necessary to provide the

14  individual or class of individuals with a good, service, facility, privilege, advantage,

15  or accommodation, or other opportunity that is as effective as that provided to others.

16  28 C.F.R. §36.202(c).

17  32.  Service animals. Generally, a public accommodation shall modify policies, practices, or

18  procedures to permit the use of a service animal by an individual with a disability. 28 C.F.R.

19  §36.302(c).

20  33.  Additionally, 42 U.S.C.A.§12181 (6) defines private entity as "any entity other than a public

21  entity,." and §12181 (7) Public accommodation states, in part: the following private entities

22  are considered public accommodations for purposes of this sub-chapter, if the operations of

23  such entities affect commerce:

24  a.  a restaurant, bar, or other establishment serving food or drink;

25  b.  a motion picture house, theater, concert hall, stadium, or other place of exhibition

26  entertainment;

27

28

20

EXHIBIT A PAGE 24

1    c.    a park, zoo, amusement park, or other place of recreation;

2  34.   Further, 42 U.S.C.A. §12182 (Prohibition of discrimination by public accommodations)

3    states, in part, the following:

4    a.    General rule-No individual shall be discriminated against on the basis of disability

5          in the full and equal enjoyment of the goods, services, facilities, privileges,

6          advantages, or accommodations of any place of public accommodation by any person

7          who owns, leases (or leases to), or operates a place of public accommodation.

8       i.    Specific prohibitions (in part)-

9          (1)    Discrimination-For purposes of subsection (a) of this section,

10                discrimination includes:

11                (a)    a failure to make reasonable modifications in policies,

12                       practices, or procedures, when such modifications are

13                       necessary to afford such goods, services, facilities, privileges,

14                       advantages, or accommodations to individuals with

15                       disabilities, unless the entity can demonstrate that making

16                       such modifications would fundamentally alter the nature of

17                       such goods, services, facilities, privileges, advantages, or

18                       accommodations;

19                (b)    a failure to take such steps as may be necessary to ensure that

20                       no individual with a disability is excluded, denied services,

21                       segregated or otherwise treated differently than other

22                       individuals because of the absence of auxiliary aids and

23                       services, unless the entity can demonstrate that taking such

24                       steps would fundamentally alter the nature of the good,

25                       service, facility, privilege, advantage, or accommodation

26                       being offered or would result in an undue burden.

27

28                                    21

## THE UNRUH CIVIL RIGHTS ACT

35. §51 of the California Civil Code, "The Unruh Civil Rights" Act provides protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, ancestry, color, disability, national origin, race, religion, sex and sexual orientation.

36. Specifically, §51 (b) provides that all persons within the jurisdiction of this State are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

37. Further, §51.5 provides that: (a) No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of §51, or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers, because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics.

38. Additionally, §51 (f) provides that a violation of the right of any individual under the Americans with Disabilities Act shall also constitute a violation of this section.

## CALIFORNIA CIVIL CODE §§54 THROUGH 55.2

39. California Civil Code §54 (a) states that: Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

40. Further, California Civil Code §54.1 (a) (1) states: Individuals with disabilities shall be

22

EXHIBIT A PAGE 26

1 | entitled to full and equal access, as other members of the general public, to accommodations,

2 | advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices,

3 | and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses,

4 | streetcars, boats, or any other public conveyances or modes of transportation (whether

5 | private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities,

6 | adoption agencies, private schools, hotels, lodging places, places of public accommodation,

7 | amusement, or resort, and other places to which the general public is invited, subject only

8 | to the conditions and limitations established by law, or state or federal regulation, and

9 | applicable alike to all persons.

10 | 41. Additionally, §54.1 (a) (3) states that "Full and equal access," for purposes of this section in

11 | its application to transportation, means access that meets the standards of Titles II and III of

12 | the Americans with Disabilities Act of 1990 (Public Law 101-336) and federal regulations

13 | adopted pursuant thereto, except that, if the laws of this state prescribe higher standards, it

14 | shall mean access that meets those higher standards.

15 | 42. Further, §54.1 (d) states that a violation of the right of an individual under the Americans

16 | with Disabilities Act also constitutes a violation of this section, and nothing in this section

17 | shall be construed to limit the access of any person in violation of that act.

18 | 43. California Civil Code §54.2 states: (a) Every individual with a disability has the right to be

19 | accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose,

20 | in any of the places specified in Section 54.1 without being required to pay an extra charge

21 | or security deposit for the guide dog, signal dog, or service dog. However, the individual

22 | shall be liable for any damage done to the premises or facilities by his or her dog.

