1   Eugene Feldman, Esq. SBN 118497
    genefeldman@mindspring.com
2   EUGENE FELDMAN ATTORNEY AT LAW, APC
    555 Pier Avenue, Ste. 4
3   Hermosa Beach, California 90254
    Tel:   310-372-4636
4   Fax:   310-376-3531

5   A. Anderson B. Dogali, Esq.,
    adogali@forizs-dogali.com
6   *Pro Hac Vice*
    Brian A. Hohman, Esq.,
7   bhohman@forizs-dogali.com
    *Pro Hac Vice*
8   FORIZS & DOGALI, P.A.
    4301 Anchor Plaza Parkway, Suite 300
9   Tampa, Florida 33634
    Tel:   813-289-0700
10  Fax:   813-289-9435

11  Attorneys for Plaintiffs and Class Plaintiffs

12              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
13                    WESTERN DIVISION

14  CARI SHIELDS, AMBER BOGGS         )   Case No. 2010-cv-05810 DMG (JEm)
    and TERESA STOCKTON, on           )
15  behalf of themselves and all others )   Class Action
16  similarly situated,               )
                                      )   FIRST AMENDED
17                                    )   COMPLAINT FOR
            Plaintiffs,               )   DECLARATORY AND
18                                    )   INJUNCTIVE RELIEF FOR
                                      )   VIOLATIONS OF:
19  v.                                )
                                      )   1.   THE AMERICANS WITH
20                                    )        DISABILITIES ACT (42
                                      )        U.S.C. §12131, *et seq.*)
21  WALT DISNEY PARKS AND             )
    RESORTS US, INC., and DISNEY      )   2.   THE UNRUH ACT (Cal.
22  ONLINE, INC., DOES 1-10,          )        Civil Code §51, *et seq.*)
    INCLUSIVE,                        )
23                                    )   3.   THE CDPA (Cal. Civil
                                      )        Code §54.1, *et seq.*)
24          Defendants.               )

25

26

27

28                          1

## FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON, on their own behalf and on behalf of all others similarly situated (Collectively known as "PLAINTIFFS"), and sue the Defendants, WALT DISNEY PARKS AND RESORTS US, INC. and DISNEY ONLINE, INC. (Collectively known as "DEFENDANTS") and allege:

### INTRODUCTION

1.   This action arises out of discriminatory practices by DEFENDANTS violating California statutes and common law, as well as federal law designed to protect individuals with a disability.

2.   These practices include, *inter alia*, the denial of access to places of public accommodation and the discriminatory treatment given to individuals because of their physical disabilities.

3.   As a result of these practices, the PLAINTIFF CLASSES were not able to benefit from the full use and enjoyment of DEFENDANTS' theme parks, hotels, restaurants and website and were discriminated against on account of physical disability, i.e. visual impairment.

### .JURISDICTION AND VENUE

4.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (2009), as one of the causes of action arises under federal law. Supplemental jurisdiction over the state law causes of action is proper in this Court pursuant to 28 U.S.C. §1367 (2009), and Rule 23 of the Federal Rules of Civil Procedure.

5.   Venue for this action is proper in this Court pursuant to 28 U.S.C. §1391(2009) because DEFENDANTS maintain corporate managerial  business offices within the County of Los Angeles.

6.   PLAINTIFFS CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON bring this action on their own behalf and on behalf of all persons within the PLAINTIFF CLASSES defined herein.

7.   This action is brought by the PLAINTIFFS to enforce Title III of the Americans with Disabilities Act "ADA", 42 U.S.C. §12131, *et seq.*, the Unruh Civil Rights Act, California Civil Code §51, *et seq.*, and the California Disabled Persons Act, California Civil Code §54 *et seq.* (CDPA).

**PARTIES**

**PLAINTIFFS**

8.   PLAINTIFF AMBER BOGGS is an individual who, at all relevant times:

    a.   Was a resident of the County of Los Angeles, State of California;

    b.   Had a physical disability that affects her neurological and/or special sense organs and substantially limits major life activities, namely visual impairment;

    c.   Was a person with a disability as that term is defined in 42 U.S.C. §12102 and the California Government Code Section 12926;

    d.   Owns year-long passes to Disneyland and has regularly patronized the theme park facilities, restaurants, shops and websites operated by DEFENDANTS within the last two years;

    e.   Has visited Disneyland with her service animal;

    f.   Suffered discrimination by the DEFENDANTS;

    g.   Was a member of all PLAINTIFF CLASSES alleged in paragraph 18 except PLAINTIFF DISNEY CHARACTER CLASS;

    h.   Intends to visit DEFENDANTS' theme parks, restaurants, and shops in California and/or Florida in the future as well as their websites.

9.   PLAINTIFF CARI SHIELDS is an individual who, at all relevant times:

3

a.    Was a resident of the County of Riverside, State of California;

b.    Had a physical disability that affects her neurological and/or special sense organs and substantially limits major life activities, namely visual impairment;

c.    Was a person with a disability as that term is defined in 42 U.S.C. §12102 and the California Government Code §12926;

d.    Owns year-long passes to Disneyland and has regularly patronized the theme park restaurants, shops and websites operated by DEFENDANTS in both Florida and California within the last two years;

e.    Has visited Disneyland in California and the Walt Disney World Resort in Florida with her service animal including on or about November 1, 2009. Ms. Shields reserved seating for 6:45 p.m. for the Character Dining at the Crystal Palace with "Winnie Pooh and Friends" at the Walt Disney World Resort in Orlando, Florida.

f.    Was denied interaction with costumed Disney characters as part of her dining experience. Upon complaining to management and staff she was told by two cast members that it is Disney policy that characters are not allowed to interact with guests with service animals. She then went to guest services in the Magic Kingdom where she was told by two more cast members that it is DEFENDANTS' policy that characters are not allowed to interact with guests with service animals.

g.    Suffered discrimination by the DEFENDANTS.

h.    Was a member of all PLAINTIFF CLASSES alleged in paragraph 18;

i.    Intends to visit DEFENDANTS theme parks, hotels, restaurants, and shops in California and/or Florida in the future as well as their website.

