Eugene Feldman, Esq. SBN 118497
genefeldman@mindspring.com
EUGENE FELDMAN ATTORNEY AT LAW, APC
555 Pier Avenue, Ste. 4
Hermosa Beach, California 90254
Tel:   310-372-4636
Fax:  310-376-3531

A. Anderson B. Dogali, Esq.
*Pro Hac Vice*
adogali@forizs-dogali.com
FORIZS & DOGALI, P.A.
4301 Anchor Plaza Parkway, Suite 300
Tampa, Florida 33634
Tel: 813-289-0700
Fax: 813-289-9435
*Attorneys for Plaintiffs and Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DISTRICT**

| | |
|---|---|
| CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>vs.<br>WALT DISNEY PARKS AND RESORTS US, INC., DISNEY ONLINE, INC., DOES 1-10, INCLUSIVE,<br><br>　　　　　　Defendants. | Case No.: No. 10-cv-5810-DMG(JEM)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Trial Date: November 1, 2011<br>Pretrial Conference: October 4, 2011<br>Discovery Cutoff: June 28, 2011 |

Page 1

**TO THE COURT, AND TO EACH PARTY AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiffs, CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON (collectively "Plaintiffs"), by and through undersigned counsel, and pursuant to Local Rule 7-9 and other applicable law, hereby files this Response in Opposition to Defendants, WALT DISNEY PARKS AND RESORTS US, INC. and DISNEY ONLINE, INC.'s (collectively "Disney") Motion for Protective Order ("Motion"). Plaintiffs respectfully request the Court strike Disney's Motion as deficient, or in the alternative, set the Motion for hearing before Judge McDermott on April 19, 2011 at 10:00am and incorporate the Joint Stipulation Concerning Discovery Dispute and Plaintiffs Motion to Compel and for Sanctions Pursuant to L.R. 37 ("Joint Stipulation") that has been filed in that court as part of Plaintiffs' Opposition to the Motion. In support thereof the Plaintiffs state as follows:

1. Disney filed the Motion on March 22, 2011 and set a hearing date of April 19, 2011 at 10:00am before Magistrate Judge John McDermott. The Motion is clearly labeled a "DISCOVERY MATTER". All Discovery Matters have been referred to Magistrate Judge McDermott.

2. Of course, all discovery matters are governed by the procedures provided by Local Rule 37. Local Rule 37 provides that before any motion relating to discovery may be filed the parties must meet and confer in good faith to resolve the dispute. L.R. 37-1. However, if no resolution is accomplished there must be a Joint Stipulation signed by both parties outlining each party's position on the issues in dispute and how each party proposes to resolve the dispute. L.R. 37-2. At the time of filing the Joint Stipulation the motion may be noticed for hearing not less than twenty-one (21) days after the filing of the motion. L.R. 37-3.

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

3. The parties are in dispute as to whether sufficient meet and confers have occurred, however Disney did not engage in the preparation of a Joint Stipulation on the issue of a Protective Order: the next required step in the process. Instead Disney unilaterally filed the Motion and set a hearing before twenty-seven (27) days in the future. If the Motion for Protective Order was upon a Joint Stipulation, the filing and hearing date set would be proper, however it is not upon a Joint Stipulation.

4. The times for non-discovery motion practice are regulated by Local Rule 6-1. Local Rule 6-1 provides that motions must be filed no later than twenty-eight (28) days prior to the date set for hearing.

5. Because Disney filed the Motion on March 22, 2011 and noticed it for hearing on April 19, 2011, the Motion was untimely as it was filed twenty-seven (27) days prior to the hearing.

6. For all these reasons, Plaintiffs request the Court enter an Order striking Disney's Motion for Protective Order and order Disney re-file a corrected Motion correcting the deficiencies mentioned herein.

7. Additionally, Disney was given the opportunity to address the topic of the Motion for Protective Order in the parties' Joint Stipulation which was filed on March 22, 2011, the same day as the Motion at issue. The Joint Stipulation was set for hearing before Magistrate Judge McDermott on April 19, 2011 at 10:00am. If the Court does not agree the Motion should be stricken, Plaintiffs request in the alternative that the Court enter an Order setting the Motion for hearing concurrently with the Joint Stipulation, which will also serve as part of Plaintiffs' opposition to the Motion for Protective Order.

