DRINKER BIDDLE & REATH LLP
David H. Raizman (SBN 129407)
david.raizman@dbr.com
Elena S. Min (SBN 235065)
elena.min@dbr.com
1800 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendants
Walt Disney Parks and Resorts U.S., Inc.
and Disney Online

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS US, INC., DISNEY ONLINE, INC. and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. CV10-5810-DMG (JEMx)<br><br>Putative Class Action<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO JOINT STIPULATION REGARDING DISCOVERY DISPUTE AND PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**<br><br>Hearing Date: April 19, 2011<br>Time: 10:00 a.m.<br>Judicial Officer: Hon. John E. McDermott<br><br>Discovery Cut-Off Date: June 28, 2011<br>Final Pretrial Conference: Oct. 4, 2011<br>Trial Date: November 1, 2011 |

Defendants Walt Disney Parks and Resorts U.S., Inc. and Disney Online ("Defendants") submit this Supplemental Memorandum in support of their response to the Joint Stipulation and discovery motion of plaintiffs Cari Shields, Amber Boggs and Teresa Stockton ("Plaintiffs").

## I.
## PLAINTIFFS' SHIFTING REQUESTS FOR RELIEF ON THIS MOTION SHOULD DEFEAT THEIR (LATEST) REQUEST

The rules established by this Court for the resolution of discovery disputes require a moving party to meet and confer and to clearly identify the relief it seeks. Local Rule 37-1 (requisite meet and confer letter must "specify the terms of the discovery order to be sought"). The purpose of the discovery rules are to give the opposing party an opportunity to provide the relief and thus avoid wasteful motion practice, or, failing that, provide the opposing party with basic due process rights when, for example, it formulates its portions of the Joint Stipulation. There is no dispute here that Plaintiffs never provided defendants Walt Disney Parks and Resorts U.S., Inc. and Disney Online ("Defendants") with a formal meet and confer letter pursuant to Local Rule 37-1, nor even with an informal request stating the relief that they sought. (Declaration of David H. Raizman ¶¶ 18-19, Joint Stip. at 17:15-21:17.) Moreover, not only did Plaintiffs never identify the relief they sought in a Local Rule 37-1 meet and confer letter, the relief they sought through their Joint Stipulation differs markedly from the relief later sought on the instant motion to compel (the "Motion"). This disregard for the Local Rules alone should defeat the Motion.

Defendants first learned of the relief sought when they received Plaintiffs' portions of the Joint Stipulation on March 7, 2011, a version of which was then filed with the Court on March 22, 2011. The Joint Stipulation sought three sweeping forms of relief: (1) an order compelling Defendants to produce unredacted versions of guest complaints identifying the names and contact

information of guests with disabilities; (2) a finding of waiver of confidentiality and the attorney-client and attorney work product privileges; and (3) an order compelling the immediate production of all forty-five thousand documents collected by Defendants and *potentially responsive* to Plaintiffs' document requests. (Joint Stip. at 11:24-12:1, 23:1-24:4.) Defendants formulated their portions of the Joint Stipulation in response to that relief. (Declaration of Elena S. Min ("Min Decl.") ¶ 2.)

Plaintiffs then presented their Notice of Motion on March 22, 2011, *after* Defendants had submitted their portions of the Joint Stipulation to Plaintiffs. The Notice materially modified the relief sought in the Joint Stipulation.[1] Specifically, instead of demanding the production of all potentially responsive documents collected by Defendants, Plaintiffs sought production of the remainder of any *responsive* documents. (Plaintiffs' Notice of Motion at 2:3-14.) In addition, instead of seeking a waiver of confidentiality and the attorney-client and attorney work product privileges, Plaintiffs changed the relief sought to a withdrawal of objections that they deemed to be inappropriate or non-specific or, alternatively, immediate production of a privilege log for all documents not produced. (*Id.*) This material alteration of their request for relief at the thirteenth hour, has undermined one of the basic purposes of this Court's Local Rule 37-1 meet and confer and Joint Stipulation process.

Thus, while Defendants have long maintained that the Motion was unnecessary and could have been avoided had Plaintiffs minimally complied with Local Rule 37-1, Plaintiffs' reduced request for relief only underscores that point.

