1  DRINKER BIDDLE & REATH LLP
   David H. Raizman (SBN 129407)
2  david.raizman@dbr.com
   Elena S. Min (SBN 235065)
3  elena.min@dbr.com
   1800 Century Park East, Suite 1400
4  Los Angeles, California  90067
   Telephone:  (310) 203-4000
5  Facsimile:  (310) 229-1285

6  Attorneys for Defendants
   Walt Disney Parks and Resorts U.S., Inc.
7  and Disney Online

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 | CARI SHIELDS, AMBER BOGGS | Case No. CV10-5810-DMG (FMOx)
   | and TERESA STOCKTON, on behalf |
13 | of themselves and all others similarly | Putative Class Action
   | situated, |
14 |              | **DISCOVERY MATTER**
   |       Plaintiffs, |
15 |              | **QUALIFIED PROTECTIVE**
   |       vs.    | **ORDER**
16 | WALT DISNEY PARKS AND | [Concurrently filed with Stipulation for
   | RESORTS US, INC., DISNEY | Qualified Protective Order
17 | ONLINE, INC. and DOES 1-10, |
   | INCLUSIVE, | Discovery Cut-Off Date:  June 28, 2011
18 |              | Final Pretrial Conference:  Oct. 4, 2011
   |       Defendants. | Trial Date:  November 1, 2011
19

20

21

22

23

24

25

26

27

28

Having reviewed the Stipulation for Qualified Protective Order submitted by plaintiffs Cari Shields, Amber Boggs and Teresa Stockton ("Plaintiffs"), on the one hand, and defendant Walt Disney Parks and Resorts U.S., Inc. and Disney Online ("Defendants"), on the other hand:

1. Upon receipt of a subpoena and a copy of this Order, each of Plaintiffs' health care providers is hereby authorized and directed to transmit to Defendants "Protected Health Information," as defined in 45 C.F.R. § 164.501, regarding Plaintiffs' visual disabilities and/or visual impairments, including without limitation their level of visual acuity and/or other measures of their vision;

2. The parties and their representatives are prohibited from using or disclosing any Protected Health Information obtained during this litigation for any purpose other than litigation as authorized pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A);

3. The parties and their representatives shall not disclose Protected Health Information to any person or entity, other than the following:

(a) Attorneys for the parties in this action, attorneys who are employees of a party, and their respective employees, solely for use in connection with the litigation of this action;

(b) The parties and their employees, officers, directors or agents;

(c) Persons engaged by a party's attorneys to assist in this action as outside experts, consultants, or investigators, as reasonably necessary for this action and who have been given a copy of the Stipulation for Qualified Protective Order and this Qualified Protective Order;

(d) The Court and its personnel;

(e) Private court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for this action and who have been given a copy of the Stipulation for Qualified Protective Order and this Qualified Protective Order;

1    (f)    Bona fide witnesses in this case to whom disclosure is

2  reasonably necessary in the course of either counsel's investigation of facts or

3  preparation of witnesses for testifying in this action and who have been given a

4  copy of the Stipulation for Qualified Protective Order and this Qualified Protective

5  Order;

6    (g)    The author or recipient of the document containing or reflecting

7  the Protected Health Information or the Protected Health Information maintained in

8  non-document form; and

9    (h)    Arbitrators, mediators or other settlement officers stipulated to

10  by the parties or appointed by the Court in this action; and

11  \ \ \

12  \ \ \

13  \ \ \

14  \ \ \

15  \ \ \

16  \ \ \

17  \ \ \

18  \ \ \

19  \ \ \

20  \ \ \

21  \ \ \

22  \ \ \

23  \ \ \

24  \ \ \

25  \ \ \

26  \ \ \

27  \ \ \

28  \ \ \

4.　　At the conclusion of the litigation, the parties are required to return to the health care provider who or which provided any Protected Health Information or to destroy it pursuant to 45 C.F.R. § 164.215(e)(1)(v)(B).

IT IS SO ORDERED.


Dated: 4/29/11

/s/
_____
U.S. MAGISTRATE JUDGE

Respectfully submitted by,

DRINKER BIDDLE & REATH LLP

By: _/s/ Elena S. Min_____
　　David H. Raizman
　　Elena S. Min

Attorneys for Defendants
Walt Disney Parks and Resorts U.S.,
Inc. and Disney Online


FORIZS & DOGALI, P.A.

By: _/s/ Lee Wm. Atkinson_____
　　A. Anderson Dogali
　　Lee Wm. Atkinson

Attorneys for Plaintiffs
Cari Shields, Amber Boggs and Teresa
Stockton

[PROPOSED] QUALIFIED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

***Cari Shields, et. al. v. Walt Disney Parks and Resorts, etc., et. al.***
***USDC CASE NO. CV 10-5810-DMG (JEMX)***

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On **April 29, 2011**, I served the foregoing document described as:

**[PROPOSED] QUALIFIED PROTECTIVE ORDER**

on the interested parties in this action by transmitting a copy as follows:

| | |
|---|---|
| A. Anderson B. Dogali, Esq. | Eugene Feldman, Esq. |
| Lee WM. Atkinson, Esq. | EUGENE FELDMAN ATTORNEY AT LAW |
| FORIZS & DOGALI, P.A. | APC |
| 4301 Anchor Plaza Parkway, Suite 300 | 555 Pier Avenue, Suite 4 |
| Tampa, Florida 33634 | Hermosa Beach, California 90254 |
| (adogali@forizs-dogali.com) | (genefeldman@mindspring.com) |
| (latkinson@forizs-dogali.com) | |

_X_ **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

____ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 29, 2011**, at Los Angeles, California.

| | |
|---|---|
| _____CHELÉ MOORE_____ | _____/s/ Chele Moore_____ |
| Name | Signature |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES