UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARI SHIELDS, et al., | No. CV 10-5810 DMG (FMOx) |
| Plaintiffs, | |
| v. | **ORDER RE: DISCOVERY MOTIONS** |
| WALT DISNEY PARKS AND RESORTS US, INC., et al., | |
| Defendants. | |

Having reviewed the parties' papers with respect to (1) defendants' Motion for Protective Order and (2) plaintiffs' Motion to Compel Production of Documents and Privilege Log ("Motion to Compel") and accompanying Joint Stipulation ("Joint Stip."), both filed on March 22, 2011, the court concludes that plaintiffs' Motion to Compel and defendants' Motion for Protective Order (collectively, "Motions") should be denied without prejudice for failure to comply with Local Rule 37.

The court's review of the papers indicates that the parties have not complied with the letter or spirit of Local Rule 37 and that the parties do not appear to be making good faith efforts to resolve their discovery disputes.[1]  For example, plaintiffs' counsel did not provide defense counsel

---

[1] To ensure that the parties strictly comply with their discovery obligations and the specific requirements of Local Rule 37, the court has, as part of this Order, set forth the requirements the parties must comply with before the court will entertain any future discovery motions.

with the letter required by Local Rule 37-1, "identify[ing] each issue and/or discovery request in dispute, . . . stat[ing] briefly with respect to each such issue/request [plaintiffs'] position (and provid[ing] any legal authority which [plaintiffs] believe[] is dispositive of the dispute as to that issue/request), and specify[ing] the terms of the discovery order to be sought."[2]  Rather than send the letter required by Local Rule 37-1, plaintiffs sent their portion of the Joint Stip. to defense counsel.  (See Joint Stip. at 3-5, 6-7 & 19-21).  That is insufficient and improper.  Once a party has put in the time and effort required to prepare his or her portion of the Joint Stipulation, there is little, if any, incentive for any party (especially the party who prepared the Joint Stipulation) to attempt to compromise or work out any of the discovery requests.  Finally, although defense counsel, unlike plaintiffs' counsel, sent a letter requesting a meet and confer with regard to the protective order, the letter failed to "specify the terms of the discovery order to be sought."[3]  See Local Rule 37-1; (Declaration of David H. Raizman in Support of Defendants' Motion for Protective Order ("Raizman Decl."), Exh. 4 at 3-4).

Under the circumstances, the court will deny the two Motions without prejudice to, inter alia, allow the parties to conduct proper meet and confer sessions addressing the disputed discovery

---

[2] Notwithstanding plaintiffs' failure to prepare and send a Local Rule 37-1 meet and confer letter, plaintiffs inexplicably set a meet and confer at a time that was previously set by the parties to discuss other matters.  The meet and confer was set with only one business day and four calendar days' notice.  (See Joint Stip. at 19) ("Plaintiffs' counsel unilaterally insisted on a meet and confer only one intervening business day ahead . . . as to these discovery issues[;] he added to a meet and confer session that had already been set for that day on" another matter); Declaration of David H. Raizman in Support of Defendants' Portion of Joint Stip., Exh. I).  Even assuming plaintiffs had sent a proper Local Rule 37 letter to initiate the meet and confer process, plaintiffs' unilateral setting of the meet and confer was plainly insufficient.  See Local Rule 37-1.

[3] There seems to be a dispute as to whether the parties are required to participate in meet and confers and otherwise comply with Local Rule 37.  Plaintiffs assert that they are not required to meet and confer because the parties, through their Joint Scheduling Conference Report, exempted themselves from complying with Local Rule 37.  (See Joint Stip. at 3-5).  Plaintiffs' assertion is frivolous.  Absent a court order from the judge with the responsibility to deal with disputed issues (i.e., the Magistrate Judge to whom discovery matters have been referred), parties do not have the authority to exempt themselves from the Local Rules.  Thus, for example, plaintiffs' counsel was required to confer with defense counsel within 10 days of being served with defense counsel's letter.  See Local Rule 37-1.

matters and, if necessary, file the appropriate discovery motion(s).[4] Although the court will deny the Motions without prejudice, the parties are hereby put on notice that failure to comply strictly with any of the Local Rules or Federal Rules of Civil Procedure may result in the denial of their discovery motions with prejudice.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Compel Production of Documents and Privilege Log **(Document No. 55)** is **denied without prejudice**.

