1 DRINKER BIDDLE & REATH LLP
  David H. Raizman (SBN 129407)
2 david.raizman@dbr.com
  Elena S. Min (SBN 235065)
3 elena.min@dbr.com
  Yehonatan Cohen (SBN 244393)
4 Yehonatan.cohen@dbr.com
  1800 Century Park East, Suite 1400
5 Los Angeles, California  90067-1517
  Telephone:   (310) 203-4000
6 Facsimile:   (310) 229-1285

7 Attorneys for Defendants
  Walt Disney Parks and Resorts U.S., Inc.
8 and Disney Online

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS US, INC., DISNEY ONLINE, INC. and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. CV 10-5810-DMG (FMOx)<br><br>**JOINT PROPOSAL OF CASE MANAGEMENT DEADLINES** |

Plaintiffs Cari Shields and Amber Boggs, on behalf of themselves and the classes they represent and by and through their counsel of record, and defendants Walt Disney Parks and Resorts U.S., Inc. and Disney Online, by and through their counsel of record, hereby submit this joint proposal for further case management dates in this above-captioned action, noting the parties' disagreement where applicable:

| Description of Event | Dates Under Aug. 25, 2011 Order | Joint Proposed Date [Disagreements Presented in Brackets] |
|---|---|---|
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | Oct. 28, 2011 | [Defendants: March 23, 2012[1]] [Class Plaintiffs: Closed] |
| Motion Cut-Off (filing deadline) | Nov. 4, 2011 | [Defendants: March 9, 2012] [Class Plaintiffs: Closed] |
| Initial Expert Disclosure & Report Deadline | Dec. 5, 2011 | March 16, 2012 |
| Rebuttal Expert Disclosure & Report Deadline | Jan. 3, 2012 | April 2, 2012 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | Jan. 23, 2012 | April 23, 2012 |
| Settlement Conference Completion Date | Sept. 23, 2011 | [Defendants: March 16, 2012] [Class Plaintiffs: Completed] |
| Motions *in Limine* Filing Deadline | Jan. 17, 2012 | April 17, 2012 |

---

[1] (1) Discovery available only for discovery pending as of date of tentative settlement (Aug. 11, 2011); and (2) Deadline does not restrict any later discovery ordered as part of discovery motions pending before Judge Olguin as of August 11, 2011.

| | | |
|---|---|---|
| Opposition to Motions *In Limine* Filing Deadline | Jan. 24, 2012 | April 24, 2012 |
| Proposed PTC Order | Jan. 25, 2012 | April 25, 2012 |
| Pretrial Exhibit Stipulation | Jan. 25, 2012 | April 25, 2012 |
| Joint Exhibit List | Jan. 25, 2012 | April 25, 2012 |
| Witness Lists & Joint Trial Witness Time Estimate Form | Jan. 25, 2012 | April 25, 2012 |
| Witness Declarations or Marked Depositions | Jan. 17, 2012 | April 16, 2012 |
| Objections to Witness Declarations/Marked Depositions | Jan. 23, 2012 | April 23, 2012 |
| Proposed Findings of Fact and Conclusions of Law | Jan. 17, 2012 | April 16, 2012 |
| Mark Up of Opponent's Proposed Findings/Conclusions | Jan. 23, 2012 | April 23, 2012 |
| **Trial** | **March 6, 2012** | **June 5, 2012** |
| **Final Pretrial Conference** | **February 7, 2012** | **May 8, 2012** |

The parties have not succeeded in receiving approval or disapproval of these proposals from plaintiff Teresa Stockton, *in propria persona*.

[Defendants' Brief Statement]: Defendants respectfully submit that two of the three areas in which the parties disagree (discovery and motion cutoffs) result from Plaintiffs' unexplained abandonment and rejection of their prior agreement with Defendants and of their representation to the Court that the parties' good faith efforts toward settlement should not prejudice the parties' substantive and procedural rights in the litigation. (*See*, *e.g.*, Aug. 18, 2011 Stipulation Of Parties To Continue Pre-trial And Trial Dates (Document No. 160), ¶ 3 at 2.) Moreover, Plaintiffs' position is unprincipled and opportunistic. On the one hand, Plaintiff accepts the benefits of extending dates that have already passed under the August 25, 2011 Scheduling Order (DN 162), such as the expert witness disclosure (previously December 5, 2012), while rejecting Defendants' basic procedural and substantive rights to make a dispositive motion, complete discovery and have its pending discovery motions decided. (*See*, *e.g.*, DN 155, 161 (Judge Olguin's discovery orders).) Furthermore, a dispositive motion for partial summary judgment only assists the Court and parties in better defining the outstanding legal issues and the facts that will inform the determination of those issues, particularly when the trial in this action will be before the Court.

[Class Plaintiffs' Brief Statement]: It saddens Plaintiffs' counsel to have to suggest to the Court that Defendant's statement is a complete fabrication. The only agreement reached between counsel on these deadline issues was the August 18th written stipulation which resulted in the court's rescheduling order. As a matter of law and local rule no understanding to the contrary was possible. The truth is the matter of extending deadlines was never discussed, nor even raised by implication, after that date. Disney has already used up its allotted number of depositions and while Plaintiffs have not, they are willing to go forward with discovery as it stands. Rule 26 controls disclosures independent of the rules of discovery and therefore a new deadline for the disclosure of expert reports and additional witnesses is appropriate. Disney's suggestion that typical additional discovery, and rulings upon

discovery motions, could be completed within the time frame they suggest is contradicted by the record of this case to date and the local rules.. Any lee-way the court grant's Disney at this point will only become the basis for a motion to continue the trial at a later date. Trial is necessary because after a protracted effort a settlement could not be concluded. Nothing about those negotiations interfered with the parties' right or obligation to meet the courts discovery or dispositive motion deadlines.

Dated: February 17, 2012       Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ David H. Raizman
    David H. Raizman
    Elena S. Min

Attorneys for Defendants
Walt Disney Parks and Resorts U.S., Inc. and Disney Online

Dated: February 17, 2012       EUGENE FELDMAN ATTORNEY AT LAW, APC

FORIZS & DOGALI, P.A.

By: /s/ Lee Wm. Atkinson
    Eugene Feldman
    A. Anderson Dogali
    Lee Wm. Atkinson
    Lindsay Galloway

Attorneys for Plaintiffs
Cari Shields, Amber Boggs and the Plaintiff Classes