23 | 44. Finally, California Civil Code §54.4 states: A blind or otherwise visually impaired pedestrian

24 | shall have all of the rights and privileges conferred by law upon other persons in any of the

25 | places, accommodations, or conveyances specified in Sections 54 and 54.1, notwithstanding

26 | the fact that the person is not carrying a predominantly white cane (with or without a red tip),

27 |

28 |

23

EXHIBIT A PAGE 27

1   or using a guide dog.

2   <u>**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**</u>

3   45.   The DEFENDANTS collectively operate theme parks in California and Florida which have

4         millions of visitors annually.

5   46.   PLAINTIFFS are visually impaired individuals who each own yearly passes to Disneyland

6         in Anaheim.  Plaintiff SHIELDS has also visited the Walt Disney World Resort in Florida.

7         Both PLAINTIFFS utilize guide dogs to assist them on a daily basis.

8   47.   DEFENDANTS theme parks are public accommodations and  PLAINTIFFS visit these

9         facilities with the expectation of being treated with the rights and dignities guaranteed them

10        by California law.  Due to their visual impairments and physical disabilities, however,

11        PLAINTIFFS have suffered consistent discrimination at the hands of DEFENDANTS and

12        its affiliated companies and employees.

13  48.   As a member of the Disney Character Class, PLAINTIFF SHIELDS was subjected to public

14        humiliation and discrimination in being ignored at the restaurant, when an essential element

15        of the dining experience was the interaction with the costumed Disney Character.  Two of

16        these characters articulated the restaurant policy of not interacting with patrons using service

17        animals.  Whether this policy is driven by malice, ignorance or simply fear, it is a violation

18        of California and federal law.

19  49.   As members of the Kennel Class, both PLAINTIFFS have been denied reasonable

20        accommodations for their service animals because in order to use the kennel at all they must

21        pay a $20.00 fee.  Furthermore, the kennel is located outside of the theme parks so as to be

22        extremely inconvenient when using the rides.  Moreover, the policy of requiring that the

23        animal be with someone at all times means that a visually impaired visitor has no where to

24        leave the service animal while using certain rides.  Universal Studios, a competing theme

25        park, however, do not have such obstructions at its respective theme parks. Finally, there are

26        no designated areas for the animal to relieve itself.

27

28                                          24

50.   As members of the Signage Class, both PLAINTIFFS have been discriminated against due to the lack of Braille signage, in addition to a lack of alternate communications for the visually impaired such as Braille and/or large print with respect to schedules and menus.

51.   As members of the Audio Description Device Class, both PLAINTIFFS have been deterred from fully utilizing this otherwise helpful technology due to a design defect. Once the device shuts off automatically, a visually impaired user cannot re-set the device and must return to the guest services department to have it re-set.

52.   As members of the Map Class, PLAINTIFFS have experienced discrimination based on the fact that only one permanent Braille map is available at the theme parks in one location at Guest Relations.  No portable Braille maps are available.

53.   As members of the Companion Ticket Class, PLAINTIFFS have experienced discrimination due to DEFENDANTS' failure to provide the necessary accommodations for a visually impaired individual to be oriented in the theme parks.   The lack of reasonable accommodations, in combination with the DEFENDANTS' policy of not providing an employee to assist a visually impaired person, forces a visually impaired person to bring and pay full price for a companion to fully utilize the park facilities. Universal Studios, a competing theme park, however, allows the visually impaired guest in at no cost and requires the companion to pay pull price.

54.   As to members of the Parade Class, PLAINTIFFS have experienced discrimination due to DEFENDANTS maintaining a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments.

55.   As to members of the Locker Class, PLAINTIFF have experienced discrimination by DEFENDANTS renting lockers for use to guests which are inaccessible to persons with visual impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the visually impaired and 3) provide only a printed receipt with the

25

1    combination to open the rented locker.

## FIRST CAUSE OF ACTION

### For a Violation of the Americans with Disabilities Act

### 42 U.S.C. §12131, et. seq.

### (by All Plaintiffs and Against All Defendants)

6    56.   The PLAINTIFF CLASSES re-allege and incorporate by reference, as though fully set forth

7          herein, paragraphs 1 through 55 of this Complaint.

8    57.   DEFENDANTS have discriminated against PLAINTIFFS by denying them full and equal

9          access to the benefits, privileges and public accommodations afforded to other patrons solely

10         on account of disability.  In addition, the DEFENDANTS have violated the ADA by failing

11         or refusing to provide PLAINTIFFS with reasonable accommodations and other services

12         related to their disability.