10.   PLAINTIFF TERESA STOCKTON is an individual who, at all relevant times:

4

a.   Was a resident of the County of Los Angeles, State of California;

b.   Had a physical disability that affects her neurological and/or special sense organs and substantially limits major life activities, namely visual impairment;

c.   Was a person with a disability as that term is defined in 42 U.S.C. §12102 and the California Government Code Section 12926;

d.   Owned year long passes to the Walt Disney World Resort and has regularly patronized the theme park, hotels, restaurants, shops and websites operated by DEFENDANTS within the last two years;

e.   Has visited the Walt Disney World Resort with her service animal;

f.   Suffered discrimination by the DEFENDANTS;

g.   Was a member of all PLAINTIFF CLASSES;

h.   Intends to visit DEFENDANTS' theme parks, hotels, restaurants, and shops in California and/or Florida in the future as well as their websites.

**DEFENDANTS**

11.   DEFENDANT WALT DISNEY PARKS AND RESORTS, U.S. INC. ("PARKS") is a Florida corporation which at all times herein mentioned:

a.   Maintained its principal place of business in Orange County, Florida and is authorized to conduct business in the State of California and is conducting business in Los Angeles County in the City of Burbank.

b.   Owns and operates and/or is the lessor or lessee of the Walt Disney World Resort located in Orange and Osceola Counties in Florida. The Walt Disney World Resort is comprised of theme parks, hotels, restaurants, and shops, each of which are public accommodations. PARKS also owns and operates and/or is the lessor or lessee of the Disneyland/California Adventure in Anaheim, Orange County,

5

California. The Disneyland/California Adventure is similarly comprised of theme parks, hotels, restaurants, and shops, each of which are public accommodations.

c.   Discriminated against the PLAINTIFF CLASSES by, *inter alia*:

1.   Maintaining a policy of refusing to allow costumed Disney characters to interact with visually impaired patrons with service animals at the theme parks, hotels, restaurants, and shops at the Walt Disney World Resort in Florida and Disneyland/California Adventure in California;

2.   Failing to provide Braille signage and/or large print within the aforementioned theme parks, hotels, restaurants, and shops, so as to orient visually impaired patrons as to the location of rides, restaurants and facilities;

3.   Failing to provide schedules and menus in accessible alternative formats such as Braille and/or large print;

4.   Failure to read in full, the menus upon request by visually impaired patrons;

5.   Failing to provide Braille maps in a mobile format;

6.   Failing to provide Braille maps in a reasonable number of locations within the theme parks, hotels, restaurants, and shops;

7.   Providing auxiliary aids and services, specifically, audio description devices which are designed to shut off automatically after a given time interval but cannot be re-set by a visually impaired user so as to render the device inaccessible;

8.   Failing to provide reasonable accommodations to visually impaired patrons using service animals by:

6

(a) failing to provide reasonable designated areas within the theme parks, hotels, restaurants, and shops for service animals to defecate;

(b) charging visually impaired patrons using service animals a $20.00 fee for the use of kennel facilities;

(c) locating the kennel facilities outside of the theme parks; and

(d) refusing to allow service animals to be tied to any locations within the theme parks while the visually impaired owner is using park rides;

9.    Failing to provide reasonable accommodations to visually impaired patrons by simultaneously refusing to provide a Disney employee to assist a visually impaired patron and also requiring visually impaired patrons to pay full price for a ticket for an aide or attendant to serve the function of assisting the patron in navigating around the theme parks;

10.    Maintaining a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments;

11.    Renting lockers to park visitors which are inaccessible to persons with visual impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the visually impaired and 3) provide only a printed receipt with the combination to open the rented locker;

12.    Maintaining one or more websites including www.disney.go.com

7

that are not fully accessible for persons with visual impairments utilizing screen reader software which prevents visually impaired patrons from enjoying equal access to the DEFENDANTS' theme parks, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites;

13.   Violating the following provisions of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") at the Disneyland parking structure and parking lot: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5; all so as to violate the Americans with Disabilities Act and Title 24 of the California Code of Regulations.

12.   Defendant DISNEY ONLINE, INC. ("DISNEY ONLINE") is a California corporation which at all times:

a.   Maintained its principal place of business in Orange County, Florida and is authorized to conduct business in the State of California and is conducting business in Los Angeles County in the City of Burbank.

b.   DISNEY ONLINE, INC., in concert with and owned by DEFENDANTS, operates the websites for DEFENDANTS as part of the DEFENDANTS business plan to sells goods, services, and tickets and reservations to its theme parks, hotels, restaurants and shops through its websites.

c.   Discriminated against the PLAINTIFF CLASS by, *inter alia*:

1.   Maintaining one or more websites including www.disney.go.com that are not fully accessible for persons with visual impairments utilizing screen reader software which prevents PLAINTIFF

8

CLASS from enjoying equal access to the DEFENDANTS' theme parks, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites.

13.   The true names and capacities, whether individual, corporate, partnership, associate or otherwise of DEFENDANTS Does 1-10, inclusive, are unknown to the PLAINTIFFS who therefore sue these DEFENDANTS by such fictitious names pursuant to California Code of Civil Procedure Section 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when they are ascertained.

14.   PLAINTIFFS are informed and believe, and based upon that information and belief allege, that each of the DEFENDANTS named in this Complaint, including Does 1 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

15.   PLAINTIFFS are informed and believe, and based upon that information and belief allege, that each of the DEFENDANTS named in this Complaint, including Does 1 through 10, inclusive, acted in concert with respect to the acts and omissions alleged hereinafter and to all appearances, DEFENDANTS and each of them represented a united body so that the actions of one DEFENDANT were accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other DEFENDANTS.

16.   PLAINTIFFS are informed and believe, and based upon that information and belief allege, that each of the DEFENDANTS named in this complaint, including Does 1 through 10, inclusive, is and at all times mentioned herein was, the agent, servant and/or employee of each of the other DEFENDANTS

9

1    and that each DEFENDANT was acting within the course and scope of his, her

2    or its authority as the agent, servant and/or employee of each of the other

3    DEFENDANTS. Consequently, all of the DEFENDANTS are jointly and

4    severally liable to the PLAINTIFFS for the damages sustained as a proximate

5    result of their conduct.