8. Plaintiffs here never refused to enter into a stipulated confidentiality agreement consistent with the guidelines of the District, but have objected to an "Attorneys' Eyes Only" designation and to cumbersome

and time consuming procedures for resolving disputes concerning whether a document should be labeled confidential. Defendants have now, for the first time, identified specific categories of documents they wish to withhold from the public:

    a. operating guidelines, Cast Member Reference and Training Guides, "and similar internal documents";

    b. attendance numbers;

    c. improvements or upgrades;

    d. research and development of the Audio Description Device and Audio Tour; and

    e. names and contact information of guests and website complainants.

As to the last four (4) categories, Disney seeks an "Attorneys' Eyes Only" designation.

9. Disney makes a myriad of arguments as to why these materials are confidential: some have weight, some do not. What is apparent is the only difference between "Confidential" and "Highly Confidential" is the effort to force Plaintiffs' counsel to withhold information from the clients, none of whom are competitors to, or otherwise in a position to harm, Disney if granted access to the information. Furthermore, the cases Disney cites to support the designation of documents as "Attorneys' Eyes Only" specifically deal with conflict between companies in direct competition with each other. The Plaintiffs are not in direct competition with Disney, in fact they are not even companies but purely individuals who visit the parks. Therefore the disclosure of the documents to the Plaintiffs would in no way competitively harm Disney. The most egregious argument pertains to transcripts of the Audio Description Device (Disney's Motion, pages 12-13). Apparently, Disney is concerned that should a visually impaired person gain access to a transcript of the Audio

Description Device they would have no need to attend the parks. Does Disney really have such low regard for blind persons as to assume that once they receive a description of a ride they won't want to actually experience it? Also, while Disney gives such little credit to its blind patrons, wouldn't Disney's twisted logic apply to its sighted patrons as well? That is, why does a sighted person ever ride the same ride twice? The sighted patron knows *exactly* what to expect but still wants to experience the ride again. Disney's imputation to its blind patrons of a less important capacity to enjoy the theme park experience is insulting.

10. Of course, throughout the Motion Disney refers to the harm should this information be released to the public. Plaintiffs' have no interest in releasing the information contained in the five categories to the public, but Disney should not now be able to obtain a nunc pro tunc Protective Order to mitigate its previous failure to provide discovery and unauthorized redaction of what little discovery it provided.

WHEREFORE, the Plaintiffs, CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON, respectfully request that this Court enter an Order striking Defendants, WALT DISNEY PARKS AND RESORTS US, INC. and DISNEY ONLINE, INC.'s, Motion for Protective Order as deficient and ordering a corrected Motion for Protective Order be filed correcting all deficiencies, or alternatively, to enter an Order setting the Motion for Protective Order to be heard concurrently with the Parties' Joint Stipulation Concerning Discovery Dispute and Plaintiffs Motion to Compel and for Sanctions Pursuant to L.R. 37, which will serve as part of Plaintiffs' Opposition to the Motion for Protective Order.

Dated: **March 29, 2011** \_\_\_

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Respectfully Submitted,

_____*Andy Dogali*_____
A. Anderson B. Dogali, Esq.
*Pro Hac Vice*
adogali@forzis-dogali.com
Fla. Bar No.: 0615862
FORIZS & DOGALI, P.A.
4301 Anchor Plaza Parkway, Suite 300
Tampa, Florida 33634
Tel:  813-289-0700
Fax:  813-289-9435

Eugene Feldman, Esq. SBN 118497
genefeldman@mindspring.com
EUGENE FELDMAN ATTORNEY AT LAW, APC
555 Pier Avenue, Ste. 4
Hermosa Beach, CA 90254
Tel:   310-372-4636
Fax:  310-376-3531

*Attorneys for Plaintiffs and Class Plaintiffs*