---

[1] Indeed, as noted in Footnote 1 (p. 5) of the Joint Stipulation, Plaintiffs also revised their portion of the Joint Stipulation *after* Defendants provided their portion of that document and without notifying Defendants of the additional revisions made. (Min Decl. ¶ 3.) Because, when they pointed out these irregularities, Defendants were falsely and improperly accused of fostering delay, they reluctantly agreed to move forward with the Joint Stipulation process to remove the taint of any such allegation. (*Id.* & Ex. A.)

## II.

## THE RELIEF SOUGHT BY PLAINTIFFS HERE DIRECTLY CONTRADICTS THE POSITION TAKEN IN THEIR OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiffs' requested relief in the Joint Stipulation also directly contradicts the positions they have taken in their opposition to Defendants' Motion for Protective Order, also scheduled to be heard by this Court on April 19. In that opposition, Plaintiffs contend that they do not intend to publicly disclose any of Defendants' confidential or highly confidential documents. (Mar. 29, 2011 Response in Opposition ¶ 10.) Yet, Plaintiff's Joint Stipulation expressly sought a finding waiving confidentiality and the attorney-client and attorney work product privileges and compelling the production of such documents without any restrictions on their use or disclosure. (Joint Stip. 23:27-24:4.) Such contradictory (and shifting) positions further evidences the difficulties Defendants have faced in responding to Plaintiffs' discovery motion conduct and is another reason to deny Plaintiffs' Motion.

## III.

## DEFENDANTS HAVE PRODUCED ALL NON-CONFIDENTIAL, NON-PRIVILEGED DOCUMENTS AND A DETAILED PRIVILEGE LOG

Perhaps most significantly, the instant Motion was and remains utterly unnecessary. Defendants completed their document production on March 25, 2011, with the exception of four documents that are password-protected and which Defendants continue to seek to unlock to determine if those documents are responsive. (Min Decl. ¶ 4.) That same day, Defendants also produced a privilege log containing 1,089 entries on 123 pages, and produced an updated version of that log on April 1, 2011. (*Id.*) Plaintiffs would have learned about the status of Defendants' nearly completed production and privilege log had they complied with the Local Rules and met and conferred with Defendants in advance of seeking

judicial intervention on these discovery issues. Having learned on March 14 from Defendants' portions of the Joint Stipulation that Defendants would complete the production of documents and the privilege log by March 25, Plaintiffs nonetheless pressed forward with this Motion.

## IV.
## CONCLUSION

For all of the reasons set forth in this Supplemental Memorandum and in Defendants' portions of the Joint Stipulation, Defendants respectfully request that Plaintiffs' Motion be denied in its entirety.

Dated: April 5, 2011

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ David H. Raizman
David H. Raizman
Elena S. Min

Attorneys for Defendants
Walt Disney Parks and Resorts U.S., Inc. and Disney Online

# CERTIFICATE OF SERVICE
### Cari Shields, et. al. v. Walt Disney Parks and Resorts, etc., et. al.
### USDC Case No. CV 10-5810-DMG (JEMx)

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On **April 5, 2011**, I served the foregoing document described as:

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO JOINT STIPULATION REGARDING DISCOVERY DISPUTE AND PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

on the interested parties in this action by transmitting a copy as follows:

| | |
|---|---|
| A. Anderson B. Dogali, Esq.<br>Lee WM. Atkinson, Esq.<br>FORIZS & DOGALI, P.A.<br>4301 Anchor Plaza Parkway, Suite 300<br>Tampa, Florida 33634<br>(adogali@forizs-dogali.com)<br>(latkinson@forizs-dogali.com) | Eugene Feldman, Esq.<br>EUGENE FELDMAN ATTORNEY AT LAW APC<br>555 Pier Avenue, Suite 4<br>Hermosa Beach, California 90254<br>(genefeldman@mindspring.com) |

__X__ **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

_____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

__X__ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 5, 2011**, at Los Angeles, California.

| _____CHELE MOORE_____ | _____/s/ Chele Moore_____ |
|---|---|
| Name | Signature |

- 2 -

LA01/ 1009559.3