2. Defendants' Motion for Protective Order **(Document No. 56)** is **denied without prejudice**.

3. Plaintiffs' Request for Hearing Before Magistrate Judge Fernando M. Olguin **(Document No. 120)** is **denied as moot**.

4. The parties shall comply strictly with Local Rule 37 in the event that any party believes that it may be necessary to file a discovery motion. The moving party's counsel shall initiate the meet and confer process required by Local Rule 37 by preparing and serving the letter required by Local Rule 37-1. The opposing party's counsel or, for that matter, any party that receives a letter pursuant to Local Rule 37-1 must make himself or herself available for a meet and confer (as specified in Local Rule 37) within ten (10) calendar (not business) days of the date of the letter. All meet and confer letters must be served by fax and e-mail on the day the letter is dated. The Joint Stipulation must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed discovery request).

---

[4] The court notes that once a party sends its portion of the Joint Stipulation to the opposing party, it cannot later change its portion in response to the other side's portion. See Local Rule 37-2.2 ("After the opposing party's papers are added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party, no later than the end of the next business day, so that it can be filed with the notice of motion.").

In addition, the meet and confers must be transcribed by a court reporter. If the transcript(s) of the meet and confer(s) do(es) not demonstrate a good faith effort by the parties to resolve each issue and discovery request in dispute, the motion will be denied and/or sanctions will be imposed for failure to participate in the meet and confer process in good faith. The costs of the court reporter shall be divided equally between the parties. The court will not consider any future discovery motions in this matter unless the transcript of the meet and confer is included as part of the joint stipulation papers.

  5. As part of the meet and confer process, the moving party is required to "specify the terms of the discovery order to be sought." Local Rule 37-1. Local Rule 37-2.1 implements this requirement by requiring, as part of the Joint Stipulation, that each party "state how it proposed to resolve the dispute over that issue at the conference of counsel." This must be included in all Joint Stipulations. To the extent that a certain number of discovery requests involve the same issue(s), the parties may group those requests under one section heading and set forth their position with respect to those requests.

  6. Any objections to discovery requests based on the work-product protection, attorney-client privilege or any other applicable privilege under state or federal law that are served after the filing date of this Order shall include "sufficient information to enable the court to determine whether *each element* of the asserted objection is satisfied." Fears v. Wal-Mart Stores, Inc., 2000 WL 1679418, at *4 (D. Kan. 2000) (italics in original); see Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (per curiam), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983 (1985) (a party's failure to satisfy burden when trial court is asked to rule upon existence of a privilege is not excused even when the document is later shown to be one that would have been privileged had a timely showing been made). For any document that is withheld and/or redacted on the basis of the attorney-client privilege and/or work-product protection, the party producing the document shall provide a privilege log at the time the document(s) is(are) produced or within a reasonable time thereafter provided the parties reach an agreement on a new date pursuant to Fed. R. Civ. P. 29 and the new date does not interfere with any of the case-related deadlines (e.g., discovery cutoff, motion cutoff). The privilege log shall comply with Form No. 11:A as set forth in

the California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2011). Any document that contains both protected and responsive information shall be redacted to eliminate any reference to attorney-client matters and/or the work-product protection.

7. "In federal question cases, the law of privilege is governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n. 10 (9th Cir. 1992) (per curiam) (internal quotation marks and citation omitted); accord Heathman v. U.S. Dist. Ct., 503 F.2d 1032, 1034 (9th Cir. 1974) ("[I]n federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege."); Fitzgerald v. Cassil, 216 F.R.D. 632, 635 (N.D. Cal. 2003); see also 6 Moore's Federal Practice § 26.47[4], at 26-334 (3d ed. 2010) ("[I]n federal question cases in which state law claims are also raised, any asserted privileges relating to evidence relevant to both state and federal claims are governed by federal common law.") (internal citations omitted). Therefore, the parties may not rely on state privilege or privacy law to withhold information or to instruct a deponent not to answer; only information that is covered by a federal privilege or the work-product protection may be withheld.