13   58.   PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS and their

14         employees and agents have failed and continue to:

15         a.   Provide necessary accommodations, modifications and services to provide equal

16              access to the facilities within its theme parks in Florida and California so as to allow

17              the visually impaired to participate on an equal basis in activities, rides, restaurants

18              and programs;

19         b.   Provide the necessary training and discipline to its employees as to the legal

20              obligation of a public accommodation to provide full and equal service to persons

21              with disabilities under the ADA and other relevant state statutes, including California

22              Civil Code 51 *et seq.* and Civil Code Section 54 *et seq.*

23   59.   PLAINTIFFS have been subjected to the denial, separate and unequal opportunity to

24         participate in the DEFENDANTS services, facilities, privileges, advantages, or

25         accommodations as a result of the DEFENDANTS discriminatory policy of not allowing

26         characters to interact with visually impaired persons who have their service animal with

28                                              26

                              EXHIBIT A PAGE 30

1      them.

2   60.   As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered and

3         continue to suffer from the lack of character interaction due to DEFENDANTS' failure to

4         address the services, facilities, privileges, advantages or accommodations that should be

5         given to persons similarly situated as SHIELDS and BOGGS.

6   61.   Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing,

7         declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of

8         DEFENDANTS' actions PLAINTIFFS are suffering irreparable harm, and thus immediate

9         relief is appropriate. PLAINTIFFS are entitled to reasonable attorneys' fees and costs in

10        filing this action. 42 U.S.C.A. § 12205, as prayed below.

11                          **SECOND CAUSE OF ACTION**

12                  **For a Violation of the Unruh Civil Rights Act**

13                  **California Civil Code §51 and 52 et seq.**

14                  **(by All Plaintiffs and Against All Defendants)**

15  62.   The PLAINTIFF CLASSES re-allege and incorporate by reference, as though fully set forth

16        herein, paragraphs 1 through 55 of this Complaint.

17  63.   This claim is brought by the PLAINTIFF CLASSES, on behalf of themselves and on behalf

18        of the PLAINTIFF CLASSES thereof.

19  64.   §51 of the California Civil Code, "The Unruh Civil Rights" Act provides protection from

20        discrimination by all business establishments in California, including housing and public

21        accommodations, because of age, ancestry, color, disability, national origin, race, religion,

22        sex and sexual orientation.

23  65.   §52 of the California Civil Code provides that whoever denies, aids or incites a denial, or

24        makes any discrimination or distinction contrary to §51 is liable for each and every offense.

25  66.   Through the acts and omissions described herein, DEFENDANTS have violated California

26        Civil Code §51.

27

28                                  27

                          EXHIBIT A PAGE 31

67.   Pursuant to California Civil Code §51 (f), a violation of the ADA also constitutes a violation of California Civil Code §51 et seq.

68.   The DEFENDANTS are a "business establishment" within the meaning of the California Code §51 et seq.

69.   DEFENDANTS have violated the law by denying PLAINTIFFS full and equal access to its program comparable to access that it offers to others.

70.   As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered, and continue to suffer hardship and anxiety due to DEFENDANTS' failures to address accommodations and access required for PLAINTIFFS' disabilities.

71.   Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing, declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of DEFENDANTS' actions PLAINTIFFS are suffering irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are entitled to reasonable attorneys' fees and costs in filing this action. California Civil Code §52, as prayed below.

### THIRD CAUSE OF ACTION

### For a Violation of the California Public Accommodations Law

### California Civil Code §54 et. seq.

### (by All Plaintiffs and Against All Defendants)

72.   The PLAINTIFF CLASSES re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 55 of this Complaint.

73.   The DEFENDANTS operate theme parks which are public accommodations open to the public in California and Florida.

74.   Through the acts and omissions described herein above, DEFENDANTS are violating California Civil Code §54.

75.   Under California Civil Code §54 (c), a violation of the ADA also constitutes a violation of California Civil Code §54 et seq.

28

EXHIBIT A PAGE 32

76. PLAINTIFFS are persons with disabilities within the meaning of the California Civil Code §54 (b)(1) and California Government Code § 12926.

77. The DEFENDANTS provide public services within the meaning of the California Civil Code §54 et seq.

78. By failing to provide accommodations and services to visually impaired guests, as set forth at length elsewhere in this Complaint, DEFENDANTS are violating California Civil Code §54, by denying visually impaired guests full access to DEFENDANTS' programs, services, and activities.