6  17.  At all times set forth herein, the acts and omissions of each DEFENDANT

7    caused, led and/or contributed to the various acts and omissions of each and all

8    of the other DEFENDANTS, legally causing PLAINTIFFS' injuries and

9    damages as set forth.

10                    **CLASS REPRESENTATION ALLEGATIONS**

11                      **Definition of the Alleged Class**

12  18.  This action consists of the following PLAINTIFF CLASSES who are residents

13    of the United States:

14    a.    **PLAINTIFF DISNEY CHARACTER CLASS**: All visually impaired

15         individuals considered to have a physical disability, as that term is

16         defined in 42 U.S.C. §12102 and California Government Code Section

17         12926, who were customers of the theme parks, hotels, restaurants, and

18         shops at Disneyland/California Adventure in California or the Walt

19         Disney World Resort in Florida and were denied interaction and equal

20         treatment by Disney employees dressed as Disney characters.

21    b.    **PLAINTIFF SIGNAGE CLASS**: All visually impaired individuals

22         considered to have a physical disability, as that term is defined in 42

23         U.S.C. §12102  and California Government Code Section 12926 who

24         have not been provided signage, menus or schedules in an alternative

25         format, such as Braille and/or large print and were not read, in full, the

26         menus,  at  the  theme  parks,  hotels,  restaurants,  and  shops  in

27

28                                    10

Disneyland/California Adventure in California or the Walt Disney World Resort in Florida.

c.   **PLAINTIFF MAP CLASS**:   All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who have not been provided maps in an alternative format, such as Braille and/or large print, at the theme parks, hotels, restaurants, and shops in Disneyland/California Adventure in California or the Walt Disney World Resort in Florida.

d.   **PLAINTIFF KENNEL CLASS**:  All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who have either (1) paid a fee for the use of a kennel for his/her service animal at Disneyland/California Adventure in California or the Walt Disney World Resort in Florida; (2) been deterred from visiting Disneyland/California Adventure in California or the Walt Disney World Resort in Florida on account of the kennel fee for his/her service animal; (3) been deterred from visiting. Disneyland/California Adventure in California or the Walt Disney World Resort in Florida and its theme parks, hotels, restaurants, and shops on account of there being no reasonable designated areas for service animals to defecate; or (4) been deterred from visiting. Disneyland/California Adventure in California or the Walt Disney World Resort in Florida and its theme parks by refusing to allow service animals to be tied to any locations within the theme parks while the visually impaired owner is using park rides.

11

e.  **PLAINTIFF AUDIO DESCRIPTION DEVICE CLASS**: All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who have used or attempted to use an audio description device at Disneyland/California Adventure in California or the Walt Disney World Resort in Florida and been deprived of the full use and enjoyment of the device.

f.  **PLAINTIFF COMPANION TICKET CLASS**: All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who have paid for an additional ticket for a companion or aide to assist the visually impaired individual to utilize the accommodations at Disneyland/California Adventure in California or the Walt Disney World Resort in Florida.

g.  **PLAINTIFF PARADE CLASS**: All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who, have experienced discrimination due to DEFENDANTS' policy of excluding persons with disabilities, other than wheelchair users, from preferential locations to stand or sit during the parade at Disneyland/California Adventure in California or the Walt Disney World Resort in Florida.

h.  **PLAINTIFF LOCKER CLASS:** All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who have been unable to utilize a locker at Disneyland/California Adventure

in California or the Walt Disney World Resort in Florida.

i.   **PLAINTIFF WEBSITE CLASS**: All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926 who have been unable to access one or more of the websites maintained by DEFENDANTS such as www.disney.go.com and were denied equal access to DEFENDANTS' theme parks, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites.

j.   **PLAINTIFF PARKING CLASS**: All visually impaired individuals considered to have a physical disability, as that term is defined in 42 U.S.C. §12102 and California Government Code Section 12926, who were customers of the theme parks, hotels, restaurants, and shops at Disneyland/California Adventure in California or the Walt Disney World Resort in Florida and were denied equal treatment due to DEFENDANTS' failure to comply with accessible parking provisions of the ADAAG, Americans with Disabilities Act and/or Title 24 of the California Code of Regulations. Additionally, DEFENDANTS' parking structure and parking lot at Disneyland are violating the following provisions of the ADAAG: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5; all so as to violate the Americans with Disabilities Act and Title 24 of the California Code of Regulations.

### Maintenance of the Action

19.   PLAINTIFFS bring this action individually and on behalf of themselves and as representatives of all similarly situated persons, pursuant to California Code of Civil Procedure Section 382, and the provisions of Rule 23 of the Federal

1   Rules of Civil Procedure.

2                          **Class Action Allegations**

3   20.   At all material times, PLAINTIFF SHIELDS was and is a member of all
4         PLAINTIFF CLASSES described in paragraph 18. At all material times,
5         PLAINTIFF BOGGS was and is a member of all PLAINTIFF CLASSES
6         described in paragraph 18 except PLAINTIFF DISNEY CHARACTER
7         CLASS and PLAINTIFF KENNEL CLASS. At all material times, PLAINTIFF
8         STOCKTON was and is a member of all PLAINTIFF CLASSES described in
9         paragraph 18.