8. If a party seeks to file a document under seal, the party should seek leave to file only the specific documents that the party believes are covered by the applicable protective order. To the extent that any party believes that portions of a proposed document should be sealed because the document quotes extensively from protected documents, the party should either separate out the arguments that quote extensively from those documents and seek to seal those portions as a supplemental memorandum or simply cite to the specific portion(s) of the documents in the document that the party wants the court to review.

9. The parties should note the following in the event that they decide to seek a protective order in this case:

    A. Any proposed protective order must contain a statement of good cause. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Byrd v. Gen.

Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."); Makar-Wellbon v. Sony Elecs., Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).  The proposed protective order must set forth the specific prejudice or harm that will result to each party if the proposed protective order is not granted as to the categories of documents or information the parties seek to protect.  The statement of good cause should be preceded by a heading entitled, "GOOD CAUSE STATEMENT."

        B.    The proposed protective order must be narrowly tailored and cannot be overbroad.  The documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (e.g., "blueprints," "personnel records," "customer lists," or "market surveys").  It is not sufficient to use conclusory terms such as "trade secrets."[5]  Statements that any producing party or person may designate as confidential or highly confidential any documents that a party "would normally maintain in confidence" are insufficient.

        C.    The proposed protective order must contain language relating to Local Rule 79-5, which governs the filing of documents under seal.  The court will not approve a protective order that requires the court or its employees to provide any protection for confidential material beyond that required by Local Rule 79-5.

        D.    Any disputes relating to the protective order such as designation of confidential documents must be done pursuant to Local Rule 37.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or

---

[5] In proposing or agreeing to the protection of "trade secrets," the definition for that term in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.

6

harm will result if no protective order is granted.  See Phillips, 307 F.3d at 1210-11.

   E. Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.  The court will not enter a protective order that extends beyond the commencement of trial.

   F. The court will not approve a proposed protective order that requires the court and its employees to sign a written agreement before viewing confidential documents in this case.

   G. The court will not return any documents from its files to the filing party for disposition.

  10. In responding to document requests and interrogatories, each party shall provide a certification, under penalty of perjury, that: (1) states that all relevant, non-privileged information under its custody and/or control has been provided; (2) describes in detail the efforts made by the responding party to obtain and produce the requested information; and (3) states whether any further responsive information is available.

  11. With respect to the conduct of depositions, the parties should note the following. Any objection to a deposition question must be stated concisely and in a nonargumentative and nonsuggestive manner. Fed. R. Civ. P. 30(c)(2). Counsel should state objections on the record and then permit the witness to answer the question. See Eggleston v. Chicago Journeymen Plumbers, 657 F.2d 890, 902 (7th Cir. 1981), cert. denied, 455 U.S. 1017, 102 S.Ct. 1710 (1982). Counsel must refrain from instructing a deponent not to answer questions during a deposition.[6] Under Rule 30(c)(2) of the Federal Rules of Civil Procedure, an attorney "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the

---

[6] An attorney may not instruct a witness not to answer a question on the ground that it has been asked and answered, is vague and ambiguous, or is irrelevant.

1 court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2)[7] provides the
2 "exclusive grounds for instructing a deponent not to answer." Shapiro v. Paul Revere Life Ins. Co.,
3 1997 WL 601430, at *1 (N.D. Cal. 1997); Detoy v. City and County of San Francisco, 196 F.R.D.
4 362, 367 (N.D. Cal. 2000) ("Counsel shall refrain from instructing a witness not to answer, except
5 as provided in Rule 30[(c)(2).]").

6     12. The court will not recognize any agreement between counsel relating to discovery
7 unless the agreement complies with Rule 29 of the Federal Rules of Civil Procedure.

8     13. The failure of any party or attorney to comply with the requirements of this Order, the
9 Local Rules or the Federal Rules of Civil Procedure may result in the denial of their discovery
10 motions with prejudice or sanctions being imposed.

11 Dated this 9th day of May, 2011.

/s/
Fernando M. Olguin
United States Magistrate Judge

---

[7] Effective December 1, 2007, as part of the general restyling of the Federal Rules of Civil Procedure, Rule 30(d)(1) was integrated into Rule 30(c)(2).