79. As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered, and continue to suffer hardship and anxiety as well as deteriorating physical conditions, due to DEFENDANTS' failures to address accommodations and services required for PLAINTIFFS' disabilities.

80. Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing, declaratory and injunctive relief are appropriate remedies. Moreover, as a result of DEFENDANTS' actions, PLAINTIFFS are suffering irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are also entitled to reasonable attorneys' fees and costs in filing this action. California Civil Code §55.

81. DEFENDANTS and each of them are charged by law and public policy as well as their own code of business responsibility to refrain from discriminating against the PLAINTIFF CLASSES on account of their physical disability. As a result of the actions and conduct described herein, the PLAINTIFF CLASSES have no adequate remedy at law to redress their grievances and recover their damages.

**PRAYER FOR RELIEF**

The PLAINTIFF CLASSES pray as follows:

1. For an injunction ordering DEFENDANTS and each of them to comply with the statutes set forth herein;

29

EXHIBIT A PAGE 33

2.  Additionally, the PLAINTIFF CLASSES request the following equitable, injunctive and declaratory relief:

a.  That a judicial determination and declaration be made of the rights of the PLAINTIFF CLASSES, and of the Court approved remedial measures that DEFENDANTS and each of them must take to prevent discrimination of the visually impaired by all employees of DEFENDANTS respectively;

b.  That DEFENDANTS and each of them be forever enjoined from continuing to engage in the practices described in this Complaint and from any practices that deviate from any orders of this Court;

c.  That this Court mandate that DEFENDANTS and each of them, provide Braille signage within its theme parks in Florida and California;

d.  That this Court mandate that DEFENDANTS and each of them, provide permanent Braille maps at multiple locations and portable maps in alternative formats such as Braille and/or large print within Disney theme parks in Florida and California

e.  That this Court mandate that DEFENDANTS and each of them, provide menus and schedules in alternative formats such as Braille and/or large print within Disney theme parks in Florida and California;

f.  That this Court mandate that each DEFENDANT provide reasonable accommodations for service animals, including designated places to defecate within Disney theme parks in Florida and California, and places where the service animal can be tied within the park while visually impaired persons use rides.

g.  That this Court mandate that DEFENDANTS and each of them provide a free or reduced fare admission ticket to one person accompanying a paid visually impaired ticket holder to act as a guide within Disney theme parks in Florida

30

1   and California;

2   h.   That this Court mandate that DEFENDANTS are enjoined from maintaining

3        a policy at parades, such as the Main Street Electric Parade, that only

4        wheelchair users are allowed to use the area designated for handicapped

5        guests and not guests with other disabilities such as visual impairments.

6   i.   That this Court mandate that DEFENDANTS provide reasonable

7        accommodations for visually impaired guests when renting lockers.

8   j.   That this Court make a determination as to the legality of the fees Defendants

9        charge visually impaired visitors at Disney theme parks in Florida and

10       California for accommodations and auxiliary aids and services including:

11       kennels.

12   3.   For reasonable attorneys' fees as may be determined by the Court for all causes of

13        action.

14   4.   For costs of suit; and

15   5.   For such other and further relief as the Court may deem just and proper

16

17

18   Date: May 19, 2010              EUGENE FELDMAN ATTORNEY AT LAW, APC

19

20                          By:   Eugene Feldman

21                                Eugene Feldman
                                  Attorney for Plaintiffs

22

23

24

25

26

27

28                                      31

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| EUGENE FELDMAN, ESQ.    SBN: 118497 | |

EUGENE FELDMAN, ESQ.    SBN: 118497
Eugene Feldman Attorney at Law, APC    e-mail: genefeldman@mindspring.c
555 Pier Avenue, Suite 4, Hermosa Beach, CA 90254
TELEPHONE NO: 310 372-4636    FAX NO: 310 376-3531
ATTORNEY FOR (Name): Cari Shields and Amber Boggs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 2 1 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
EUGENIA LOPEZ

CASE NAME: CARI SHIELDS and AMBER BOGGS vs. WALT DISNEY PARKS &
RESORTS US, INC., a Florida corporation, WALT DISNEY PARKS & RESORTS WOR

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **BC438241** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [X] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[ ] monetary    b.[X] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action (specify):
5. This case [X] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 12, 2010

EUGENE FELDMAN, ESQ.
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | ProDoc® | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT A PAGE 36

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
　Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
　Uninsured Motorist (46) *(if the
　　case involves an uninsured
　　motorist claim subject to
　　arbitration, check this item
　　instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
　Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
　Product Liability *(not asbestos or
　　toxic/environmental)* (24)
　Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
　Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
　Business Tort/Unfair Business
　　Practice (07)
　Civil Rights (e.g., discrimination,
　　false arrest) *(not civil
　　harassment)* (08)
　Defamation (e.g., slander, libel)
　　(13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)