10  21.   This class action meets the statutory prerequisites for the maintenance of a
11        class action as set forth in California Code of Civil Procedure Section 382, and
12        the provisions of Rule 23 of the Federal Rules of Civil Procedure in that:

13        a.    In 2008, the Social Security Administration estimated there were in
14              excess of 6.3 million persons visually impaired and over the age of 18
15              in the United States. According to the Disney Vacation Tips website,
16              the daily attendance at Disneyland in Anaheim is 4,000. Additionally,
17              according to the Themed Entertainment Association/Economic Research
18              Associates   Attraction   Attendance   Report   2008,   the   Magic
19              Kingdom/Disney World Resort in Florida had over 17 million visitors
20              in 2008 while Disneyland/California Adventure had over 14 million
21              visitors in 2008. While the number of visitors with visual impairments
22              cannot be precisely calculated, it is reasonable to estimate that thousands
23              of visitors were visually impaired among the 14 million who visited
24              Disneyland in Anaheim in 2008. As such, the class of qualified
25              individuals who are visually impaired and have visited either
26              Disneyland/California Adventure in California and/or the Walt Disney

27

28                                        14

World Resort in Florida is so numerous that joinder of all members is impracticable.

b.   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the PLAINTIFF CLASSES and will apply uniformly to each member of the PLAINTIFF CLASSES. There are questions of law and fact common to the classes. The Unruh Civil Rights Act and California Public Accommodations law requires that public accommodations, such as the ones operated by DEFENDANTS, be accessible to persons with disabilities, which is a question of law common to all members of the class. The failure of DEFENDANTS to provide accommodations and remove policies that discriminate against persons with disabilities presents a question of fact common to all members of the class. Furthermore, the primary relief that the class is seeking is equitable in nature, in that the class is asking for final injunctive relief asking that DEFENDANTS provide accommodations and discontinue discriminating policies in their theme parks, restaurants, hotels, and other facilities it operates. Furthermore, prosecutions of separate actions would create the risk of inconsistent or varying adjudications with respect to individual members of the classes which would establish incompatible standards of conduct for the DEFENDANTS.

c.   The claims of PLAINTIFFS SHIELDS, BOGGS and STOCKTON are typical of the claims of the classes of persons with disabilities that sustained and continue to sustain injuries arising out of the DEFENDANTS' conduct or omissions in violation of state and federal law as complained of herein. PLAINTIFFS SHIELDS, BOGGS and

STOCKTON, like all other members of the classes, claim that DEFENDANTS violated the ADA and California Statutes by discriminating against persons with disabilities and excluding the PLAINTIFFS SHIELDS, BOGGS, STOCKTON and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of DEFENDANTS' theme parks, restaurants, hotels, websites and other facilities they operate; and subjecting PLAINTIFFS SHIELDS, BOGGS, STOCKTON and others similarly situated to discrimination by denying, segregated or excluding visually impaired guests from enjoying their facilities and other goods, services, programs, privileges, advantages or accommodations to the PLAINTIFFS SHIELDS, BOGGS, and STOCKTON, as well as other similarly situated persons.

d.     PLAINTIFFS SHIELDS, BOGGS and STOCKTON will fairly and adequately protect the interests of the PLAINTIFF CLASSES, and have retained counsel competent and experienced in class action litigation. PLAINTIFFS SHIELDS, BOGGS and STOCKTON have no interests antagonistic to, or in conflict with, those of the classes. Counsel for the classes will vigorously assert the claims of all class members.

e.     Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the country.

f.     Class action treatment of these claims will avoid the risk of inconsistent or varying adjudications with respect to individual members of the PLAINTIFF CLASSES which would establish incompatible standards

16

of conduct for the parties opposing the PLAINTIFF CLASSES. There are no obstacles to effective and efficient management of this lawsuit as a class action.

g.     The parties opposing the PLAINTIFF CLASSES have acted or refused to act on grounds generally applicable to the PLAINTIFF CLASSES, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the PLAINTIFF CLASSES as a whole; or

h.     Common questions of law and fact exist as to the members of the PLAINTIFF CLASSES and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in consideration of:

   i.     The interests of the members of the PLAINTIFF CLASSES in individually controlling the prosecution or defense of separate actions;

   ii.    The extent and nature of any litigation concerning the controversy already commenced by or against members of the PLAINTIFF CLASSES;

   iii.   The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

   iv.    The difficulties likely to be encountered in the management of a class action.

22.   This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure Section 382 because:

a.     The questions of law and fact common to the PLAINTIFF CLASSES

17

predominate over any questions affecting only individual members;

b. A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the PLAINTIFF CLASSES;

c. PLAINTIFFS and the other members of the PLAINTIFF CLASSES will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

d. There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the PLAINTIFF CLASSES; and

e. There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS is sufficient to adequately compensate the members of the PLAINTIFF CLASSES for the injuries sustained.

23. PLAINTIFFS contemplate the eventual issuance of notice to the proposed class members of each of the PLAINTIFF CLASSES which would set forth the subject and nature of the instant action. The DEFENDANTS' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, PLAINTIFFS would contemplate the use of additional media and/or mass mailings.

24. Among the many questions of law and fact common to the class are:

a. Whether the DEFENDANTS and its entities maintained a policy of refusing to allow costumed Disney characters to interact with visually

18

impaired patrons with service animals at DEFENDANTS' theme parks and properties at the Walt Disney World Resort in Florida and Disneyland/California Adventure in California;

b.  Whether the DEFENDANTS and its entities failed to provide Braille signage and/or large print within the theme parks so as to orient visually impaired patrons as to the location of rides, restaurants and facilities;

c.  Whether the DEFENDANTS and its entities failed to provide schedules and menus in accessible alternative formats such as Braille and/or large print;

d.  Whether the DEFENDANTS and its entities failed to read the menus, in full, to visually impaired patrons upon request;

e.  Whether the DEFENDANTS failed to provide Braille maps in a portable format;

f.  Whether the DEFENDANTS failed to provide Braille maps at a reasonable number of locations within the theme parks;

g.  Whether the audio description devices are reasonably accessible to the visually impaired;

h.  Whether it was lawful for the DEFENDANTS to charge a $20 fee for the use of kennel facilities at the park for service animals;

i.  Whether the DEFENDANTS were legally required to have designated areas within the theme parks for service animals to defecate or to be tied up while visually impaired owners used the rides;

j.  Whether DEFENDANTS are legally required to provide a free or discounted ticket to the aid or companion of a visually impaired visitor to the theme parks as a reasonable accommodation;

k.  Whether DEFENDANTS and its entities maintained a policy at parades,

19

such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments;

l.    Whether it was lawful for DEFENDANTS and its entities to rent lockers for use to guests  which are inaccessible to persons with visual impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the visually impaired and 3) provide only a printed receipt with the combination to open the rented locker;

m.    Whether DEFENDANTS maintain one or more websites including www.disney.go.com that are not fully accessible for persons with visual impairments utilizing screen reader software which prevent persons with visual impairments from enjoying equal access to the DEFENDANTS' theme parks, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites;

n.    Whether DEFENDANTS' parking structure and parking lot in Disneyland violates one or more of the following ADAAG provisions: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5;

o.    Whether DEFENDANTS violated California Civil Code §51 *et seq.* in failing to provide full and equal access to disabled persons with visually impairments;

p.    Whether DEFENDANTS violated California Civil Code §54 *et seq.* in failing to provide full and equal access to disabled persons with visual impairments; and

q.    Whether DEFENDANTS violated the Americans with Disabilities Act in failing to provide full and equal access to disabled persons with visual

impairments.

25. As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, since joinder of all class members is impracticable. Class members reside anywhere in the country. It is essential that many legal and factual questions be adjudicated uniformly to all class members. Further, as the economic or other loss suffered by vast numbers of class members may be relatively small, the expense and burden of individual actions make it difficult for the class members to individually redress the wrongs they have suffered.

26. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to insure that equity is achieved. There will be relatively little difficulty in managing this case as a class action.

27. Class action treatment is superior to other available methods for a fair and efficient adjudication of the claims presented by this complaint and would reduce the financial, administrative and procedural burdens on the parties and on the Court which individual action would otherwise impose.

## THE AMERICANS WITH DISABILITIES ACT

### History & Purpose

28. In 1990, the United States Congress made findings regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure

21

1   equality of opportunity, full participation, independent living and economic

2   self sufficiency for such individuals"; and that "the continuing existence of

3   unfair and unnecessary discrimination and prejudice denies people with

4   disabilities the opportunity to compete on an equal basis and to pursue those

5   opportunities for which our free society is justifiably famous...." 42 U.S.C.

6   §12101.

7   **STATUTORY PROTECTION FOR DISABLED PERSONS**

8   **Public Accommodations**

9   29.   Title III of the ADA establishes the general rule that:

10          No individual shall be discriminated against on the basis of

11          disability in the full equal enjoyment of the goods, services,

12          facilities, privileges, advantages or accommodations by any

13          person who owns, leases, or operates a place of public

14          accommodation. 42 U.S.C. §12182 (a).

15   30.   The ADA defines "discrimination" to include:

16          A failure to make reasonable modifications in policies, practices

17          or procedures, when such modifications are necessary to afford

18          such goods, services, facilities, privileges, advantages, or

19          accommodations to individuals with disabilities, unless the entity

20          can demonstrate that making such modification would

21          fundamentally alter the nature of such goods, services, facilities,

22          privileges, advantages or accommodations. 42 U.S.C. §12182

23          (b)(2)(A)(ii).

24   31.   The regulations promulgated by the United States Department of Justice

25   provide:

26          Denial of participation. A public accommodation shall not subject

27

28                                        22

1    an individual or class of individuals on the basis of a disability or

2    disabilities of such individual or class, directly, or through

3    contractual, licensing, or other arrangements, to a denial of the

4    opportunity of the individual or class to participate in or benefit

5    from the goods, services, facilities, privileges, advantages, or

6    accommodations of a place of public accommodation. 28 C.F.R.

7    §36.202(a)

8

9    Participation in unequal benefit. A public accommodation shall

10    not afford an individual or class of individuals, on the basis of a

11    disability or disabilities of such individual or class, directly, or

12    through contractual, licensing, or other arrangements, with the

13    opportunity to participate in or benefit from a good, service,

14    facility, privilege, advantage, or accommodation that is not equal

15    to that afforded to other individuals. 28 C.F.R. §36.202(b).

16

17    Separate benefit. A public accommodation shall not provide an

18    individual or class of individuals, on the basis of a disability or

19    disabilities of such individual or class, directly, or through

20    contractual, licensing, or other arrangements with a good, service,

21    facility, privilege, advantage, or accommodation that is different

22    or separate from that provided to other individuals, unless such

23    action is necessary to provide the individual or class of

24    individuals with a good, service, facility, privilege, advantage, or

25    accommodation, or other opportunity that is as effective as that

26    provided to others. 28 C.F.R. §36.202(c).

27

28                                    23

32.  Furthermore, the regulations provide for service animals which state:

> Service animals. Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability.  28 C.F.R. §36.302(c).

33.  Additionally, 42 U.S.C.A.§12181 (6) defines "private entity" as "any entity other than a public entity" and §12181 (7) defines "public accommodation" in part as:

> The following private entities are considered public accommodations for purposes of this sub-chapter, if the operations of such entities affect commerce:
>
> a.  an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
>
> b.  a restaurant, bar, or other establishment serving food or drink;
>
> c   a motion picture house, theater, concert hall, stadium, or other place of exhibition entertainment;
>
> d   a park, zoo, amusement park, or other place of recreation.

34.  Further, 42 U.S.C.A. §12182 "Prohibition of discrimination by public accommodations" states, in part, the following:

> a.  General rule. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

2.    Specific prohibitions (in part):

    (A)    Discrimination-For purposes of subsection (a) of this section, discrimination includes:

        (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

        (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such

25

steps would fundamentally alter the
nature of the good, service, facility,
privilege, advantage, or
accommodation being offered or would
result in an undue burden.

## THE UNRUH CIVIL RIGHTS ACT

35.  §51 of the California Civil Code, "The Unruh Civil Rights" Act provides protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, ancestry, color, disability, national origin, race, religion, sex and sexual orientation.

36.  Specifically, §51 (b) provides:

All persons within the jurisdiction of this State are free and equal,
and no matter what their sex, race, color, religion, ancestry,
national origin, disability, medical condition, marital status, or
sexual orientation are entitled to the full and equal
accommodations, advantages, facilities, privileges, or services in
all business establishments of every kind whatsoever.

37.  Further, §51.5 (a) provides:

No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, or refuse to buy from,
contract with, sell to, or trade with any person in this state on
account of any characteristic listed or defined in subdivision (b)
or (e) of §51, or of the person's partners, members, stockholders,
directors, officers, managers, superintendents, agents, employees,
business associates, suppliers, or customers, because the person
is perceived to have one or more of those characteristics, or

because the person is associated with a person who has, or is perceived to have, any of those characteristics.

38.   Additionally, §51 (f) provides that:

A violation of the right of any individual under the Americans with Disabilities Act shall also constitute a violation of this section.

## CALIFORNIA CIVIL CODE §§54 THROUGH 55.2

39.   California Civil Code §54 (a) states:

Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

40.   Further, California Civil Code §54.1 (a) (1) states:

Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal

27

1    regulation, and applicable alike to all persons.

2    41.   Additionally, §54.1 (a) (3) states:

3          "Full and equal access" for purposes of this section in its
4          application to transportation, means access that meets the
5          standards of Titles II and III of the Americans with Disabilities
6          Act of 1990 (Public Law 101-336) and federal regulations
7          adopted pursuant thereto, except that, if the laws of this state
8          prescribe higher standards, it shall mean access that meets those
9          higher standards.

10   42.   Further, §54.1 (d) states:

11         A violation of the right of an individual under the Americans with
12         Disabilities Act also constitutes a violation of this section, and
13         nothing in this section shall be construed to limit the access of
14         any person in violation of that act.

15   43.   California Civil Code §54.2 states:

16         (a) Every individual with a disability has the right to be
17         accompanied by a guide dog, signal dog, or service dog,
18         especially trained for the purpose, in any of the places specified
19         in §54.1 without being required to pay an extra charge or security
20         deposit for the guide dog, signal dog, or service dog. However,
21         the individual shall be liable for any damage done to the premises
22         or facilities by his or her dog.

23   44.   Finally, California Civil Code §54.4 states:

24         A blind or otherwise visually impaired pedestrian shall have all
25         of the rights and privileges conferred by law upon other persons
26         in any of the places, accommodations, or conveyances specified

27

28                                      28

in §§ 54 and 54.1, notwithstanding the fact that the person is not carrying a predominantly white cane (with or without a red tip), or using a guide dog.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

45. The DEFENDANTS collectively operate theme parks in California and Florida which have millions of visitors annually. Furthermore, DEFENDANTS operate a websites including www.disney.go.com for the purposes of: assisting guests with purchasing tickets to the products and services offered by DEFENDANTS; advertising the products and services of DEFENDANTS; providing interactive content for children; and providing other online services to promote DEFENDANTS. Due to DEFENDANTS' failure to remove access barriers to www.disney.go.com, persons with visual impairments are prevented from enjoying equal access to DEFENDANTS' theme parks, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites.

46. PLAINTIFFS BOGGS and SHIELDS are visually impaired individuals who each own yearly passes to Disneyland/California Adventure in Anaheim and visit it frequently. Plaintiffs SHIELDS and STOCKTON have also visited the Walt Disney World Resort in Florida. All PLAINTIFFS utilize guide dogs to assist them on a daily basis.

47. DEFENDANTS' theme parks, hotels, restaurants and shops, connected with its websites, are public accommodations and PLAINTIFFS visit these facilities with the expectation of being treated with the rights and dignities guaranteed them by California law. Due to their visual impairments and physical disabilities, however, PLAINTIFFS have suffered consistent discrimination at the hands of DEFENDANTS and their affiliated companies and employees.

29

48.   As a member of the PLAINTIFF DISNEY CHARACTER CLASS, PLAINTIFF SHIELDS was subjected to public humiliation and discrimination in being ignored at the restaurant, when an essential element of the dining experience was the interaction with the costumed Disney Character. Two of these characters articulated the restaurant policy of not interacting with patrons using service animals. Additionally, PLAINTIFF STOCKTON was subjected to public humiliation and discrimination in being ignored at the theme parks and restaurants by the Disney Characters. Whether this policy is driven by malice, ignorance or simply fear, it is a violation of California and federal law.

49.   As members of the PLAINTIFF KENNEL CLASS, both PLAINTIFFS have been denied reasonable accommodations for their service animals because in order to use the kennel at all they must pay a $20.00 fee. Furthermore, the kennel is located outside of the theme parks so as to be extremely inconvenient when using the rides. Moreover, the policy of requiring that the animal be with someone at all times means that a visually impaired visitor has no where to leave the service animal while using certain rides. Universal Studios, a competing theme park, however, do not have such obstructions at its respective theme parks. Finally, there are no reasonable designated areas for the animal to relieve itself at the theme parks, hotels, restaurants, and shops.

50.   As members of the PLAINTIFF SIGNAGE CLASS, PLAINTIFFS have been discriminated against due to the lack of Braille signage, in addition to a lack of alternate communications for the visually impaired such as Braille and/or large print with respect to schedules and menus at the theme parks, hotels, restaurants, and shops. Additionally, PLAINTIFFS have been discriminated against due to DEFENDANTS and its entities failure to read, in full, the menus upon request by visually impaired patrons.

51. As members of the PLAINTIFF AUDIO DESCRIPTION DEVICE CLASS, both PLAINTIFFS have been deterred from fully utilizing this otherwise helpful technology due to a design defect. Once the device shuts off automatically, a visually impaired user cannot re-set the device and must return to the guest services department to have it re-set.

52. As members of the PLAINTIFF MAP CLASS, PLAINTIFFS have experienced discrimination based on the fact that only one permanent Braille map is available at the theme parks in one location at Guest Relations. No portable Braille maps are available at the theme parks, hotels, restaurants, and shops.

53. As members of the PLAINTIFF COMPANION TICKET CLASS, PLAINTIFFS have experienced discrimination due to DEFENDANTS' failure to provide the necessary accommodations for a visually impaired individual to be oriented in the theme parks. The lack of reasonable accommodations, in combination with the DEFENDANTS' policy of not providing an employee to assist a visually impaired person, forces a visually impaired person to bring and pay full price for a companion to fully utilize the park facilities. Universal Studios, a competing theme park, however, allows the visually impaired guest in at no cost and requires the companion to pay pull price.

54. As to members of the PLAINTIFF PARADE CLASS, PLAINTIFFS have experienced discrimination due to DEFENDANTS maintaining a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments.

55. As to members of the PLAINTIFF LOCKER CLASS, PLAINTIFF have experienced discrimination by DEFENDANTS renting lockers for use to guests which are inaccessible to persons with visual impairments because the

lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the visually impaired and 3) provide only a printed receipt with the combination to open the rented locker.

56. As to members of the PLAINTIFF WEBSITE CLASS, PLAINTIFFS have experienced discrimination due to DEFENDANTS maintaining one or more websites including www.disney.go.com that are not fully accessible for persons with visual impairments utilizing screen reader software.

57. As to members of the PLAINTIFF PARKING CLASS, PLAINTIFFS have experienced discrimination due to DEFENDANTS' parking structure and parking lot at Disneyland violating the following provisions of the ADAAG: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5; all so as to violate the Americans with Disabilities Act and Title 24 of the California Code of Regulations.

## FIRST CAUSE OF ACTION

### For a Violation of the Americans with Disabilities Act

### 42 U.S.C. §12131, *et. seq.*

### (by All Plaintiffs and Against All Defendants)

58. The PLAINTIFF CLASSES re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 57 of this Complaint.

59. DEFENDANTS have discriminated against PLAINTIFFS by denying them full and equal access to the benefits, privileges and public accommodations afforded to other patrons solely on account of disability. In addition, the DEFENDANTS have violated the ADA by failing or refusing to provide PLAINTIFFS with reasonable accommodations and other services related to their disability.

60. PLAINTIFFS, upon information and belief, allege that DEFENDANTS, their employees and agents have failed and continue to fail to:

32

a.   Provide necessary accommodations, modifications and services to provide equal access to the facilities within its theme parks, hotels, restaurants, and shops in Florida and California so as to allow the visually impaired to participate on an equal basis in activities, rides, restaurants and programs;

b.   Provide the necessary training and discipline to its employees as to the legal obligation of a public accommodation to provide full and equal service to persons with disabilities under the ADA and other relevant state statutes, including California Civil Code § 51 *et seq.* and Civil Code Section § 54 *et seq.*

61.   PLAINTIFFS have been subjected to the denial, separate and unequal opportunity to participate in the DEFENDANTS' services, facilities, privileges, advantages, or accommodations as a result of the DEFENDANTS' discriminatory policy of not allowing characters to interact with visually impaired persons who have their service animal with them.

62.   As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered and continue to suffer from the lack of character interaction due to DEFENDANTS' failure to address the services, facilities, privileges, advantages or accommodations that should be given to persons similarly situated as PLAINTIFFS SHIELDS, BOGGS and STOCKTON.

63.   Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing, declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of DEFENDANTS' actions PLAINTIFFS are suffering irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are entitled to reasonable attorneys' fees and costs in filing this action. 42 U.S.C.A. § 12205, as prayed below.

33

## SECOND CAUSE OF ACTION

### For a Violation of the Unruh Civil Rights Act

### California Civil Code §51 and 52 *et seq.*

### (by All Plaintiffs and Against All Defendants)

64. The PLAINTIFF CLASSES re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 57 of this Complaint.

65. This claim is brought by the PLAINTIFFS SHIELDS, BOGGS and STOCKTON, on behalf of themselves and on behalf of the PLAINTIFF CLASSES thereof.

66. §51 of the California Civil Code, "The Unruh Civil Rights" Act provides protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, ancestry, color, disability, national origin, race, religion, sex and sexual orientation.

67. §52 of the California Civil Code provides that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to §51 is liable for each and every offense.

68. Through the acts and omissions described herein, DEFENDANTS have violated California Civil Code §51.

69. Pursuant to California Civil Code §51 (f), a violation of the ADA also constitutes a violation of California Civil Code §51 *et seq.*

70. The DEFENDANTS are a "business establishment" within the meaning of the California Code §51 et seq.

71. DEFENDANTS have violated the law by denying PLAINTIFFS full and equal access to its program comparable to access that it offers to others.

72. As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered, and continue to suffer hardship and anxiety due to DEFENDANTS'

34

1  failure to address accommodations and access required for PLAINTIFFS'

2  disabilities.

3  73.  Due to the continuous nature of DEFENDANTS' discriminatory conduct,

4  which is ongoing, declaratory and injunctive reliefs are appropriate remedies.

5  Moreover, as a result of DEFENDANTS' actions PLAINTIFFS are suffering

6  irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are

7  entitled to reasonable attorneys' fees and costs in filing this action. California

8  Civil Code §52, as prayed below.

9  **THIRD CAUSE OF ACTION**

10  **For a Violation of the California Public Accommodations Law**

11  **California Civil Code §54 *et. seq.***

12  **(by All Plaintiffs and Against All Defendants)**

13  74.  The PLAINTIFF CLASSES re-allege and incorporate by reference, as though

14  fully set forth herein, paragraphs 1 through 57 of this Complaint.

15  75.  The DEFENDANTS operate theme parks, hotels, restaurants, and shops that

16  are public accommodations open to the public in California and Florida and

17  advertise their goods and services through their websites.

18  76.  Through the acts and omissions described herein above, DEFENDANTS are

19  violating California Civil Code §54.

20  77.  Under California Civil Code §54 (c), a violation of the ADA also constitutes

21  a violation of California Civil Code §54 et seq.

22  78.  PLAINTIFFS are persons with disabilities within the meaning of the California

23  Civil Code §54 (b)(1) and California Government Code § 12926.

24  79.  The DEFENDANTS provide public services within the meaning of the

25  California Civil Code §54 et seq.

26  80.  By failing to provide accommodations and services to visually impaired guests,

27

28  35

as set forth at length elsewhere in this Complaint, DEFENDANTS are violating California Civil Code §54, by denying visually impaired guests full access to DEFENDANTS' programs, services, and activities.

81.   As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered, and continue to suffer hardship and anxiety as well as deteriorating physical conditions, due to DEFENDANTS' failures to address accommodations and services required for PLAINTIFFS' disabilities.

82.   Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing, declaratory and injunctive relief are appropriate remedies. Moreover, as a result of DEFENDANTS' actions, PLAINTIFFS are suffering irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are also entitled to reasonable attorneys' fees and costs in filing this action. California Civil Code §55.

83.   Each DEFENDANT is charged by law and public policy as well as its own code of business responsibility to refrain from discriminating against the PLAINTIFF CLASSES on account of their physical disability. As a result of the actions and conduct described herein, the PLAINTIFF CLASSES have no adequate remedy at law to redress their grievances and recover their damages.

## PRAYER FOR RELIEF

The PLAINTIFF CLASSES pray as follows:

1.   For an injunction ordering DEFENDANTS, each of them, to comply with the statutes set forth herein;

2.   For an order establishing the following equitable, injunctive and declaratory relief:

   a.   That a judicial determination and declaration be made of the rights of the PLAINTIFF CLASSES, and of the Court-approved

remedial measures that DEFENDANTS and each of them must take to prevent discrimination of the visually impaired by all employees of DEFENDANTS;

b.    That DEFENDANTS be forever enjoined from engaging in the practices described in this Complaint and from any practices that deviate from any orders of this Court;

c.    That this Court mandate that DEFENDANTS provide Braille signage within their theme parks, hotels, restaurants, and shops in Florida and California;

d.    That this Court mandate that DEFENDANTS provide permanent Braille maps at multiple locations and portable maps in alternative formats such as Braille and/or large print within Disney theme parks, hotels, restaurants, and shops in Florida and California;

e.    That this Court mandate that DEFENDANTS provide menus and schedules in alternative formats such as Braille and/or large print within Disney theme parks, hotels, restaurants, and shops in Florida and California;

f.    That this Court mandate that DEFENDANTS read the menus, in full, upon request by visually impaired patrons;

g.    That this Court mandate that each DEFENDANT provide reasonable accommodations for service animals, designated places to defecate within Disney theme parks, hotels, restaurants, and shops in Florida and California, and places where the service animal can be tied within the theme parks while visually impaired persons use rides;

37

h.   That this Court mandate that DEFENDANTS provide a free or reduced fare admission ticket to one person accompanying a paid visually impaired ticket holder to act as a guide within Disney theme parks in Florida and California;

i.   That this Court mandate that DEFENDANTS are enjoined from maintaining a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests, and not guests with other disabilities such as visual impairments;

j.   That this Court mandate that DEFENDANTS provide reasonable accommodations for visually impaired quests when renting lockers;

k.   That this Court make a determination as to the impropriety of the fees DEFENDANTS charge visually impaired visitors at Disney theme parks in Florida and California for accommodations and auxiliary aids and services including kennels;

l.   That this Court mandate that DEFENDANTS maintain their websites including www.disney.go.com to make them fully accessible for persons with visual impairments utilizing screen reader software;

m.   That this Court mandate DEFENDANTS provide handicap-accessible parking at their Disneyland parking structure and parking lot that is compliant with the following provisions of the ADAAG: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5; to ensure that DEFENDANTS' parking facilities do not violate the Americans with Disabilities Act and Title 24 of the California

38

Code of Regulations;

3.  For reasonable attorneys' fees as may be determined by the Court for all causes of action;

4.  For costs of suit; and

5.  For such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing First Amended Class Action Complaint was furnished by Plaintiffs via e-mail and First Class Mail to David H. Raizman, Esq., Eisenberg, Raizman, Thurston and Wong, LLP, 10880 Wilshire Boulevard, Eleventh Floor, Los Angeles, California 90024, Attorneys for Defendants, draizman@ertwllp.com, this 10 day of September, 2010.

Respectfully submitted,

EUGENE FELDMAN, SBN 118497
genefeldman@mindspring.com
EUGENE FELDMAN, ATTORNEY AT
LAW, APC
555 Pier Avenue, Suite 4
Hermosa Beach, California 90254
Phone: (310) 372 4636
Fax: (310) 376 3531

A. ANDERSON B. DOGALI
*Pro Hac Vice Application Pending*
Fla. Bar No.:0615862
adogali@forizs-dogali.com
BRIAN A. HOHMAN
*Pro Hac Vice Application Pending*
Fla. Bar No.: 764671
bhohman@forizs-dogali.com
FORIZS & DOGALI, P.A.
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634
Phone: (813) 289-0700
Fax: (813) 289-9435

39

**ATTORNEYS FOR CARI SHIELDS, AMBER BOGGS, TERESA STOCKTON AND THE PUTATIVE CLASS**

40

PROOF OF SERVICE BY MAIL


I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My address is 555 Pier Avenue, Suite 4, Hermosa Beach, California 90254.

On September 10, 2010 I served the foregoing document described as PLAINTIFF'S **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** on the following interested party:


Mr. David H. Raizman, Esq.
Eisenberg Raizman Thurston & Wong LLP
10880 Wilshire Blvd. 11th floor
Los Angeles, CA 90024-4101

Attorney for Defendants : Walt Disney Parks & Resorts, USA, Inc.
                          Disney Online, Inc.

A. Anderson B. Dogali, Esq.
Brian A. Hohman, Esq.
Forizs & Dogali, P.A.
4301 Anchor Plaza Pkwy., Suite 300
Tampa, FL 33634

Attorney for Plaintiffs:       Cari Shields and Amber Boggs


By Mail
       I placed a true and correct copy of the foregoing document in a sealed envelope addressed to each interested party above. I placed each envelope with postage fully prepaid for collection and mailing at Eugene Feldman Attorney at Law APC in Hermosa Beach, California. I am familiar with Eugene Feldman Attorney at Law APC's practices for collection and mailing such correspondence with the US mail on the same day in he ordinary course of business.

       I declare under penalty of perjury that the foregoing is true and correct.
       Executed on September 10, 2010 at Hermosa Beach, California.


Eugene Feldman