**Employment**
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
　Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract *(not unlawful detainer
　　　　or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
　Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　Case
　Insurance Coverage *(not provisionally
　　complex)* (18)
　　Auto Subrogation
　　Other Coverage
　Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute

**Real Property**
　Eminent Domain/Inverse
　　Condemnation (14)
　Wrongful Eviction (33)
　Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent
　　　domain, landlord/tenant, or
　　　foreclosure)*

**Unlawful Detainer**
　Commercial (31)
　Residential (32)
　Drugs (38) *(if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential)*

**Judicial Review**
　Asset Forfeiture (05)
　Petition Re: Arbitration Award (11)
　Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case
　　　Review
　Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
　Antitrust/Trade Regulation (03)
　Construction Defect (10)
　Claims Involving Mass Tort (40)
　Securities Litigation (28)
　Environmental/Toxic Tort (30)
　Insurance Coverage Claims
　　*(arising from provisionally complex
　　case type listed above)* (41)

**Enforcement of Judgment**
　Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　County)
　　Confession of Judgment *(non-
　　　domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　Case

**Miscellaneous Civil Complaint**
　RICO (27)
　Other Complaint *(not specified
　　above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-
　　　harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
　Partnership and Corporate
　　Governance (21)
　Other Petition *(not specified
　　above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late
　　　Claim
　　Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT A PAGE 37

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Shields v. Walt Disney Parks & Resorts, Inc. et. al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ☐ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

EXHIBIT A PAGE 38

| SHORT TITLE: Shields v. Walt Disney Parks & Resorts, Inc. et. al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM AND          ON**

EXHIBIT A PAGE 39

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Shields v. Walt Disney Parks & Resorts, Inc. et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Shields v. Walt Disney Parks & Resorts, Inc. et. al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 N. Hill St. |
|---|---|
| CITY:<br>Los Angeles    STATE:<br>CA    ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 14, 2010</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT A PAGE 41

**PROOF OF SERVICE BY MAIL/FAX/FEDERAL EXPRESS**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On August 4, 2010, I served the foregoing document, described as **NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1331, 1441(b) AND 1446 BY DEFENDANTS**, on each interested party in this action, as follows:

| Persons Served | Parties Represented |
|---|---|
| Eugene Feldman, Esq.<br>EUGENE FELDMAN ATTORNEY AT LAW, APC<br>555 Pier Avenue, Suite 4<br>Hermosa Beach, California 90254 | Plaintiffs Cari Shields and Amber Boggs |
| A. Anderson B. Dogali, Esq.<br>Brian A. Hohman, Esq.<br>FORIZS & DOGALI, P.A.<br>4301 Anchor Plaza Parkway, Suite 300<br>Tampa, Florida 33634 | Plaintiffs Cari Shields and Amber Boggs |

☒    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at EISENBERG RAIZMAN THURSTON & WONG LLP in Los Angeles, California. I am readily familiar with EISENBERG RAIZMAN THURSTON & WONG LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒    (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2010, at Los Angeles, California.

*Mary Avila*
Mary Avila

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 5810 DMG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CARI SHIELDS and AMBER BOGGS, on behalf of themselves and all others similarly situated

**DEFENDANTS**
WALT DISNEY PARKS AND RESORTS U.S., INC., WALT DISNEY PARKS & RESORTS WORLDWIDE, THE WALT DISNEY COMPANY, DOES 1 through 100, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Eugene Feldman Attorney at Law, APC, Eugene Feldman, Esq.
555 Pier Avenue, Suite 4, Hermosa Beach, CA 90254
Telephone: (310) 372-4636

Attorneys (If Known)
Eisenberg Raizman Thurston & Wong LLP
David H. Raizman, Esq. and Elena S. Min, Esq.
10880 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90024
Telephone: (310) 445-4400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs allege discriminatory practices in public accommodations in violation of the Americans with Disabilities Act (42 U.S.C. sec 12101, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____   CV10 5810

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
     ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Amber Boggs:  Los Angeles<br>Cari Shields:  Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
     ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Walt Disney Parks and Resorts U.S., Inc.:  Orange<br>Walt Disney Parks and Resorts Worldwide:  Los Angeles<br>The Walt Disney Company:  Los Angeles | Walt Disney Parks and Resorts U.S., Inc.:  Florida<br>The Walt Disney Company:  Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Florida |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Elena Min_      Date August 4, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |