# EXHIBIT 1

1
2
3
4
5

ANDY DOGALI
adogali@forizs-dogali.com
Admitted *Pro Hac Vice*
FORIZS & DOGALI, P.A.
4301 Anchor Plaza Parkway, Suite 300
Tampa, Florida 33634
Telephone:   (813) 289-0700
Facsimile:   (813) 289-9435

6
7
8
9

Eugene Feldman, SBN 118497
genefeldman@mindspring.com
Eugene Feldman, Attorney at Law, APC
555 Pier Avenue, Suite 4
Hermosa Beach, California 90254-3800
Telephone:   (310) 372-4636
Facsimile:   (310) 372-4639

10   Attorneys for Plaintiffs

11   [Additional counsel listed on next page]

12

13   UNITED STATES DISTRICT COURT

14   CENTRAL DISTRICT OF CALIFORNIA

15   WESTERN DIVISION

16

17
18
19

CARI SHIELDS, AMBER BOGGS
and TERESA STOCKTON, on behalf
of themselves and all other similarly
situated,

            Plaintiffs,

20   v.

21
22
23

WALT DISNEY PARKS AND
RESORTS US, INC., DISNEY
ONLINE, INC., DOES 1-10
INCLUSIVE,

            Defendants.

Case No. 10-cv-5810 DMG (FMOx)

**Class Action**

**CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE**

Judicial Officer:  Hon Dolly M. Gee

24
25
26
27
28

5

1    DAVID H. RAIZMAN, SBN 129407
     david.raizman@dbr.com
2    JAMES M. ALTIERI
     james.altieri@dbr.com
3    Admitted *Pro Hac Vice*
     DRINKER BIDDLE & REATH LLP
4    1800 Century Park East, Suite 1400
     Los Angeles, California  90067-1517
5    Telephone:   (310) 203-4000
     Facsimile:    (310) 229-1285
6

7    Attorneys for Defendants Walt Disney
     Parks and Resorts U.S., Inc. and Disney Online

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6**

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

Cari Shields and Amber Boggs, on behalf of themselves and each of the Class Members of each of the represented Settlement Classes, as defined below, make and enter into this Class Action Settlement Agreement and Release ("Settlement Agreement") with Walt Disney Parks and Resorts U.S., Inc., Walt Disney Parks and Resorts Online, and Disney Online.

## I.   GENERAL PROVISIONS

### A.   Definitions

Capitalized terms used throughout this Settlement Agreement shall have the following meanings:

1.   "Action" shall mean the lawsuit entitled *Cari Shields, et al. v. Walt Disney Parks and Resorts US, Inc., et al.*, U.S.D.C. C.D. Cal. Case No. 1-CV-5810 DMG (FMOx), which was previously removed to the United States District Court for the Central District of California (the "Court") and is pending before the Honorable Dolly M. Gee.

2.   "Area," as used in Sections II.A.2.b.(i) and II.A.2.b.(iv) below and in reference to areas within each of the Disney Parks, shall mean any one or more of the following areas within the respective Disney Parks:

a.   Disneyland – (i) Adventureland, Frontierland, New Orleans Square and Critter Country, (ii) Main Street, U.S.A., and (iii) Fantasyland, Mickey's Toontown and Tomorrowland;

b.   DCA – (i) Buena Vista Street, Hollywood Land and "a bug's land," (ii) Pacific Wharf and Cars Land, and (iii) Condor Flats, Grizzly Peak and Paradise Pier;

c.   Magic Kingdom – (i) Main Street, U.S.A., (ii) Adventureland, Frontierland and Liberty Square, and (iii) Fantasyland and Tomorrowland;

d.   Epcot – (i) Future World, and (ii) World Showcase;

7

e.   Disney's Hollywood Studios – (i) Echo Lake, Commissary Lane and Streets of America, and (ii) Hollywood Boulevard, Pixar Place and Sunset Boulevard; and

f.   Disney's Animal Kingdom – (i) Africa and Asia, and (ii) Oasis, DinoLand U.S.A., Camp Minnie-Mickey and Discovery Island.

3.   "Class Counsel" shall mean Forizs & Dogali, P.A., 4301 Anchor Plaza Parkway, Suite 300, Tampa, Florida 33634, and Eugene Feldman Law Offices, 555 Pier Avenue, Suite 4, Hermosa Beach, California 90254-3800.

4.   "Class Member" shall mean a member of one or more of the Settlement Classes identified in Section I.D(1)-(4).

5.   "Disney" shall mean Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), Walt Disney Parks and Resorts Online ("WDPRO"), and Disney Online.

6.   "Disney Cruise Line" shall mean the business owned and operated by Magical Cruise Company, Ltd. that offers, among other things, various cruise ship excursions to members of the public.

7.   "Disney Parks" shall mean the Disneyland and Disney California Adventure theme parks (respectively, "Disneyland" and "DCA") located at the Disneyland Resort in Anaheim, California, and the Magic Kingdom, Epcot, Disney's Hollywood Studios, and Disney's Animal Kingdom theme parks located at the Walt Disney World Resort in Lake Buena Vista, Florida.  "Park" refers to any one of the Disney Parks.

8.   "Disneyland Resort" shall mean Disneyland, DCA, and adjacent, contiguous and related hotels, restaurants, stores, and other facilities and accommodations.

9.   "Disney Websites" shall mean the websites found at www.disneyworld.com, www.disneyland.com, and www.disneycruise.com.

**8**

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

10.    "Effective Date" shall mean the first date upon which all of the following have occurred:  (a) entry by the Court of the Final Approval Order, and (b) either:  (i) the expiration, without an appeal or challenge, of the period to appeal or challenge any portion of the Final Approval Order, or (ii) in the event of such an appeal or challenge, the Parties have received actual notice that the Settlement Agreement has received final approval after the final resolution of any appeal or challenge.

11.    "Final Approval" shall mean the Court's entry of the Final Approval Order after having found this Settlement Agreement to be fair, adequate, and reasonable.

12.    "Final Approval and Fairness Hearing" shall mean the hearing by the Court to (a) review this Settlement Agreement and determine whether the Court should grant final approval to the Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; (b) consider any timely objections made pursuant to Section XI and all responses by the Parties; (c) consider the request for attorneys' fees and expenses submitted by Class Counsel; and (d) consider the Named Plaintiffs' requests for service payments.

13.    "Final Approval Order" shall mean the document attached to this Settlement Agreement as Exhibit C, or any order of similar effect constituting the Court's final approval of the Settlement Agreement.

14.    "Handheld Device" shall mean the Disney-designed device currently available at the Disney Parks, which uses Disney's proprietary technology and provides, among other things, an audio description of selected rides and attractions and certain outdoor areas of the Disney Parks.

15.    "Information Sheet" shall mean any one or more of the following documents that are currently available at the Disney Parks: "Services for Guests with Visual Disabilities," "Services for Guests with Service Animals," and

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

9

1   the Information Sheet or guide that contains the schedule of parades and shows at
2   any Park (the "Schedule Information Sheet").

3         16.   "Named Plaintiffs" shall mean Cari Shields and Amber Boggs.

4         17.   "Next Generation," when used in reference to the Handheld
5   Device, shall mean the version of the Handheld Device that will replace the current
6   Handheld Device and will offer enhanced capabilities to guests with visual
7   impairments.

8         18.   "Notice" shall mean the document attached to this Settlement
9   Agreement as Exhibit A.

10        19.   "Operating Guidelines" shall mean WDPR's written guidelines
11  that pertain to the operation of various aspects of the Disney Parks.

12        20.   "Parties" shall mean the Named Plaintiffs, defendants WDPR,
13  Disney Online and WDPRO.

14        21.   "Plaintiffs" shall mean Named Plaintiffs and plaintiff Teresa
15  Stockton.

16        22.   "Preliminary Approval Order" shall mean the document
17  attached to this Settlement Agreement as Exhibit B, or any order of similar effect
18  constituting the Court's preliminary approval of the Settlement Agreement.

19        23.   "Released Claims" shall mean the claims released by the Named
20  Plaintiffs and the Settlement Classes as specifically set forth in Sections V and VI
21  below.

22        24.   "Restaurants" shall mean the dining establishments at the
23  Disney Parks that are identified on the "Dining" pages of the respective
24  www.disneyland.com or www.disneyworld.com websites as "quick-service" or
25  "table-service" restaurants but not including any kiosks, food carts or mobile food
26  vendors.

27        25.   "Settlement Classes" shall mean the Classes identified in
28  Section I.D.(1)-(4).

**10**

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

26. "Walt Disney World Resort" shall mean the Magic Kingdom, Epcot, Disney's Hollywood Studios and Disney's Animal Kingdom, and the adjacent, contiguous and related hotels, restaurants, stores and other facilities and accommodations.

27. "WCAG 2.0" shall mean Version 2.0 of the Web Content Accessibility Guidelines published by the Worldwide Web Consortium.

**B.    Acknowledgment of Purpose and Scope of the Settlement Agreement**

The Parties have entered into this Settlement Agreement for the following purposes:

- to resolve all disputes asserted in the Action or covered by this Settlement Agreement to avoid further expenses and protracted litigation;
- to agree on the reasonable and appropriate modifications and assistive measures to enhance equal access for guests with visual impairments at the Disney Parks;
- to agree on the reasonable and appropriate modifications and assistive measures to enhance accessibility for individuals with visual impairments who use the Disney Websites; and
- to reach a final resolution of all class claims and defenses asserted in this Action or covered by this Settlement Agreement.

**C.    Statement of Dispute**

The Named Plaintiffs filed a Complaint in the Superior Court of California for the County of Los Angeles (Case Number BC438241) on May 21, 2010, which action was removed to the Court on August 5, 2010. In a First Amended Complaint, Plaintiffs alleged, on behalf of 10 alleged national classes, that WDPR and Disney Online engaged in certain practices, in violation of federal

11

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

1    and California law, which discriminatorily denied members of the represented

2    classes the benefit of the full use and enjoyment of the Disney Parks and of the

3    websites owned or operated by Disney.   WDPR and Disney Online denied the

4    allegations in the First Amended Complaint.

5             The parties agree that as part of the Court's issuance of a preliminary

6    approval order substantially in accordance with Exhibit B to this Settlement

7    Agreement, Named Plaintiffs will be deemed to have filed a Second Amended

8    Complaint in the Action to: (1) add WDPRO as a named defendant in the Action,

9    thus conditionally subjecting WDPRO to the rights and obligations provided for in

10   this Settlement Agreement; (2) remove Teresa Stockton as a named plaintiff in the

11   caption and in the allegations of the operative complaint in the Action; and (3) add

12   allegations regarding the accessibility of the Disney Cruise Line website

13   (www.disneycruise.com) to individuals with visual impairments. Disney denies the

14   material allegations in the Second Amended Complaint as well.   A copy of the

15   Second Amended Complaint, which shall be deemed filed as of the Court's

16   preliminary approval of this Settlement Agreement, is attached as Exhibit D to this

17   Settlement Agreement.

18       **D.    Class Allegations**

19             On February 14, 2011, Plaintiffs filed a Motion for Class Certification,

20   seeking certification of 10 national classes.  On June 29, 2011, the Court entered an

21   order granting in part and denying in part Plaintiffs' Motion, certifying the

22   following Classes: (1) the Signage Class; (2) the Kennel Class, but only with

23   respect to claims that individuals with visual impairments have been, or will in the

24   future be, deterred from visiting the Disney Parks out of concern that there might

25   not exist reasonable relief areas for service animals; (3) the Companion Ticket

26   Class; (4) the Parade and Show Class; and (5) the Website Class.  The five classes

27   certified by the Court shall be referred to in this Settlement Agreement as the

28                                                                              12

CLASS ACTION SETTLEMENT
                                               AGREEMENT AND RELEASE

"Certified Classes."   The Court declined, without prejudice, to certify: (1) the Disney Character Class; (2) the Locker Class; (3) the Parking Class; (4) the Maps Class; and (5) certain subclasses of the Kennel Class allegedly composed of individuals with visual impairments accompanied by service animals who paid a fee for use of the kennel or were deterred from attending the Disney Parks because of Disney's (a) charge of a kennel fee, or (b) policy forbidding the tethering of service animals at locations within the Disney Parks while guests with visual impairments experience rides or attractions; and (6) the Audio Description Device Class.

As part of the motion seeking preliminary approval of this Settlement Agreement, the Parties shall jointly seek conditional approval, for settlement purposes only, of four reconstituted Settlement Classes that would replace not only the Certified Classes but also the uncertified classes alleged in Plaintiffs' First Amended Complaint.   Specifically, the Parties shall request that the Court certify the following four Settlement Classes:

(1)   The Website Class:   All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be unable to gain equal access to or enjoyment of one or more of the websites owned or operated by Disney such as www.disney.go.com, www.disneyland.com, www.disneyworld.com, and www.disneycruise.com as a result of their visual disability.

(2)   The Effective Communication Class:   All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the absence of maps in an alternative format, or (ii) the absence of menus in an alternative format, or (iii) the absence of schedules of events at the Disney Parks in an alternative format, or (iv) inadequate or inconsistent operation of the audio description service on the Handheld Device, or (v) Disney's refusal to provide a free or discounted pass to their sighted

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

13

1   companions, or (vi) the failure to be read, in full, the menus, maps or schedules of

2   events at the Disney Parks.

3          (3)    The Service Animal Class:  All individuals with visual

4   impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102,

5   and (b) have been or will be denied equal access to or enjoyment of the Disney

6   Parks because of (i) the fee charged for the use of a kennel for their service animal,

7   or (ii) the absence of reasonably-designated service animal relief areas, or (iii) the

8   absence of a location to kennel their service animal at attractions that do not allow

9   service animals, or (iv) the lack of equal interaction with Disney employees who

10  portray Disney characters because the individuals with visual impairments are

11  accompanied by service animals.

12         (4)    The Infrastructure Class:  All individuals with visual

13  impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102,

14  and (b) have been or will be denied equal access to or enjoyment of the Disney

15  Parks because of (i) physical barriers to access, or (ii) the lack of reasonable

16  modifications to Disney's policies and practices to permit such equal access or

17  enjoyment. Among other things, the members of this class have been or will be

18  denied equal access to or enjoyment of the parade viewing areas at the Disneyland

19  Resort and the Walt Disney World Resort, and to public lockers or parking lots at

20  the Disneyland Resort.

21         The Parties stipulate to certifying the above Settlement Classes for

22  settlement purposes only, conditioned upon the Court entering the Final Approval

23  Order and the successful conclusion of appeals, if any, from the entry of the Final

24  Approval Order. The Parties further agree that evidence of this limited stipulation

25  for settlement purposes only will not be deemed admissible in this or any other

26  proceeding and that it would be unsupportable to contend otherwise.

27

28

**14**

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

**E.     The Conduct of the Litigation**

Named Plaintiffs have vigorously prosecuted this Action, and Disney has vigorously contested it, including extensive document, written and witness discovery and many hours with retained consultants and employees analyzing the claims and considering and developing reasonable modifications and assistive measures.  These extensive efforts permit the Parties to assess the relative strengths and weaknesses of their respective positions in the Action.

In the absence of an approved settlement, the Parties recognize that they would face a potentially long and arduous litigation that would continue to consume time and resources and present each of them with ongoing litigation risks and uncertainties.  The Parties wish to avoid these risks and uncertainties, as well as the consumption of time and resources, through settlement pursuant to the terms and conditions of this Settlement Agreement.   After careful review and consideration, the Named Plaintiffs, for themselves individually and on behalf of all members of the Settlement Classes, and Class Counsel are of the opinion that this Settlement Agreement is fair, reasonable, and adequate, and provides appropriate relief for the Settlement Classes.   Class Counsel and the Named Plaintiffs, for themselves individually and on behalf of all members of the Settlement Classes, believe that this Settlement Agreement is in the best interest of the Settlement Classes based on all the facts and circumstances.  As reflected by the signatures of counsel at the end of this document, the Parties have consented to this Settlement Agreement and will represent to the Court that this Settlement Agreement is fair and reasonable.

**F.     No Admission of Liability**

Nothing contained in, nor the consummation of, this Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Disney or any of the parties released by this Settlement Agreement.  Each of the Parties to this Settlement Agreement has

- 11 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

15

entered into this Settlement Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses. This Settlement Agreement is a settlement document and shall be inadmissible as provided in Rule 408 of the Federal Rules of Evidence or any other similar law.

## II.   RELIEF TO BE PROVIDED TO SETTLEMENT CLASSES

### A.   Affirmative Relief

In consideration of the dismissal and release of all claims asserted in the Second Amended Complaint, Disney agrees to perform the following affirmative steps to enhance accessibility for guests with visual impairments at the Disney Parks and on the Disney Websites. Except where otherwise noted, Disney agrees to complete performance of such steps within one year after the Effective Date of this Settlement Agreement:

1.   The Website Class

a.   In connection with the planned redesign of the Disney Websites, Disney agrees to enhance the accessibility of such websites to users with visual impairments in a manner consistent with the provisions of Section II.A.1 of this Settlement Agreement. Subject to Section II.A.1.a.(v) of this Settlement Agreement, Disney shall implement such accessibility enhancements in accordance with the accessibility standards set forth in Section II.A.1.b below and by the following dates:

(i)   By December 31, 2012:

A.   The majority of the content-related pages of the www.disneyworld.com website will be accessible to screen readers, including a page containing an accessible version of the hours and schedules for the Walt Disney World Parks otherwise posted on the website.

B.   All of the menus currently posted on the www.disneyworld.com website will be accessible to screen readers.

C.   For Restaurants at the Disney Parks located

- 12 -

1    at the Walt Disney World Resort, sample menus accessible to screen readers (which
2    provide examples of the menu items, but do not necessarily accurately and
3    completely reflect all short-term, temporary or daily menu items) will be posted on
4    the www.disneyworld.com website.

5                              (ii)    By July 2013:

6                                      A.    Guests of the Walt Disney World Resort
7    using screen readers on the www.disneyworld.com website will be able to purchase
8    tickets and passes to the Walt Disney World Parks and book rooms and packages at
9    WDPR-owned properties at the Walt Disney World Resort to the same extent as
10   individuals who are not using screen readers.

11                                     B.    The majority of the content-related pages of
12   the www.disneyland.com website will be accessible to screen readers, including a
13   page containing an accessible version of the hours and schedules for the Disneyland
14   and DCA Parks otherwise posted on the website.

15                                     C.    All of the menus currently posted on the
16   www.disneyland.com website will be accessible to screen readers.

17                                     D.    For Restaurants at Disneyland and DCA,
18   sample menus accessible to screen readers (which provide examples of the menu
19   items, but do not necessarily accurately and completely reflect all short-term,
20   temporary or daily menu items) will be posted on the www.disneyland.com
21   website.

22                              (iii)   By June 30, 2014:  Guests of the Disneyland Resort
23   using screen readers on the www.disneyland.com website will be able to purchase
24   tickets and passes to Disneyland and DCA and book rooms and packages at
25   WDPR-owned properties at the Disneyland Resort to the same extent as individuals
26   not using screen readers.

27                              (iv)    By December 31, 2015:

28                                      A.    Individuals using screen readers on the

                              - 13 -                CLASS ACTION SETTLEMENT
                                                    AGREEMENT AND RELEASE

                                                                              17

www.disneycruise.com website will be able to book staterooms, reserve onboard activities, and book shore excursions on Disney Cruise Line cruises to the same extent as individuals who are not using screen readers.

          B.    The majority of the content-related pages on the www.disneycruise.com website will be accessible to screen readers.

          (v)    Diligence.  Disney agrees to undertake diligent, good faith efforts to satisfy the deadlines listed in this Section II.A.1.a.  The Parties agree that Disney will have complied with the provisions of this Section II.A.1.a as long as Disney has undertaken diligent, good faith efforts to meet the referenced deadlines.

          b.    Applicable Accessibility Standards.  In fulfilling the obligations set forth in Section II.A.1.a above, WDPRO and WDPR agree to follow the WCAG 2.0 guidelines to the extent required by this Section II.A.1.b and Section II.A.1.c.

          (i)    All Level A guidelines, except for Success Criteria 4.1.1 Parsing.

          (ii)    The following Level AA guidelines:

          A.    1.4.3 Contrast (Minimum), except for text that requires a certain foreground and background appearance to conform to the branding requirements that Disney establishes for the text;

          B.    1.4.5 Images of Text;

          C.    2.4.5 Multiple Ways;

          D.    2.4.6 Headings and Labels;

          E.    2.4.7 Focus Visible, except when the technical limitations of the supported web browsers, or other technical limitations, make it impractical to implement;

          F.    3.2.4 Consistent Identification; and

- 14 -

G.     3.3.3 Error Suggestion.

(iii)     The following Level AAA guidelines:

A.     2.3.2 Three Flashes;

B.     2.4.9 Link Purpose (Link Only);

C.     2.4.10 Section Headings;

D.     3.1.4 Abbreviations;

E.     3.3.5 Help; and

F.     3.3.6 Error Prevention.

(iv)     To the extent that any of the Disney Websites utilize security measures designed by third parties, such as those offered by CAPTCHA or Turing, WDPRO agrees to implement such third party's features or tools for making such security measures accessible to users with visual impairments.

c.     Excluded Disney Websites Content.   The following portions of the Disney Websites need not comply with WCAG 2.0 standards or otherwise be made accessible to screen readers:

(i)     Content provided by users of the Disney Websites;

(ii)     The websites or web pages (other than the Disney Websites or the web pages that comprise the Disney Websites) that are reachable from links contained within the Disney Websites;

(iii)     Content contained on websites or platforms owned or operated by a party other than Disney;

(iv)     Content provided on the Disney Websites through a direct feed from a party other than Disney, such as an RSS (Rich Site Summary) feed;

(v)     Live webcasts;

(vi)     Those portions of the Disney Websites that are built and maintained by parties other than Disney;

**19**

- 15 -

1          (vii)  Immersive,   interactive   marketing   campaigns,
2    provided that ALT tags are provided for all images; and

3          (viii)  Short-term marketing websites or web pages that
4    are publicly available for less than four months in duration, provided that ALT tags
5    are provided for all images; and

6          (ix)  Personalized media content, including Photo Pass.

7          d.   Accessibility Policy.   Within 90 days after the Effective
8    Date:

9          (i)  WDPRO will adopt a written policy memorializing
10   its commitment to website accessibility and to compliance with the standards set
11   forth in Sections II.A.1.b and II.A.1.c above ("the Accessibility Policy");

12         (ii)  WDPRO and WDPR will each communicate the
13   Accessibility Policy to all of their respective employees and outside contractors
14   who each determines have responsibility for developing or maintaining the
15   accessibility features of the Disney Websites;

16         (iii)  Contracts   between   WDPRO   and   outside
17   contractors, which are entered into after the Effective Date, and relate to the
18   performance of services on the Disney Websites by such outside contractors, will
19   include a provision requiring compliance with the Accessibility Policy; and

20         (iv)  WDPRO will create a link to content within the
21   Disney Websites that will reaffirm the importance to Disney of making the Disney
22   Websites accessible to all of Disney's guests, including those who have visual
23   impairments, and will provide a method for making complaints or comments about
24   the accessibility of the Disney Websites.

25         e.   Accessibility   Testing/Development.   As   WDPRO
26   enhances the accessibility of the Disney Websites, as provided above, it will:

27         (i)  Select   and   use   an   electronic   testing   tool
28   periodically to assess the Disney Websites;                         **20**

(ii)   Select and develop testing protocols for its quality assurance process that include testing the Disney Websites against the requirements stated in this Settlement Agreement; and

(iii)   Test periodically the Disney Websites against the version of the JAWS screen reader utility identified in the Accessibility Policy.

f.   Audits.  WDPRO agrees to conduct periodic audits of the Disney Websites to monitor its ongoing compliance with the accessibility standards it has agreed to follow in Section II.A.1.d above, provided that no audits are required of any "Future Requirements," as defined in Section II.A.1.h below, or of any of the accessibility standards in Section II.A.1.d that have been superseded by such Future Requirements.  Such audits will utilize both electronic and human testing components, including at least one individual with a visual impairment.  If any audit under this Section II.A.1.f uncovers any failure to comply with the obligations contained in this Settlement Agreement with respect to any newly-launched portion of the Disney Websites, WDPRO will log any such non-compliance and prioritize the remediation of any such non-compliance in the same manner as other non-accessibility-related issues are remediated.

g.   Telephone Service.  Within 90 days after the Effective Date, Disney will provide a telephone service to assist guests with visual impairments who wish to purchase tickets and passes to the Disney Parks or to book rooms and packages at WDPR-owned properties at the Walt Disney World and Disneyland Resorts.  The telephone service shall be available at all times, except when the computerized reservations systems that will be used by the service are unavailable for routine maintenance, backup and upgrades and for unplanned and unforeseen circumstances.  This telephone service shall be available until WDPRO meets the standards identified in Sections II.A.1.a.(ii)A and II.A.1.a.(iii) above.

h.   Intervening Legislation or Regulation.  In the event that

-17-

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

21

the U.S. Department of Justice, or other governmental body or agency with the power to so act, issues website-related accessibility requirements (the "Future Requirements") that become effective during the performance of the obligations made in this Settlement Agreement, Disney may comply instead with any Future Requirements that apply to the Disney Websites, and will not be obligated to provide the affirmative relief required in Section II.A.1.a.

2.    The Effective Communication Class

a.    Schedules

(i)    As of the Effective Date, Disney will continue to make available by telephone an audio recording that provides the schedules for major entertainment offerings (*e.g.*, Fantasmic, World of Color) at Disneyland and DCA.

(ii)    As of the Effective Date, Disney will provide a telephone service to read parade and show information contained in the current and applicable Schedule Information Sheet and answer questions about such parades and shows upon request. Within 90 days after the Effective Date, the telephone number for this service will be included on the "Services for Guests with Visual Disabilities" Information Sheet that is available at the Disney Parks and will be posted on the www.disneyland.com and www.disneyworld.com websites on the respective "Visual Disabilities" pages. This telephone service will be available at least until the earlier of the following events:  (a) the Next Generation Handheld Device is deployed and contains the information available on the Schedule Information Sheet, and (b) the applicable portions of the "Park Hours and Schedule" pages of the www.disneyland.com and www.disneyworld.com websites containing the information on the Schedule Information Sheet are available in screen-readable format.

(iii)    Disney will take the actions identified in Sections II.A.1.a.(i)A and II.A.1.a.(ii)B for making information accessible that is contained

-18-

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

22

1    on the "Park Hours and Schedule" pages of the www.disneyland.com and
2    www.disneyworld.com websites.

3                    b.      Menus

4                            (i)      As of the Effective Date, Disney will provide a
5    telephone service to read information from menus for Restaurants whose menus are
6    posted on the "Dining" pages of the respective www.disneyland.com and
7    www.disneyworld.com websites and answer questions about such menus upon
8    request.   Within 90 days after the Effective Date, the telephone numbers for this
9    service will be included on the "Services for Guests with Visual Disabilities"
10   Information Sheet and will be posted on the "Visual Disabilities" pages of the
11   respective www.disneyland.com and www.disneyworld.com websites.     This
12   telephone service will be available at least until the earlier of the following events:
13   (a) the Next Generation Handheld Device is deployed and contains menu content
14   for the Restaurants that Disney identifies in Schedule E-1 of Exhibit E to this
15   Settlement Agreement, and (b) the menus available on the www.disneyland.com
16   and www.disneyworld.com websites are available in screen-readable format.

17                           (ii)     Disney will take the actions identified in Sections
18   II.A.1.a.(i)B and II.A.1.a.(ii)C for making information accessible that is contained
19   on the "Dining" pages of the www.disneyland.com and www.disneyworld.com
20   websites.

21                           (iii)    Disney will include in the audio description service
22   on the Next Generation Handheld Device menu content for the three Restaurants
23   that it identifies in Schedule E-2 of Exhibit E to this Settlement Agreement.

24                           (iv)     In developing the Next Generation Handheld
25   Device, Disney will explore the possibility of including menu content for all
26   Restaurants whose menus are available on the www.disneyland.com and
27   www.disneyworld.com websites.   Disney agrees to use diligent, good faith efforts
28   to include menu content for the Restaurants that it identifies in Schedule E-3 of

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

23

1   Exhibit E to this Settlement Agreement.

2                    (v)    Disney will update its Operating Guidelines for

3   food and beverage locations to provide that employees should read menus,

4   including entire menus, to guests, upon request.

5                    (vi)   Disney will provide a Braille menu at the four

6   Restaurants it identifies in Schedule E-4 of Exhibit E to this Settlement Agreement.

7   These Braille menus may be sample menus that provide examples of the menu

8   items, but do not necessarily accurately and completely reflect all short-term,

9   temporary or daily menu items.

10                   c.     Stationary Braille Maps

11                   Disney will provide at least two stationary Braille maps in

12  each of the Disney Parks, except that stationary Braille maps will not be installed at

13  DCA Park until approximately six months after its current renovation project is

14  completed, which is targeted for June 2012.

15                   d.     Mobile Braille Maps

16                   Disney will provide mobile Braille maps at the Disney

17  Parks for guests with visual impairments to borrow upon posting a refundable

18  deposit not to exceed the deposit required for borrowing of the Handheld Device.

19                   e.     Handheld Device

20                   (i)    Disney will take the actions stated in Sections

21  II.A.2.b.(iii) and II.A.2.b.(iv) and will also provide information in the audio

22  description service of the Handheld Device relating to the locations of service

23  animal relief areas.  Named Plaintiffs acknowledge that these actions may benefit

24  members of the Effective Communication Settlement Class.

25                   (ii)   In developing the Next Generation Handheld

26  Device, Disney will explore the possibility of: (a) providing navigational

27  capabilities that will allow guests with visual impairments to hear information

28  directing them to their desired locations; and (b) posting GPS coordinates for

- 20 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

24

1    various attractions or other locations within the Disney Parks for use by guests with

2    visual impairments who use map or global positioning system devices.

3                    (iii)   Disney has considered any input provided by

4    Named Plaintiffs regarding the functionality of the Handheld Device prior to

5    Named Plaintiffs' entering into the Settlement Agreement.

6                  f.     Companion Tickets

7                    (i)    Within 10 business days after the Effective Date,

8    Disney will provide, at no charge, on a one-time basis, 100 one-day tickets for

9    admission to either Disneyland or DCA, and 100 one-day tickets for admission to

10    either Magic Kingdom, Epcot Center, Disney's Hollywood Studios or Disney's

11    Animal Kingdom, to no more than two 501(c)(3) charitable organizations, as

12    provided below.  The Parties shall jointly select up to two charitable organizations

13    whose primary purpose is to serve individuals with visual impairments, but only

14    one organization for the tickets to the Disney Parks at the Disneyland Resort and

15    one organization for the tickets to the Disney Parks at the Walt Disney World

16    Resort.

17                    (ii)    The Parties agree that, by providing the enhanced

18    capacity and content of the audio description service on the Handheld Device (as

19    described in Section II.A.2.e above), and by providing temporary kenneling at

20    attractions on which service animals cannot ride (as described in Section II.A.3.e

21    below), Disney materially increases the ability of class members to visit the Disney

22    Parks without the assistance of a sighted companion.

23             3.    The Service Animal Class

24             a.    Within 90 days after the Effective Date, Disney will

25    designate at least three service animal relief areas in the public areas at each of the

26    Disney Parks and will continue to allow service animal relief in any open area at the

27    Disney Parks.

28             b.    Within 180 days after the Effective Date, Disney will add

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

1   information about the location of the designated service animal relief areas in each

2   of the Disney Parks to (i) the "Visual Disabilities" and "Services for Guests with

3   Service Animals" pages of the respective www.disneyland.com and

4   www.disneyworld.com websites; and (ii) the "Services for Guests with Visual

5   Disabilities" and the "Services for Guests with Service Animals" Information

6   Sheets.  Disney will also add information about the location of the designated

7   service animal relief areas in each of the Disney Parks to the relevant stationary and

8   mobile Braille maps provided pursuant to this Settlement Agreement.

9               c.      Within the time stated in that Section II.A.2.e.(i), Disney

10  will take the actions noted in that Section to add information to the audio

11  description service on the Handheld Device describing the location of designated

12  service animal relief areas.

13              d.      Disney will update the Operating Guidelines for its

14  custodial employees and for employees working in the areas adjacent to the

15  designated service animal relief areas to note the location of the designated service

16  animal relief areas and policies for use of the areas.

17              e.      Disney will provide temporary kennels or cages at

18  attractions at which service animals cannot ride.

19              f.      Disney will post on the respective "Visual Disabilities"

20  pages of the www.disneyland.com and www.disneyworld.com websites, and

21  include on the "Services for Guests with Service Animals" and "Services for Guests

22  with Visual Disabilities" Information Sheets, its policy, applicable at attractions at

23  which service animals cannot ride, of allowing guests with service animals to leave

24  such service animals with another member of the guest's party and to permit the

25  guest or individual temporarily handling the service animal to exchange places with

26  the guest who has just taken the ride or attraction.

27              g.      Not later than 14 days after the Effective Date, WDPR

28  will commence permitting guests with visual impairments at the Disneyland Resort

- 22 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

26

1    who are accompanied by service animals to use the service animal relief area and

2    run at the Disneyland Resort kennel free of charge, provided that the guest stays

3    with the service animal at all times while visiting the kennel.

4                    h.    Disney will update its Operating Guidelines for WDPR

5    employees who portray characters in the Disney Parks to provide that their

6    interactions with a guest accompanied by a service animal should occur as if the

7    guest were not accompanied by the service animal.  Training for WDPR employees

8    working as characters will include training on this aspect of the updated Operating

9    Guidelines.

10                    4.    The Infrastructure Class

11                    a.    Within six months after the Effective Date, Disney will

12   update its relevant Operating Guidelines to provide that disabled parade viewing

13   areas are available to all guests with disabilities, including guests with visual

14   impairments, who require preferential viewing as a result of their disability.  Disney

15   will continue to make these viewing areas available on a first-come, first-served

16   basis.

17                    b.    Disney has reviewed its current designated disabled

18   parade viewing areas in the Disney Parks to consider whether the level of non-

19   parade ambient noise materially interferes with a guest's ability to experience the

20   parade.   The Named Plaintiffs acknowledge that Disney has already considered

21   their input on this subject.

22                    c.    Disney will install five keyed lockers at a single location

23   at each of the Disneyland and DCA Parks.  Locker keys will be made available to

24   guests with visual impairments at a location determined by WDPR to be

25   appropriate and near the keyed lockers.  The rental rate of keyed lockers will not

26   exceed the rental rate of non-keyed lockers.

27                    d.    Parking

28                          (i)    Disney will designate in the Pinocchio Lot at the

- 23 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

27

Disneyland Resort the number of disabled parking spaces required by the applicable Americans with Disabilities Act Guidelines and by Title 24 of the California Building Code (the "Design Standards"). Consistent with these Design Standards, Disney will designate these parking spaces in the location that it determines to be the most proximate to the tram loading/unloading area adjacent to the Pinocchio Lot and the Mickey & Friends Parking Structure (the "Loading Area"). Disney will also create paths of travel between these parking spaces and the Loading Area that comply with the applicable provisions of the Design Standards.

(ii) Disney will, to the extent necessary, relocate or reconfigure any disabled parking spaces or paths of travel in the Mickey & Friends parking structure so that, other than the guest's own vehicle, a guest with disabilities is not required to travel behind parked vehicles.

**B.  Modification of Obligations in the Ordinary Course**

Nothing in this Settlement Agreement is intended, nor shall it be interpreted, to prevent Disney, as part of its ongoing operations of the Disney Parks or of the Disney Websites, from implementing changes to the features of the Parks or Disney Websites, or their operation, that would modify any of Disney's obligations under Section II.A. of this Settlement Agreement (including eliminating any such feature or its operation), provided that any such changes to the Parks or Disney Websites or their operations comply with the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), the Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et seq.*), the Disabled Persons Act (Cal. Civ. Code §§ 54 *et seq.*) and all other laws and regulations prohibiting discrimination against individuals with disabilities.

**III.  NOTICE TO SETTLEMENT CLASSES**

In their motion seeking preliminary approval of the Settlement Agreement, the Named Plaintiffs, WDPR and Disney Online will propose that Class Counsel email or mail a copy of the Notice substantially in the form of Exhibit A to this Settlement Agreement to each individual known to Class Counsel to have a visual

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

28

1   disability and to have expressed any concerns similar to those which Named
2   Plaintiffs have alleged in the Action.   WDPR and Disney Online will make
3   reasonable efforts, and will bear the costs, to publish the Notice in the next edition
4   of the regularly-circulating publications of the National Federation of the Blind, the
5   American Council of the Blind, The American Foundation for the Blind, and the
6   Los Angeles Radio Reader Service.   Counsel for the Parties shall distribute the
7   Notice described in this Section within 14 calendar days after the Court enters the
8   Preliminary Approval Order.

9        The failure of any Class Members to receive the Notice shall not be a basis
10  for invalidating this Settlement Agreement or any order entered pursuant to this
11  Settlement Agreement, and the settlement shall nevertheless be binding upon all
12  Class Members.

13  **IV.   CAFA NOTICE**

14       Within 14 calendar days after the Court enters the Preliminary Approval
15  Order, WDPR and Disney Online shall serve notice of the proposed settlement in
16  compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §§
17  1711 *et seq.*

18  **V.   RELEASE BY NAMED PLAINTIFFS**

19       In consideration for the mutual promises and covenants set forth or referred
20  to in this Settlement Agreement, the Named Plaintiffs, upon the entry of the Final
21  Approval Order**,** will release Disney, its subsidiaries and affiliated companies, and
22  in the case of all such entities, their respective past and present owners,
23  representatives, officers, directors, shareholders, attorneys, agents, employees,
24  insurers, successors and assigns (collectively referred to as the "Released Parties")
25  from any and all claims, counter-claims, liabilities, obligations, demands, and
26  actions of any and every kind or nature whatsoever, known or unknown, that have
27  arisen or might have arisen at any time up to and including the Effective Date.   This
28  Release includes any claims that were, or could have been, asserted in the Action,

- 25 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

29

1   including, without limitation, individual and class claims for discrimination and/or

2   denial of equal access to or enjoyment of any goods, services, facilities, websites,

3   privileges, advantages, or accommodations based upon a disability related to visual

4   impairment in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101

5   *et seq.*), the Unruh Civil Rights Act (Cal. Civil Code §§ 51 *et seq.*), the Disabled

6   Persons Act (Cal. Civil Code §§ 54 *et seq.*), any other state, local or federal statute,

7   rule, or regulation, or common law that governs, addresses, or affects the rights of

8   individuals with disabilities to gain equal or full access to or enjoyment of places of

9   public accommodation or places open to the public.  This release includes, but is

10   not limited to, claims for relief alleging a pattern and practice of disability-based

11   discrimination in, or an unlawful disparate impact associated with, access to or

12   enjoyment of the Disney Parks or the websites owned or operated by Disney.

13   **VI.   RELEASE BY CLASS MEMBERS**

14        In consideration for the mutual promises and covenants set forth or referred

15   to in this Settlement Agreement, Class Members who are not Named Plaintiffs,

16   upon the entry of the Final Approval Order, will release the Released Parties from

17   any and all claims, counter-claims, liabilities, obligations, demands, and actions of

18   any and every kind or nature whatsoever, known or unknown, that the Class

19   Members may have against the Released Parties for discrimination and/or denial of

20   equal access to or enjoyment of any goods, services, facilities, websites, privileges,

21   advantages, or accommodations based upon a disability related to visual

22   impairment under the common law or any state, local or federal statute, rule or

23   regulation, arising from Disney's practices or procedures in connection with, or the

24   condition of, the Disney Parks or websites owned or operated by Disney prior to the

25   Effective Date, or as those practices, procedures or conditions at the Disney Parks

26   or of the websites owned or operated by Disney are subsequently modified to

27   comply with the terms of this Settlement Agreement.  This release includes but is

28   not limited to any and all claims that have arisen or might have arisen that could

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

have been asserted in the Action, including claims in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), the Unruh Civil Rights Act (Cal. Civil Code §§ 51 *et seq.*), the Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.*), any other state, local or federal statute, rule, or regulation, or common law that governs, addresses or affects the rights of individuals with disabilities to gain equal or full access to or enjoyment of places of public accommodation or places open to the public.   This release includes, but is not limited to, claims for class-wide injunctive or declaratory relief alleging a class-wide pattern and practice of disability-based discrimination in, or an unlawful disparate impact associated with, access to or enjoyment of the Disney Parks or the websites owned or operated by Disney.  This release is intended to bind all Settlement Classes and Class Members and to preclude such Class Members from asserting or initiating future claims with respect to the issues in this Action or the subject matter of this Settlement Agreement.

## VII.   CIVIL CODE § 1542 WAIVER

As further consideration and inducement for this Settlement Agreement and upon the satisfaction or waiver of any conditions subsequent set forth in this Settlement Agreement, to the extent permitted by law, with respect to the Released Claims, Named Plaintiffs, for themselves and for all Class Members, (i) waive and release any and all rights under Section 1542 of the California Civil Code or any analogous state, local, or federal law, statute, rule, order or regulation that they have or may have, (ii) acknowledge that the effect and impact of Section 1542 has been explained to them by their own counsel, and (iii) further acknowledge that they may later discover facts different than or in addition to those which they now know or believe to be true with respect to the claims, demands, debts, liabilities, actions, causes of action, costs and expenses released, and agree that this Settlement Agreement shall be and will remain effective notwithstanding such different or additional facts.  California Civil Code Section 1542 reads as follows:

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Named Plaintiffs, for themselves and for all Class Members, expressly waive the protections of California Civil Code Section 1542 with respect to the Released Claims.

## VIII. NAMED PLAINTIFFS' SERVICE PAYMENTS

In recognition of the Named Plaintiffs' role in prosecuting this Action, including the provision of information to Class Counsel, assisting with disclosures and feedback to Disney, responding to Disney's discovery requests, and appearing and testifying at depositions noticed by Disney, Class Counsel shall file a motion for an award of service payments of no more than $15,000 for each Named Plaintiff to be paid by Disney, which motion shall be heard at the time of the Final Approval and Fairness Hearing. Class Counsel shall file this motion within 14 days after the Court enters the Preliminary Approval Order. Disney shall neither oppose nor support this motion. The amount of each service payment will be determined by the Court.

If approved by the Court, and subject to each of the Named Plaintiffs providing counsel of record for Disney with completed Forms W-9, Disney shall pay the approved service payment amounts to the Named Plaintiffs within 30 days after the Effective Date by means of a check sent by certified U.S. mail to the address provided by Class Counsel. Disney shall issue Forms 1099 to each of the Named Plaintiffs for the full amount of such payments.

32

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

## IX.   ATTORNEYS' FEES AND COSTS

Class Counsel shall file a motion for an award of reasonable attorneys' fees and costs not to exceed $1,550,000.  This award and amount shall include all fees and costs recoverable including any attorneys' fees and costs incurred after the date of this Settlement Agreement.  This motion shall be heard at the time of the Final Approval and Fairness Hearing.  Class Counsel shall file the motion for an award of fees within 14 days after the Court enters the Preliminary Approval Order.  Disney shall not oppose this motion or any proposed order awarding fees and costs in an amount not to exceed $1,550,000 in the aggregate.

Subject to each of the Class Counsel providing counsel of record for Disney with completed Forms W-9 and appropriate and complete wiring instructions, Disney shall pay any amounts due pursuant to this section and an Order of the Court within 30 days after the Effective Date by wiring the appropriate amount to a bank account designated for such purposes by Class Counsel.

## X.   PRELIMINARY APPROVAL

Named Plaintiffs, WDPR and Disney Online will submit this Settlement Agreement to the Court, and request (1) preliminary approval of the terms of the Settlement Agreement, (2) approval of the Notice attached as Exhibit A to this Settlement Agreement, or such other notice that the Court shall mandate, and (3) approval of all other steps to be taken to obtain Final Approval.  Named Plaintiffs, WDPR and Disney Online will request that the Court enter a Preliminary Approval Order, substantially in the form of Exhibit B.

Named Plaintiffs, WDPR and Disney Online shall cooperate to obtain the Court's prompt preliminary and final approval of the Settlement Agreement.  To expedite the implementation of the Settlement Agreement, Named Plaintiffs, WDPR and Disney Online shall ask the Court to set the hearing on the final approval of the Agreement no more than 75 days after the first provision of the Notice.

33

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

Counsel for Named Plaintiffs, WDPR and Disney Online shall distribute the Notice within 14 days after the Court enters the Preliminary Approval Order.  In addition, Class Counsel shall file the motions contemplated in Sections VIII and IX above within 14 days after the Court enters the Preliminary Approval Order.

## XI.    CLASS MEMBER OBJECTIONS

Any member of the Settlement Classes who elects to object to this Settlement Agreement and the proposed Preliminary Approval Order or otherwise to be heard concerning this settlement, shall timely inform Class Counsel, in writing of his or her intent to object or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Notice.  The objection date shall be set at least 35 days after the date on which Notice is distributed, and shall be after the date that Class Counsel files the motions contemplated in Sections VIII and IX above.

## XII.   FINAL APPROVAL AND FAIRNESS HEARING

On the date set forth in the Notice, the Court shall conduct the Final Approval and Fairness Hearing.

The Parties shall request that, if the Court approves the Settlement Agreement at the Final Approval and Fairness Hearing, it shall enter the Final Approval Order substantially in the form proposed as Exhibit C to this Settlement Agreement.

## XIII.  FINAL APPROVAL ORDER

The Final Approval Order shall: (a) dismiss the Second Amended Complaint and Teresa Stockton's allegations in the First Amended Complaint with prejudice; (b) approve the settlement, adjudging the terms of this Settlement Agreement to be fair, reasonable and adequate, and direct consummation of its terms and provisions; and (c) permanently enjoin all Class Members from presenting against Disney or its present or former parent companies, subsidiaries, affiliates, shareholders, officers,

directors, employees, partners, agents, representatives, attorneys, insurers, and any other successors and assignees, any individual or Settlement Class claims that are released by Sections V or VI of this Settlement Agreement or which were or could have been asserted in the Action.

## XIV.  DISPUTE RESOLUTION

The Parties agree that only the Parties, or Class Counsel on behalf of a member of the Settlement Class, may initiate a proceeding for violation or enforcement of the terms of the Settlement Agreement and that before any Party or Class Counsel initiates any claim, motion or other proceeding for violation or enforcement of the Settlement Agreement, the complaining Party must first provide the counterparty with (i) written notice of the matter in dispute to the counsel of record in the Action for that counterparty and (ii) a reasonable opportunity to cure any alleged event of default or omission.  The Party receiving such written notice of a matter in dispute must respond in writing within four weeks of receipt of the notice providing either a statement of opposition to the claim or of its intent to cure. In the event that this notice and cure procedure is unavailing, the Parties may apply to the Court to enforce the Settlement Agreement.

## XV.  FORCE MAJEURE

Disney's obligations under this Settlement Agreement, including the obligations under Section II.A of this Settlement Agreement, may be postponed if the postponement is caused by or attributable to a *force majeure*.  Under this *force majeure* provision, Disney's obligations under this Settlement Agreement may be tolled, for the period of the *force majeure*'s effect, if any inability to perform any obligations under this Settlement Agreement is due to acts of God, war, government laws or regulations, terrorism, disaster, strikes, civil disorder or an emergency beyond Disney's control, that make it illegal or impossible for Disney to perform.

35

## XVI.  APPLICABLE LAW

The Parties agree that this Settlement Agreement shall be in all respects interpreted, enforced and governed by and under federal law and, to the extent that resort must be had to state law, by the law of the State of California.

## XVII. FAILURE TO OBTAIN FINAL APPROVAL

In the event that this Settlement Agreement does not become final and effective in its current form, for whatever reason, this entire Settlement Agreement, including its exhibits, shall become null and void and of no force or effect.  In that event, no Party shall make any arguments in the Action based on any other Party having made any agreement in any of the papers submitted in connection with the settlement process, or any Preliminary Approval Order entered as part of the settlement process.

## XVIII.    CONFIDENTIALITY

All proprietary and confidential documents or information that previously have been provided to Class Counsel and/or the Named Plaintiffs as of the date this Settlement Agreement is executed shall be treated as, and shall forever remain, confidential.  Those documents and information shall not be disclosed to anyone other than the Court or agreed-upon mediator or special master in connection with any proceedings to enforce any provision of this Settlement Agreement.  If such disclosure is deemed necessary by Class Counsel, Class Counsel shall identify and disclose to Disney such documents and information deemed necessary to disclose at least 10 business days prior to filing such documents with the Court, mediator, or special master, and, if Disney so requests, shall seek permission to file said documents with this Court, mediator, or special master under seal.  All the files, records, discovery, investigation, work papers and any other document, whether electronic or written, that describes or contains any assessment of practices of Disney or which describes a condition, act or event at the Disney Parks or which relates to any of the websites owned or operated by Disney (with the exception of

-32-

1    documents that were publicly filed with the Court) shall not be made available to or

2    transferred to any other person and shall be kept and maintained by Class Counsel

3    inviolate.  Class Counsel warrant to Disney that they shall not produce their files, or

4    any portion of such files (with the exception of documents that were publicly filed

5    with the Court), to any other person unless compelled to do so by a formal legal

6    process in which event Class Counsel shall promptly notify counsel of record for

7    Disney of that event.  Nothing in this paragraph shall prevent Class Counsel from

8    using any information obtained in the course of this case in connection with any

9    action necessary to enforce or maintain the Settlement Agreement, or in connection

10   with any claim of professional negligence brought against Class Counsel.

11          Within 60 days after the Effective Date, all proprietary and confidential

12   documents or information provided to Class Counsel by Disney and designated as

13   "Confidential" or a similar designation pursuant to the Confidentiality Agreement

14   executed by the Parties and all copies of such documents or information shall be

15   destroyed, except that Class Counsel may maintain copies of all documents filed

16   with the Court.  Certification of such destruction shall be provided to counsel of

17   record for Disney.

18          Other than necessary disclosures made to the Court, including the public

19   filing of this Settlement Agreement and the Class Notice attached as Exhibit A to

20   this Settlement Agreement, the Parties' settlement negotiations and all related

21   information shall be held strictly confidential by Class Counsel and the Named

22   Plaintiffs, and shall not be disclosed to any third parties (including the media).

23   Notwithstanding the provisions in this Section, Class Counsel and the Named

24   Plaintiffs may communicate with members of the Classes for purposes of

25   implementing, administering and enforcing the Settlement Agreement as provided

26   in this Settlement Agreement, and Class Counsel may respond to inquiries they

27   receive from Class Members.

28

37

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

## XIX. COMMUNICATIONS WITH THE MEDIA

The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the media, or have any communications with the media about this Action or the fact, amount or terms of the settlement, except that Disney may make statements to the media about the accessibility of the Disney Parks or Parks Websites for its guests with disabilities, and the enhancements that it has agreed to make for guests with visual impairments.

## XX. MISCELLANEOUS

### A.    No Oral Modification

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties to this Settlement Agreement, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all of the Parties to this Settlement Agreement.

### B.    Entire Agreement

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated by this Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel are merged into this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing.

### C.    Successors in Interest

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties to this Settlement Agreement and their respective heirs, trustees, executors, administrators, successors and assigns.

### D.    Execution in Counterparts

This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each

- 34 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE

1   counterpart shall be deemed an original, and, when taken together with other signed

2   counterparts, shall constitute one fully-signed Settlement Agreement, which shall

3   be binding upon and effective as to all Parties.

4

5       STIPULATED AND AGREED TO
BY:

6       Dated:    April 23, 2012          DRINKER BIDDLE & REATH LLP

7

8

9                                   By:   */s/ David H. Raizman*
                                      David H. Raizman

10

11                                  Attorneys for Defendants
                                  Walt Disney Parks and Resorts U.S., Inc.

12                                  and Disney Online

13       Dated:    April 23, 2012          FORIZS & DOGALI, P.A.

14

15

16                                    By:   */s/ Andy Dogali*
                                      Andy Dogali

17                                  Attorneys For Named Plaintiffs
                                  Cari Shields and Amber Boggs and

18                                  the Settlement Classes

19

20

21       Dated:    April 23, 2012          EUGENE FELDMAN, ATTORNEY AT
                                  LAW, APC

22

23                                    By:   */s/ Eugene Feldman*
                                        Eugene Feldman

24                                  Attorneys For Named Plaintiffs
                                  Cari Shields and Amber Boggs and

25                                  the Settlement Classes

26

27   LA01/ 1096163.10

28                                                               **39**

                                            CLASS ACTION SETTLEMENT
                                            AGREEMENT AND RELEASE

# EXHIBIT A

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
## AND FAIRNESS HEARING

This Notice has been approved by the United States District Court for the Central District of California.

Be advised of the preliminary approval of the settlement of a class action lawsuit brought by Cari Shields and Amber Boggs (the "Named Plaintiffs") against Walt Disney Parks and Resorts U.S., Inc., and certain other Disney affiliates ("Disney"). The Named Plaintiffs, individually and on behalf of all members of the Settlement Classes, as defined below, allege that, as individuals with visual impairments, they were denied equal access to or enjoyment of the Disney theme parks in California and Florida (the "Disney Parks") or the websites owned or operated by Disney. Disney denies the Named Plaintiffs' allegations and denies any fault or wrongdoing whatsoever.

Under the proposed settlement, which the Court preliminarily approved on _____ 2012, Disney will make certain changes to its policies and practices (as set forth in the Class Action Settlement Agreement and Release) in exchange for the Settlement Classes releasing claims regarding the accessibility of the Disney Parks and websites owned or operated by Disney as they exist at the time of this settlement, or as they may be modified in accordance with the Settlement Agreement. A Final Approval and Fairness Hearing on the proposed settlement is scheduled for _____2012, at _____ a.m., in the courtroom of the Honorable Dolly M. Gee, United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 7, Los Angeles, California 90012.

Please read this Notice carefully. It contains important information about your legal rights concerning the proposed settlement of this lawsuit.

## 1. Who are members of the Settlement Classes?

The Court has preliminarily approved the following four Settlement Classes.

1

(1) <u>The Website Class</u>:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be unable to gain equal access to or enjoyment of one or more of the websites owned or operated by Disney such as www.disney.go.com,                    www.disneyland.com, www.disneyworld.com,  and  www.disneycruise.com as a result of their visual disability.

(2) <u>The Effective Communication Class</u>:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the absence of maps in an alternative format, or (ii) the absence of menus in an alternative format, or (iii) the absence of schedules of events at the Disney Parks in an alternative format, or (iv) inadequate or inconsistent operation of the audio description service on the Handheld Device, or (v) Disney's refusal to provide a free or discounted pass to their sighted companions, or (vi) the failure to be read, in full, the menus, maps or schedules of events at the Disney Parks.

(3) <u>The Service Animal Class</u>:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the fee charged for the use of a kennel for their service animal, or (ii) the absence of reasonably-designated service animal relief areas, or (iii) the absence of a location to kennel their service animal at attractions that do not allow service animals, or (iv) the lack of equal interaction with Disney employees who portray Disney characters because the individuals with visual impairments are accompanied by service animals.

(4) <u>The Infrastructure Class</u>:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be

2

denied equal access to or enjoyment of the Disney Parks because of (i) physical barriers to access, or (ii) the lack of reasonable modifications to Disney's policies and practices to permit such equal access or enjoyment. Among other things, the members of this class have been or will be denied equal access to or enjoyment of the parade viewing areas at the Disneyland Resort and the Walt Disney World Resort, and to public lockers or parking lots at the Disneyland Resort.

**2.  What are the benefits of the proposed settlement?**

Under the Settlement Agreement, Disney has agreed to enhance the services it currently offers to guests with visual impairments at the Disney Parks and on websites owned or operated by Disney. Those changes include: updating its guidelines regarding the manner in which costumed Disney characters interact with guests accompanied by service animals; providing certain Braille schedules, menus and maps; providing additional audio description and information about facilities and attractions on the handheld device already available to guests with visual disabilities; modifying policies and practices applicable to guests accompanied by service animals, including designating additional relief areas for service animals and modifying the options available to guests accompanied by service animals when service animals cannot ride on certain attractions; providing a limited number of free admission passes to be distributed by an agreed-upon charitable organization serving individuals with visual impairments; modifying guidelines regarding the reserved viewing areas for guests with disabilities at live parades; enhancing locker and parking facilities; and enhancing procedures and standards for making websites owned or operated by Disney accessible to users who access those websites using screen reader software utilities.

**3.  How could the settlement affect your legal rights?**

If Judge Gee approves the proposed settlement, members of the classes will release all claims for discrimination on the basis of visual disability as to any feature of the Disney Parks or websites owned or operated by Disney, or the way in which they were or are operated, as they existed at the time of the Court's final approval of settlement or as

3

they may be modified under the terms of the settlement. More specifically, the Settlement Agreement provides as follows:

> In consideration for the mutual promises and covenants set forth or referred to in this Settlement Agreement, Class Members who are not Named Plaintiffs, upon the entry of the Final Approval Order, will release the Released Parties[1] from any and all claims, counter-claims, liabilities, obligations, demands, and actions of any and every kind or nature whatsoever, known or unknown, that the Class Members may have against the Released Parties for discrimination and/or denial of equal access to or enjoyment of any goods, services, facilities, websites, privileges, advantages, or accommodations based upon a disability related to visual impairment under the common law or any state, local or federal statute, rule or regulation, arising from Disney's practices or procedures in connection with, or the condition of, the Disney Parks or websites owned or operated by Disney prior to the Effective Date[2], or as those practices, procedures or conditions at the Disney Parks or of the websites owned or operated by Disney are subsequently modified to comply with the terms of this Settlement Agreement. This release includes but is not limited to any and all claims that have arisen or might have arisen that

---

[1]     The "Released Parties" are as defined in the Settlement Agreement, but include Walt Disney Parks and Resorts U.S., Inc., Disney Online, Walt Disney Parks and Resorts Online, their subsidiaries and affiliated companies, and in the case of all such entities, their respective past and present owners, representatives, successors and assigns.

[2]     The "Effective Date" is as defined in the Settlement Agreement, but may be summarized as the date when the Court's order approving the Settlement Agreement is no longer subject to appeal or challenge, or the last such appeal or challenge has been decided in favor of the Court's approval of the Settlement Agreement.

4

could have been asserted in the Action, including claims in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), the Unruh Civil Rights Act (Cal. Civil Code § 51 *et seq.*), the Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.*), any other state, local or federal statute, rule, or regulation, or common law that governs, addresses or affects the rights of individuals with disabilities to gain equal or full access to or enjoyment of places of public accommodation or places open to the public.  This release includes, but is not limited to, claims for class-wide injunctive or declaratory relief alleging a class-wide pattern and practice of disability-based discrimination in, or an unlawful disparate impact associated with, access to or enjoyment of the Disney Parks or the websites owned or operated by Disney.  This release is intended to bind all Settlement Classes and Class Members and to preclude such Class Members from asserting or initiating future claims with respect to the issues in this Action or the subject matter of this Settlement Agreement.

**4.  What service payments are the Named Plaintiffs seeking for the work they performed for the Class?**

The Named Plaintiffs have filed a motion asking the Court to award them service payments of $15,000 each.  The Court will decide whether such payments are fair and reasonable.  You can see the complete motion for service payments at _____.

**5.  What attorneys' fees and what reimbursement of out of pocket costs are Class Counsel seeking?**

Class Counsel is applying to the Court to be paid attorneys' fees and costs in the aggregate amount of no more than $1,550,000.  The Court will decide whether the fees and costs Class Counsel seeks are fair and reasonable.  You can see Class Counsel's complete application for attorneys' fees and costs at _____.

5

**45**

**6. How can you comment on, or object to, the proposed settlement?**

      If you want to comment on, or object to, the settlement, you must mail your statement to Forizs & Dogali, P.A., 4301 Anchor Plaza Parkway, Suite 300, Tampa, Florida 33634 (1-813-289-0700). Your comment or objection must include at least your name, address, and telephone number, a reference to the lawsuit, and a discussion of the comment or objection, and must be postmarked no later than _____.

**7. When and where will the Final Approval and Fairness Hearing take place?**

      On _____, Judge Gee granted preliminary approval to the proposed settlement. After considering the comments and/or objections received from Class members, Judge Gee will next decide whether or not to: (1) grant final approval of the settlement; (2) grant Class Counsel's application for fees and costs; and (3) award service payments to the Named Plaintiffs. A hearing will be held on _____ at _____, in Courtroom 7 of the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012.

      You may attend this hearing at your own expense, but are not obligated to do so. If you choose to attend, you may request an opportunity to speak or be heard, but the Court is not required to allow this. You may retain an attorney at your own expense to represent you, but are not required to do so. If you intend to attend the fairness hearing, you must send a written notice of intent to appear to Forizs & Dogali, P.A., 4301 Anchor Plaza Parkway, Suite 300, Tampa, Florida 33634 (1-813-289-0700). Your notice of intent to appear must include at least your name, address, and telephone number, a reference to the lawsuit, and a statement that you intend to appear at the hearing, and must be postmarked no later than _____. If you wish to speak or be heard at the hearing, you must also include this request in your notice of intent to appear.

6

**46**

**8.  How can you get more information?**

You can obtain a copy of the complete settlement agreement from Class Counsel using the contact information listed below. You may also inspect the non-confidential parts of the case file in this lawsuit by going to the website of the U.S. District Court for the Central District of California (www.cacd.uscourts.gov).

Andy Dogali

Forizs & Dogali, P.A.

4301 Anchor Plaza Parkway

Suite 300

Tampa, Florida 33634

(813) 289-0700

disney.settlement@forizs-dogali.com

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARI SHIELDS, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., et al.,<br><br>                    Defendants. | Case No.: 10-cv-05810 DMG (FMOx)<br><br>Class Action<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT, GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND MANDATING NOTICE TO CLASS OF FINAL APPROVAL AND FAIRNESS HEARING<br><br>Judicial Officer:  Hon. Dolly M. Gee |

This matter is before the Court on the joint motions for preliminary approval of the settlement, leave to file a Second Amended Complaint and for conditional certification of the settlement classes (the "Motions") of plaintiffs Cari Shields and Amber Boggs (collectively, "Named Plaintiffs") and defendants Walt Disney Parks and Resorts U.S., Inc. and Disney Online (collectively, "Defendants").  The Motions seek, among other things, the Court's preliminary approval of the Class Action Settlement Agreement And Release (the "Settlement Agreement") entered into between Named Plaintiffs, on the one hand, and Defendants and Walt Disney Parks and Resorts Online (collectively, "Disney"), on the other hand.

**49**

Having considered the Motions as presented in the supporting briefs and papers and at oral argument, the absence of opposition to the Motions, and the Court having found that the proposed resolution of this matter set forth in the Settlement Agreement, taken as a whole, is fundamentally fair, adequate, and reasonable to all concerned, and for other good cause shown, the Court hereby Orders as follows:

1. Conditioned on the Court's final approval of the proposed settlement, the following classes shall be certified as settlement classes under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure:

a. The Website Class: All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be unable to gain equal access to or enjoyment of one or more of the websites owned or operated by Disney such as www.disney.go.com, www.disneyland.com, www.disneyworld.com, and www.disneycruise.com as a result of their visual disability.

b. The Effective Communication Class: All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the absence of maps in an alternative format, or (ii) the absence of menus in an alternative format, or (iii) the absence of schedules of events at the Disney Parks in an alternative format, or (iv) inadequate or inconsistent operation of the audio description service on the Handheld Device, or (v) Disney's refusal to provide a free or discounted pass to their sighted companions, or (vi) the failure to be read, in full, the menus, maps or schedules of events at the Disney Parks.

c. The Service Animal Class: All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney

1   Parks because of (i) the fee charged for the use of a kennel for their service animal,
2   or (ii) the absence of reasonably-designated service animal relief areas, or (iii) the
3   absence of a location to kennel their service animal at attractions that do not allow
4   service animals, or (iv) the lack of equal interaction with Disney employees who
5   portray Disney characters because the individuals with visual impairments are
6   accompanied by service animals.

7              d.    The Infrastructure Class:    All individuals with visual
8   impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102,
9   and (b) have been or will be denied equal access to or enjoyment of the Disney
10  Parks because of (i) physical barriers to access, or (ii) the lack of reasonable
11  modifications to Disney's policies and practices to permit such equal access or
12  enjoyment.  Among other things, the members of this class have been or will be
13  denied equal access to or enjoyment of the parade viewing areas at the Disneyland
14  Resort and the Walt Disney World Resort , and to public lockers or parking lots at
15  the Disneyland Resort.

16             2.    The Proposed Second Amended Complaint, which is attached as
17  Exhibit D to the Settlement Agreement, is hereby deemed filed as of the date of this
18  Order, and the date for Disney's response to that complaint shall be 20 days after
19  the Court's ruling at the final approval hearing set in Paragraph 5 below.  If the
20  Court does not issue an order of final approval of the Settlement Agreement, the
21  Second Amended Complaint shall have no force and effect, and the lawsuit will
22  continue pursuant to the First Amended Complaint.

23             3.    Conditioned on the Court's final approval of the proposed settlement,
24  Andy Dogali of Forizs & Dogali, PA, and Eugene Feldman, of Eugene Feldman,
25  Attorney at Law, APC, are appointed as Class Counsel of the conditionally-
26  certified classes under Rule 23(g) of the Federal Rules of Civil Procedure.

27             4.    Conditioned on the Court's final approval of the proposed Settlement
28  Agreement, the Court hereby grants preliminary approval to the proposed

D

- 3 -                    ORDER GRANTING PRELIMINARY
                        APPROVAL TO CLASS ACTION SETTLEMENT

settlement and compromise contained in the Settlement Agreement as it finds that, taken as a whole, the proposed settlement is fundamentally fair, adequate, and reasonable to all concerned.

5.   A final hearing on the approval of the Settlement Agreement will be held by this Court at _____ .m. on _____, 2012.

6.   No later than fourteen days after entry of this Order, Notice of the Final Approval and Fairness Hearing (in the form appended to this Order as Exhibit A), shall be provided in the following manner:

a.   Class Counsel shall email or mail a copy of the Notice to each individual known to Class Counsel to have a visual disability and to have expressed any concerns similar to those which Named Plaintiffs have alleged in the Action.

b.   Defendants will make reasonable efforts, and will bear the costs, to publish the Notice in the next edition of any regularly-circulating, written publication of the National Federation of the Blind, the American Council of the Blind, The American Foundation for the Blind and the Los Angeles Radio Reader Service.

7.   All other proceedings in this matter are hereby stayed pending the Court's ruling on final approval of the Settlement Agreement.

IT IS SO ORDERED.

DATED: _____        _____
                                   HONORABLE DOLLY M. GEE
                                   U.S. DISTRICT JUDGE

[Signatures of submitting counsel on next page]                          **52**

ORDER GRANTING PRELIMINARY
APPROVAL TO CLASS ACTION SETTLEMENT

1    Respectfully submitted by,

2    Respectfully submitted by,
3

4    DRINKER BIDDLE & REATH LLP

5
        _____ /s/ David H. Raizman _____
6    David H. Raizman
     Attorneys for Defendants
7    Walt Disney Parks and Resorts U.S., Inc.,
8    Disney Online and Walt Disney Parks and
     Resorts Online
9

10   FORIZS & DOGALI, P.A.

11   EUGENE FELDMAN ATTORNEY AT LAW, APC
12

13       _____ /s/ Andy Dogali _____
     Andy Dogali
14   Eugene Feldman
15   Attorneys for Plaintiffs Cari Shields and
     Amber Boggs and Class Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28                                                                      **53**

ORDER GRANTING PRELIMINARY
                                          APPROVAL TO CLASS ACTION SETTLEMENT

# EXHIBIT C

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| CARI SHIELDS, et al., | Case No.:  10-cv-05810 DMG (FMOx) |
| Plaintiffs, | Class Action |
| v. | [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE |
| WALT DISNEY PARKS AND RESORTS U.S., INC., et al., | |
| Defendants. | |
| | Judicial Officer:  Hon. Dolly M. Gee |

17
18
19
20
21
22
23
24

        This matter is before the Court on the joint motions (the "Motions") of plaintiffs Cari Shields and Amber Boggs ("Named Plaintiffs") and defendants Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and Disney Online for, among other things, final approval of the Class Action Settlement Agreement And Release (the "Settlement Agreement") entered in the above-captioned action.  The Motions seek, among other things, final approval of the Settlement Agreement entered into between Named Plaintiffs, on the one hand, and defendants WDPR, Disney Online and Walt Disney Parks and Resorts Online (collectively, "Disney").

25
26
27

        Having considered the Motions as presented in the supporting briefs and papers and at oral argument, the Settlement Agreement, and any comments or objections submitted by members of the conditionally-certified classes, and the

28

- 1 -

Court having found that the proposed resolution of this matter set forth in the Settlement Agreement, taken as a whole, is fundamentally fair, adequate, and reasonable to all concerned, and for other good cause shown, the Court hereby Orders as follows:

1.    The following classes shall be certified as settlement classes under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure:

a.    The Website Class:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be unable to gain equal access to or enjoyment of one or more of the websites owned or operated by Disney such as www.disney.go.com, www.disneyland.com, www.disneyworld.com, and www.disneycruise.com as a result of their visual disability.

b.    The Effective Communication Class:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the absence of maps in an alternative format, or (ii) the absence of menus in an alternative format, or (iii) the absence of schedules of events at the Disney Parks in an alternative format, or (iv) inadequate or inconsistent operation of the audio description service on the Handheld Device, or (v) Disney's refusal to provide a free or discounted pass to their sighted companions, or (vi) the failure to be read, in full, the menus, maps or schedules of events at the Disney Parks.

c.    The Service Animal Class:  All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the fee charged for the use of a kennel for their service animal, or (ii) the absence of reasonably-designated service animal relief areas, or (iii) the absence of a location to kennel their service animal at attractions that do not allow

- 2 -

ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT

1   service animals, or (iv) the lack of equal interaction with Disney employees who

2   portray Disney characters because the individuals with visual impairments are

3   accompanied by service animals.

4          d.     The Infrastructure Class:  All individuals with visual

5   impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102,

6   and (b) have been or will be denied equal access to or enjoyment of the Disney

7   Parks because of (i) physical barriers to access, or (ii) the lack of reasonable

8   modifications to Disney's policies and practices to permit such equal access or

9   enjoyment.  Among other things, the members of this class have been or will be

10  denied equal access to or enjoyment of the parade viewing areas at the Disneyland

11  Resort and the Walt Disney World Resort, and to public lockers or parking lots at

12  the Disneyland Resort.

13         2.     Andy Dogali of Forizs and Dogali PA, and Eugene Feldman, of the

14  Eugene Feldman, Attorney At Law, APC, are appointed as class counsel of the

15  certified classes under Rule 23(g) of the Federal Rules of Civil Procedure.

16         3.     The Court hereby grants final approval to the Settlement Agreement (a

17  true and correct copy of which is attached as Exhibit 1 to this Order) as it finds that,

18  taken as a whole, the settlement and compromise contained in that Settlement

19  Agreement is fundamentally fair, adequate, and reasonable to all concerned.

20         4.     Pursuant to Sections V and VI of the Settlement Agreement, Named

21  Plaintiffs and all members of the Settlement Classes and each of their executors,

22  successors, heirs, assigns, administrators, agents and representatives (collectively

23  the "Releasing Parties") shall be forever barred from asserting all claims, known or

24  unknown, that the Releasing Parties may have against Disney and the "Released

25  Parties" (as that term is defined in Section V of the Settlement Agreement) for

26  discrimination and/or denial of equal access to or enjoyment of any goods, services,

27  facilities, websites, privileges, advantages, or accommodations, based upon a

28  disability related to visual impairment, under the common law or any state, local or

- 3 -                ORDER GRANTING FINAL APPROVAL TO
                     CLASS ACTION SETTLEMENT

1  federal statute, rule or regulation, arising from Disney's practices or procedures in

2  connection with, or the condition of, the Disney Parks or websites owned or

3  operated by Disney prior to the Effective Date (as that term is defined in Section

4  I.A.10 of the Settlement Agreement), or as those practices, procedures or conditions

5  at the Disney Parks or of the websites owned or operated by Disney are

6  subsequently modified to comply with the terms of the Settlement Agreement

7  approved by this Order.  This Order is intended to bar members of the classes

8  defined in Paragraph 1 above from asserting or initiating future claims that have

9  been released and that relate to the issues in this Action or the subject matter of the

10 Settlement Agreement.

11        5.     Plaintiff Teresa Stockton's claims for relief in the First Amended

12 Complaint shall be and hereby are dismissed with prejudice.

13        6.     The Second Amended Complaint shall be and hereby is dismissed with

14 prejudice.

15

16 IT IS SO ORDERED.

17

18

19 DATED: _____            _____

20                                    THE HONORABLE DOLLY M. GEE
                                      U.S. DISTRICT JUDGE

21

22

23

24

25

26 [Submitting counsel's signatures on next page]

27

28

- 4 -                         ORDER GRANTING FINAL APPROVAL TO
                              CLASS ACTION SETTLEMENT

1   Respectfully submitted by,

2
    DRINKER BIDDLE & REATH LLP
3

4        _/s/ David H. Raizman_____
    David H. Raizman
5   Attorneys for Defendants
6   Walt Disney Parks and Resorts U.S., Inc.,
    Disney Online and Walt Disney Parks and
7   Resorts Online

8
    FORIZS & DOGALI, P.A.
9

10  EUGENE FELDMAN ATTORNEY AT LAW, APC

11
         _/s/ Andy Dogali____
12  Andy Dogali
13  Eugene Feldman
    Attorneys for Plaintiffs Cari Shields and
14  Amber Boggs and Class Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                    59

ORDER GRANTING FINAL APPROVAL TO
                                            CLASS ACTION SETTLEMENT

# EXHIBIT D

Eugene Feldman, Esq., SBN 118497
genefeldman@mindspring.com
EUGENE FELDMAN ATTORNEY AT LAW, APC
555 Pier Avenue, Ste. 4
Hermosa Beach, California 90254
Tel:        (310) 372-4636
Fax:        (310) 376-3531

Andy Dogali, Esq.
adogali@forizs-dogali.com
Admitted *Pro Hac Vice*
FORIZS & DOGALI, P.A.
4301 Anchor Plaza Parkway, Suite 300
Tampa, Florida 33634
Tel:        (813) 289-0700
Fax:        (813) 289-9435

Attorneys For Plaintiffs
Cari Shields, Amber Boggs and Class Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARI SHIELDS, AMBER BOGGS and TERESA STOCKTON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALT DISNEY PARKS AND RESORTS US, INC., DISNEY ONLINE, INC. and DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No. CV 10-5810-DMG (FMOx) <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> 1. **THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 2131, *et seq.*)** <br><br> 2. **THE UNRUH ACT (Cal. Civil Code § 51, *et seq.*)** <br><br> 3. **THE CDPA (Cal. Civil Code § 54,1, *et seq.*)** |

SECOND AMENDED COMPLAINT

61

## SECOND AMENDED CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, CARI SHIELDS and AMBER BOGGS, on their own behalf and on behalf of all others similarly situated (Collectively known as "PLAINTIFFS"), and sue the Defendants, WALT DISNEY PARKS AND RESORTS U.S., INC., WALT DISNEY PARKS AND RESORTS ONLINE and DISNEY ONLINE (Collectively known as "DEFENDANTS") and allege:

## INTRODUCTION

1. This action arises out of discriminatory practices by DEFENDANTS violating California statutes and common law, as well as federal law designed to protect individuals with a disability.

2. These practices include, *inter alia*, the denial of access to places of public accommodation and the discriminatory treatment given to individuals because of their physical disabilities.

3. As a result of these practices, the PLAINTIFF CLASSES were not able to benefit from the full use and enjoyment of DEFENDANTS' recreation facilities, theme parks, cruise line, hotels, restaurants and websites and were discriminated against on account of physical disability, i.e. visual impairment.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (2009), as one of the causes of action arises under federal law. Supplemental jurisdiction over the state law causes of action is proper in this Court pursuant to 28 U.S.C. §1367 (2009), and Rule 23 of the Federal Rules of Civil Procedure.

5. Venue for this action is proper in this Court pursuant to 28 U.S.C. §1391 (2009) because DEFENDANTS maintain corporate managerial business offices within the County of Los Angeles.

6. PLAINTIFFS bring this action on their own behalf and on behalf of all

1    persons within the PLAINTIFF CLASSES defined herein.

2    7.    This action is brought by the PLAINTIFFS to enforce Title III of the

3          Americans with Disabilities Act "ADA", 42 U.S.C. §12131, *et seq.*, the

4          Unruh Civil Rights Act, California Civil Code §51, *et seq.*, and the California

5          Disabled Persons Act, California Civil Code §54 *et seq.* (CDPA).

6                                    **PARTIES**

7    **PLAINTIFFS**

8    8.    Plaintiff Amber Boggs is an individual who, at all relevant times:

9          a.    Was a resident of the County of Los Angeles, State of California;

10         b.    Had a physical disability that affects her neurological and/or special

11               sense organs and substantially limits major life activities, namely

12               visual impairment;

13         c.    Was a person with a disability as that term is defined in 42 U.S.C.

14               §12102 and the California Government Code Section 12926;

15         d.    Owned year-long passes to Disneyland and has regularly patronized

16               the theme park facilities, restaurants, shops and websites operated by

17               DEFENDANTS, and Disney Cruise Line, within the last two years;

18         e.    Had visited Disneyland with her service animal;

19         f.    Suffered discrimination by the DEFENDANTS;

20         g.    Was a member of all PLAINTIFF CLASSES alleged in paragraph 18;

21         h.    Intended to visit DEFENDANTS' theme parks, cruise line, restaurants,

22               and shops in California and/or Florida in the future as well as their

23               websites.

24   9.    Plaintiff Cari Shields is an individual who, at all relevant times:

25         a.    Was a resident of the County of Riverside, State of California;

26         b.    Had a physical disability that affects her neurological and/or special

27               sense organs and substantially limits major life activities, namely

28               visual impairment;

- 2 -                           SECOND AMENDED COMPLAINT

c.   Was a person with a disability as that term is defined in 42 U.S.C. §12102 and the California Government Code §12926;

d.   Owned year-long passes to Disneyland and has regularly patronized the theme park restaurants, and shops operated by DEFENDANTS in both Florida and California, and Disney Cruise Line, within the last two years;

e.   Had visited Disneyland in California and Disney World in Florida with her service animal including on or about November 1, 2009, when Ms. Shields reserved seating for 6:45 p.m. for the Character Dining at the Crystal Palace with "Winnie Pooh and Friends" at Walt Disney World Resort in Orlando, Florida, and was denied interaction with costumed Disney characters as part of her dining experience. Upon complaining to management and staff she was told by two cast members that it is Disney policy that characters are not allowed to interact with guests with service animals. She then went to guest services in the Magic Kingdom where she was told by two more cast members that it is DEFENDANTS' policy that characters are not allowed to interact with guests with service animals.

g.   Suffered discrimination by the Defendants.

h.   Was a member of all PLAINTIFF CLASSES alleged in paragraph 18;

i.   Intended to visit DEFENDANTS theme parks, cruise line, hotels, restaurants, and shops in California and/or Florida in the future.

**DEFENDANTS**

10.   Defendant WALT DISNEY PARKS AND RESORTS, U.S. INC. ("PARKS") is a Florida corporation which at all times herein mentioned:

a.   Maintained its principal place of business in Orange County, Florida and is authorized to conduct business in the State of California and is conducting business in Los Angeles County in the City of Burbank.

- 3 -                          SECOND AMENDED COMPLAINT

b.   Owns and operates and/or is the lessor or lessee of the Walt Disney World Resort located in Orange and Osceola Counties in Florida. The Walt Disney World Resort is comprised of theme parks, hotels, restaurants, and shops, each of which are public accommodations. PARKS also owns and operates and/or is the lessor or lessee of the Disneyland/California Adventure in Anaheim, Orange County, California.   The Disneyland/California Adventure is similarly comprised of theme parks, hotels, restaurants, and shops, each of which are public accommodations.

c.   Discriminated against the PLAINTIFF CLASSES by, *inter alia*:

1.   Maintaining a policy of refusing to allow costumed Disney characters to interact with visually impaired patrons with service animals at the theme parks, hotels, restaurants, and shops at Walt Disney World Resort in Florida and Disneyland/California Adventure in California;

2.   Failing to provide Braille signage and/or large print within the aforementioned theme parks, hotels, restaurants, and shops, so as to orient visually impaired patrons as to the location of rides, restaurants and facilities;

3.   Failing to provide schedules and menus in accessible alternative formats such as Braille and/or large print; (2) Failure by Disney employees to read in full, the menus upon request by visually impaired patrons (3) Failing to provide Braille maps in a mobile format; and (4) Failing to provide Braille maps in a reasonable number of locations within the theme parks, hotels, restaurants, and shops;

4.   Providing auxiliary aids and services, specifically, audio description devices which are designed to shut off automatically

-4-                                SECOND AMENDED COMPLAINT

after a given time interval but cannot be re-set by a visually impaired user so as to render the device inaccessible;

5. Failing to provide reasonable accommodations to visually impaired patrons using service animals by: (1) failing to provide reasonable designated areas within the theme parks, hotels, restaurants, and shops for service animals to defecate and (2) charging visually impaired patrons using service animals a $20.00 fee for the use of kennel facilities; (3) locating the kennel facilities outside of the theme parks; and (4) refusing to allow service animals to be tied to any locations within the theme parks while the visually impaired owner is using park rides;

6. Failing to provide reasonable accommodations to visually impaired patrons by simultaneously refusing to provide a Disney employee to assist a visually impaired patron and also requiring visually impaired patrons to pay full price for a ticket for an aide or attendant to serve the function of assisting the patron in navigating around the theme parks;

7. Maintaining a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments;.

8. Renting lockers to park visitors which are inaccessible to persons with visual impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the visually impaired and 3) provide only a printed receipt with the combination to open the rented locker;

9. Maintaining one or more websites including www.disney.go.com that are not fully accessible for persons

SECOND AMENDED COMPLAINT

with visual impairments utilizing screen reader software which prevents PLAINTIFF CLASSES from enjoying equal access to the DEFENDANTS' theme parks, cruise line, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites;

10. Violating the following provisions of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") at the Disneyland's parking structure and parking lot: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5; all so as to violate the Americans with Disabilities Act and Title 24 of the California Code of Regulations.

11. Defendant WALT DISNEY PARKS AND RESORTS ONLINE ("WDPRO") is a corporation which at all times herein mentioned:

a. Maintained its principal place of business in Los Angeles County, California and is authorized to conduct business in the State of California and is conducting business in Los Angeles County in the City of Burbank.

b. Owns or operates various websites relating to the theme parks, hotels, restaurants, and shops, each of which is a public accommodation, at the Disneyland Resort in Anaheim, California and at the Walt Disney World Resort in Florida, and relating to the Disney Cruise Line, including www.disneyland.com, www.disneyworld.com and www.disneycruise.com.

c. Discriminated against the PLAINTIFF CLASSES by, *inter alia*, maintaining one or more websites, including www.disneyland.com, www.disneyworld.com and www.disneycruise.com that are not fully accessible for persons with visual impairments utilizing screen reader software which prevents PLAINTIFF CLASSES from enjoying equal

SECOND AMENDED COMPLAINT

1     access to the DEFENDANTS' theme parks, cruise line, hotels,
2     restaurants and stores and the numerous goods, services and benefits
3     offered to the public through DEFENDANTS' websites;

4   12.   Defendant DISNEY ONLINE ("DISNEY ONLINE") is a California
5         corporation which at all times:

6         a.   Maintained its principal place of business in Orange County, Florida
7              and is authorized to conduct business in the State of California and is
8              conducting business in Los Angeles County in the City of Burbank.

9         b.   Owns or operates websites as part of the DEFENDANTS' business
10             plan to sells goods, services, and tickets and reservations to its theme
11             parks, hotels, restaurants and shops through its websites.

12        c.   Discriminated against the PLAINTIFF CLASS by, *inter alia*,
13             maintaining one or more websites including www.disney.go.com that
14             are not fully accessible for persons with visual impairments utilizing
15             screen reader software which prevents PLAINTIFF CLASSES from
16             enjoying equal access to the DEFENDANTS' theme parks, cruise line,
17             hotels, restaurants and stores and the numerous goods, services and
18             benefits offered to the public through DEFENDANTS' website.

19  13.   The true names and capacities, whether individual, corporate, partnership,
20        associate or otherwise of DEFENDANTS Does 1-10, inclusive, are unknown
21        to the PLAINTIFFS who therefore sue these DEFENDANTS by such
22        fictitious names pursuant to California Code of Civil Procedure Section 474.
23        PLAINTIFFS will seek leave to amend this Complaint to allege the true
24        names and capacities of Does 1 through 10, inclusive, when they are
25        ascertained.

26  14.   PLAINTIFFS are informed and believe, and based upon that information and
27        belief allege, that each of the DEFENDANTS named in this Complaint,
28        including Does 1 through 10, inclusive, are responsible in some manner for

- 7 -                           SECOND AMENDED COMPLAINT

68

1    one or more of the events and happenings that proximately caused the
2    injuries and damages hereinafter alleged.

3  15.   PLAINTIFFS are informed and believe, and based upon that information and
4    belief allege, that each of the DEFENDANTS named in this Complaint,
5    including Does 1 through 10, inclusive, acted in concert with respect to the
6    acts and omissions alleged hereinafter and to all appearances,
7    DEFENDANTS and each of them represented a united body so that the
8    actions of one DEFENDANT were accomplished in concert with, and with
9    knowledge, ratification, authorization and approval of each of the other
10   DEFENDANTS.

11  16.  PLAINTIFFS are informed and believe, and based upon that information and
12   belief allege, that each of the DEFENDANTS named in this complaint,
13   including Does 1 through 10, inclusive, is and at all times mentioned herein
14   was, the agent, servant and/or employee of each of the other DEFENDANTS
15   and that each DEFENDANT was acting within the course and scope of his,
16   her or its authority as the agent, servant and/or employee of each of the other
17   DEFENDANTS. Consequently, all of the DEFENDANTS are jointly and
18   severally liable to the PLAINTIFFS for the damages sustained as a proximate
19   result of their conduct.

20  17.  At all times set forth herein, the acts and omissions of each DEFENDANT
21   caused, led and/or contributed to the various acts and omissions of each and
22   all of the other DEFENDANTS, legally causing PLAINTIFFS' injuries and
23   damages as set forth.

24           **CLASS REPRESENTATION ALLEGATIONS**
25               **Definition of the Alleged Class**

26  18.  This action consists of the following PLAINTIFF CLASSES who are
27   residents of the United States:

28       a.    The Website Class:  All individuals with visual impairments

---

who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be unable to gain equal access to or enjoyment of one or more of the websites owned or operated by DEFENDANTS such as www.disney.go.com, www.disneyland.com, www.disneyworld.com, and www.disneycruise.com as a result of their visual disability.

   b.   The Effective Communication Class:   All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the absence of maps in an alternative format, or (ii) the absence of menus in an alternative format, or (iii) the absence of schedules of events at the Disney Parks in an alternative format, or (iv) inadequate or inconsistent operation of the audio description service on the Handheld Device, or (v) Disney's refusal to provide a free or discounted pass to their sighted companions, or (vi) the failure to be read, in full, the menus, maps or schedules of events at the Disney Parks.

   (c)   The Service Animal Class:   All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) the fee charged for the use of a kennel for their service animal, or (ii) the absence of reasonably-designated service animal relief areas, or (iii) the absence of a location to kennel their service animal at attractions that do not allow service animals, or (iv) the lack of equal interaction with Disney employees who portray Disney characters because the individuals with visual impairments are accompanied by service animals.

SECOND AMENDED COMPLAINT

         (d)    The Infrastructure Class: All individuals with visual impairments who (a) have a disability, as that term is defined in 42 U.S.C. §12102, and (b) have been or will be denied equal access to or enjoyment of the Disney Parks because of (i) physical barriers to access, or (ii) the lack of reasonable modifications to Disney's policies and practices to permit such equal access or enjoyment. Among other things, the members of this class have been or will be denied equal access to or enjoyment of the parade viewing areas at the Disneyland Resort and the Walt Disney World Resort, and to public lockers or parking lots at the Disneyland Resort.

## Maintenance of the Action

19. PLAINTIFFS bring this action individually and on behalf of themselves and as representatives of all similarly situated persons, pursuant to California Code of Civil Procedure Section 382, and the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## Class Action Allegations

20. At all material times, PLAINTIFF SHIELDS was and is a member of all PLAINTIFF CLASSES described in paragraph 18. At all material times, PLAINTIFF BOGGS was and is a member of all PLAINTIFF CLASSES described in paragraph 18.

21. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure Section 382, and the provisions of Rule 23 of the Federal Rules of Civil Procedure in that:

    a.    In 2008, the Social Security Administration estimated there were in excess of 6.3 million persons visually impaired and over the age of 18 in the United States. According to the Disney Vacation Tips website, the daily attendance at Disneyland in Anaheim is 4,000. Additionally, according to the Themed Entertainment Association/Economic

- 10 -           SECOND AMENDED COMPLAINT

1    Research Associates Attraction Attendance Report 2008, the Magic

2    Kingdom/Disney World Resort in Florida had over 17 million visitors

3    in 2008 while Disneyland/California Adventure had over 14 million

4    visitors in 2008. While the number of visitors with visual impairments

5    cannot be precisely calculated, it is reasonable to estimate that

6    thousands of visitors were visually impaired among the 14 million who

7    visited Disneyland in Anaheim in 2008. As such, the class of qualified

8    individuals who are visually impaired and have visited either

9    Disneyland/California Adventure in California and/or Walt Disney

10    World Resort in Florida, or have attempted to access DEFENDANTS'

11    websites is so numerous that joinder of all members is impracticable.

12    b.    Nearly all factual, legal, statutory, declaratory and injunctive relief

13    issues that are raised in this Complaint are common to the PLAINTIFF

14    CLASSES and will apply uniformly to each member of the

15    PLAINTIFF CLASSES. There are questions of law and fact common

16    to the class. The Unruh Civil Rights Act and California Public

17    Accommodations law requires that public accommodations, such as

18    the ones operated by DEFENDANTS, be accessible to persons with

19    disabilities, which is a question of law common to all members of the

20    class. The failure of DEFENDANTS to provide accommodations and

21    remove policies that discriminate against persons with disabilities

22    presents a question of fact common to all members of the class.

23    Furthermore, the primary relief that the class is seeking is equitable in

24    nature, in that the class is asking for final injunctive relief asking that

25    DEFENDANTS provide accommodations and discontinue

26    discriminating policies in their theme parks, restaurants, hotels, and

27    other facilities it operates. Furthermore, prosecutions of separate

28    actions would create the risk of inconsistent or varying adjudications

1    with respect to individual members of the class which would establish

2    incompatible standards of conduct for the DEFENDANTS.

3    c.    PLAINTIFFS' claims are typical of the claims of the class of persons

4    with disabilities that sustained and continue to sustain injuries arising

5    out of the DEFENDANTS' conduct or omissions in violation of state

6    and federal law as complained of herein. PLAINTIFFS, like all other

7    members of the Class, claim that DEFENDANTS violated the ADA

8    and California Statutes by discriminating against persons with

9    disabilities and excluding the PLAINTIFFS, and other similarly

10    situated persons, from full and equal enjoyment of the goods, services,

11    programs, facilities, privileges, advantages, or accommodations of

12    DEFENDANTS' theme parks, cruise line, restaurants, hotels, websites

13    and other facilities they operates; and subjecting PLAINTIFFS to

14    discrimination by denying, segregated or excluding visually impaired

15    guests from enjoying their facilities and other goods, services,

16    programs, privileges, advantages or accommodations to the

17    PLAINTIFFS, as well as other similarly situated persons.

18    d.    PLAINTIFFS' claims will fairly and adequately protect the interests of

19    the PLAINTIFF CLASSES, and have retained counsel competent and

20    experienced in class action litigation.  SHIELDS and BOGGS have no

21    interests antagonistic to, or in conflict with, those of the Plaintiff

22    Classes.  Counsel for the Classes will vigorously assert the claims of

23    all Members of the PLAINTIFF CLASSES.

24    e.    Moreover, judicial economy will be served by the maintenance of this

25    lawsuit as a class action, in that it is likely to avoid the burden which

26    would be otherwise placed upon the judicial system by the filing of

27    thousands of similar suits by disabled people across the country.

28    f.    Class action treatment of these claims will avoid the risk of

- 12 -                  SECOND AMENDED COMPLAINT

73

inconsistent or varying adjudications with respect to individual members of the PLAINTIFF CLASSES which would establish incompatible standards of conduct for the parties opposing the PLAINTIFF CLASSES. There are no obstacles to effective and efficient management of this lawsuit as a class action.

g.   The parties opposing the PLAINTIFF CLASSES have acted or refused to act on grounds generally applicable to the PLAINTIFF CLASSES, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the PLAINTIFF CLASSES as a whole; or

h.   Common questions of law and fact exist as to the members of the PLAINTIFF CLASSES and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in consideration of:

    i.    The interests of the members of the PLAINTIFF CLASSES in individually controlling the prosecution or defense of separate actions;

    ii.   The extent and nature of any litigation concerning the controversy already commenced by or against members of the PLAINTIFF CLASSES;

    iii.  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    iv.   The difficulties likely to be encountered in the management of a class action.

22.  This Court should permit this action to be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because:

a.   The questions of law and fact common to the PLAINTIFF CLASSES

- 13 -

SECOND AMENDED COMPLAINT

74

1        predominate over any questions affecting only individual members;

2    b.   A Class Action is superior to any other available method for the fair
3         and efficient adjudication of the claims of the members of the
4         PLAINTIFF CLASSES;

5    c.   PLAINTIFFS and the other members of the PLAINTIFF CLASSES
6         will not be able to obtain effective and economic legal redress unless
7         the action is maintained as a Class Action; and

8    d.   There is a community of interest in obtaining appropriate legal and
9         equitable relief for the common law and statutory violations and other
10        improprieties which DEFENDANTS' actions have inflicted upon the
11        PLAINTIFF CLASSES; and

12   23.  PLAINTIFFS contemplate the eventual issuance of notice to the proposed
13        class members of each of the PLAINTIFF CLASSES which would set forth
14        the subject and nature of the instant action. The DEFENDANTS' own
15        business records may be utilized for assistance in the preparation and
16        issuance of the contemplated notices.  To the extent that any further notices
17        may be required, PLAINTIFFS would contemplate the use of additional
18        media and/or mass mailings.

19   24.  Among the many questions of law and fact common to the class are:

20   a.   Whether the DEFENDANTS and its entities maintained a policy of
21        refusing to allow costumed Disney characters to interact with visually
22        impaired patrons with service animals at DEFENDANTS theme parks
23        and properties at the Walt Disney World Resort in Florida and
24        Disneyland/California Adventure in California;

25   b.   Whether the DEFENDANTS and its entities failed to provide Braille
26        signage and/or large print within the theme parks so as to orient
27        visually impaired patrons as to the location of rides, restaurants and
28        facilities;

- 14 -                    SECOND AMENDED COMPLAINT

c.   Whether the DEFENDANTS and its entities failed to provide schedules and menus in accessible alternative formats such as Braille and/or large print;

d.   Whether the DEFENDANTS and its entities failed to read the menus, in full, to visually impaired patrons upon request;

e.   Whether the DEFENDANTS failed to provide Braille maps in a portable format;

f.   Whether DEFENDANTS failed to provide Braille maps at a reasonable number of locations within the theme parks;

g.   Whether the audio description devices are reasonably accessible to the visually impaired;

h.   Whether it was lawful for the DEFENDANTS to charge a $20 fee for the use of kennel facilities at the park for service animals;

i.   Whether the DEFENDANTS were legally required to have designated areas within the theme parks for service animals to defecate or to be tied up while visually impaired owners used the rides;

j.   Whether DEFENDANTS are legally required to provide a free or discounted ticket to the aid or companion of a visually impaired visitor to the theme parks as a reasonable accommodation;

k.   Whether DEFENDANTS and its entities maintained a policy at parades, such as the Main Street Electric Parade, that only wheelchair users are allowed to use the area designated for handicapped guests and not guests with other disabilities such as visual impairments;

l.   Whether it was lawful for DEFENDANTS and its entities to rent lockers for use to guests which are inaccessible to persons with visual impairments because the lockers: 1) utilize an inaccessible touch screen; 2) have no attendant to assist the visually impaired and 3) provide only a printed receipt with the combination to open the rented

1  locker;

2  m.  Whether DEFENDANTS maintain one or more websites including
3  www.disney.go.com, www.disneyland.com, www.disneyworld.com
4  and www.disneycruise.com that are not fully accessible for persons
5  with visual impairments utilizing screen reader software which prevent
6  persons with visual impairments from enjoying equal access to the
7  DEFENDANTS' theme parks, cruise line, hotels, restaurants and
8  stores and the numerous goods, services and benefits offered to the
9  public through DEFENDANTS' websites;

10  n.  Whether DEFENDANTS' parking structure and parking lot in
11  Disneyland violates one or more of the following ADAAG provisions:
12  4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5;

13  o.  Whether DEFENDANTS violated California Civil Code §51 et seq. in
14  failing to provide full and equal access to disabled persons with
15  visually impairments;

16  p.  Whether DEFENDANTS violated California Civil Code §54 et seq. in
17  failing to provide full and equal access to disabled persons with visual
18  impairments; and

19  q.  Whether DEFENDANTS violated the Americans with Disabilities Act
20  in failing to provide full and equal access to disabled persons with
21  visual impairments.

22  25.  As to the issues raised in this case, a class action is superior to all other
23  methods for the fair and efficient adjudication of this controversy, since
24  joinder of all class members is impracticable.  Class members reside
25  anywhere in the country.  It is essential that many legal and factual questions
26  be adjudicated uniformly to all class members.  Further, as the economic or
27  other loss suffered by vast numbers of class members may be relatively
28  small, the expense and burden of individual actions make it difficult for the

- 16 -                              SECOND AMENDED COMPLAINT

1    class members to individually redress the wrongs they have suffered.

2  26.  Moreover, in the event disgorgement is ordered, a class action is the only
3    mechanism that will permit the employment of a fluid fund recovery to
4    insure that equity is achieved.  There will be relatively little difficulty in
5    managing this case as a class action.

6  27.  Class action treatment is superior to other available methods for a fair and
7    efficient adjudication of the claims presented by this complaint and would
8    reduce the financial, administrative and procedural burdens on the parties and
9    on the Court which individual action would otherwise impose.

10              **THE AMERICANS WITH DISABILITIES ACT**

11                     **History & Purpose**

12  28.  In 1990, the United States Congress made findings regarding physically
13    disabled persons, finding that laws were needed to more fully protect "some
14    43 million Americans [with] one or more physical or mental disabilities";
15    that "historically society has tended to isolate and segregate individuals with
16    disabilities"; and that "such forms of discrimination against individuals with
17    disabilities continue to be a serious and pervasive social problem"; that "the
18    Nation's proper goals regarding individuals with disabilities are to assure
19    equality of opportunity, full participation, independent living and economic
20    self sufficiency for such individuals"; and that "the continuing existence of
21    unfair and unnecessary discrimination and prejudice denies people with
22    disabilities the opportunity to compete on an equal basis and to pursue those
23    opportunities for which our free society is justifiably famous...." 42 U.S.C.
24    §12101.

25          **STATUTORY PROTECTION FOR DISABLED PERSONS**

26                   **Public Accommodations**

27  29.  Title III of the ADA establishes the general rule that:

28      No individual shall be discriminated against on the basis of disability

- 17 -          SECOND AMENDED COMPLAINT

78

1     in the full equal enjoyment of the goods, services, facilities, privileges,

2     advantages or accommodations by any person who owns, leases, or

3     operates a place of public accommodation. 42 U.S.C. §12182 (a).

4  30.   The ADA defines "discrimination" to include:

5     A failure to make reasonable modifications in policies, practices or

6     procedures, when such modifications are necessary to afford such

7     goods, services, facilities, privileges, advantages, or accommodations

8     to individuals with disabilities, unless the entity can demonstrate that

9     making such modification would fundamentally alter the nature of

10     such goods, services, facilities, privileges, advantages or

11     accommodations. 42 U.S.C. §12182 (b)(2)(A)(ii).

12  31.   The regulations promulgated by the United States Department of Justice

13     provide:

14     Denial of participation. A public accommodation shall not subject an

15     individual or class of individuals on the basis of a disability or

16     disabilities of such individual or class, directly, or through contractual,

17     licensing, or other arrangements, to a denial of the opportunity of the

18     individual or class to participate in or benefit from the goods, services,

19     facilities, privileges, advantages, or accommodations of a place of

20     public accommodation. 28 C.F.R. §36.202(a)

21     Participation in unequal benefit. A public accommodation shall not

22     afford an individual or class of individuals, on the basis of a disability

23     or disabilities of such individual or class, directly, or through

24     contractual, licensing, or other arrangements, with the opportunity to

25     participate in or benefit from a good, service, facility, privilege,

26     advantage, or accommodation that is not equal to that afforded to other

27     individuals. 28 C.F.R. §36.202(b).

28     Separate benefit. A public accommodation shall not provide an

- 18 -     SECOND AMENDED COMPLAINT

1    individual or class of individuals, on the basis of a disability or

2    disabilities of such individual or class, directly, or through contractual,

3    licensing, or other arrangements with a good, service, facility,

4    privilege, advantage, or accommodation that is different or separate

5    from that provided to other individuals, unless such action is necessary

6    to provide the individual or class of individuals with a good, service,

7    facility, privilege, advantage, or accommodation, or other opportunity

8    that is as effective as that provided to others. 28 C.F.R. §36.202(c).

9  32.  Furthermore, the regulations provide for service animals which state:

10    Service animals. Generally, a public accommodation shall modify

11    policies, practices, or procedures to permit the use of a service animal

12    by an individual with a disability. 28 C.F.R. §36.302(c).

13  33.  Additionally, 42 U.S.C.A.§12181 (6) defines "private entity" as "any entity

14    other than a public entity" and §12181 (7) defines "public accommodation"

15    in part:

16    The following private entities are considered public accommodations

17    for purposes of this sub-chapter, if the operations of such entities affect

18    commerce:

19    a.    an inn, hotel, motel, or other place of lodging, except for an

20          establishment located within a building that contains not more

21          than five rooms for rent or hire and that is actually occupied by

22          the proprietor of such establishment as the residence of such

23          proprietor;

24    b.    a restaurant, bar, or other establishment serving food or drink;

25    c     a motion picture house, theater, concert hall, stadium, or other

26          place of exhibition entertainment;

27    d     a park, zoo, amusement park, or other place of recreation;

28    e.    a terminal, depot, or other station used for specific public

- 19 -                    SECOND AMENDED COMPLAINT

1                    transportation.

2   34.    Further, 42 U.S.C.A. §12182 "Prohibition of discrimination by public

3         accommodations" states, in part, the following:

4       a.     General rule. No individual shall be discriminated against on the basis

5             of disability in the full and equal enjoyment of the goods, services,

6             facilities, privileges, advantages, or accommodations of any place of

7             public accommodation by any person who owns, leases (or leases to),

8             or operates a place of public accommodation.

9         2.     Specific prohibitions (in part):

10           (A)    Discrimination-For purposes of subsection (a) of this

11                  section, discrimination includes:

12                 (ii)     a failure to make reasonable modifications in

13                      policies, practices, or procedures, when such

14                      modifications are necessary to afford such goods,

15                      services, facilities, privileges, advantages, or

16                      accommodations to individuals with disabilities,

17                      unless the entity can demonstrate that making such

18                      modifications would fundamentally alter the nature

19                      of such goods, services, facilities, privileges,

20                      advantages, or accommodations;

21                 (iii)     a failure to take such steps as may be necessary to

22                      ensure that no individual with a disability is

23                      excluded, denied services, segregated or otherwise

24                      treated differently than other individuals because of

25                      the absence of auxiliary aids and services, unless

26                      the entity can demonstrate that taking such steps

27                      would fundamentally alter the nature of the good,

28                      service, facility, privilege, advantage, or

1    accommodation being offered or would result in an

2    undue burden.

3    **THE UNRUH CIVIL RIGHTS ACT**

4    35.   §51 of the California Civil Code, "The Unruh Civil Rights" Act provides

5    protection from discrimination by all business establishments in California,

6    including housing and public accommodations, because of age, ancestry,

7    color, disability, national origin, race, religion, sex and sexual orientation.

8    36.   Specifically, §51 (b) provides that:

9    All persons within the jurisdiction of this State are free and equal, and

10    no matter what their sex, race, color, religion, ancestry, national origin,

11    disability, medical condition, marital status, or sexual orientation are

12    entitled to the full and equal accommodations, advantages, facilities,

13    privileges, or services in all business establishments of every kind

14    whatsoever.

15    37.   Further, §51.5 (a) provides that:

16    No business establishment of any kind whatsoever shall discriminate

17    against, boycott or blacklist, or refuse to buy from, contract with, sell

18    to, or trade with any person in this state on account of any

19    characteristic listed or defined in subdivision (b) or (e) of §51, or of

20    the person's partners, members, stockholders, directors, officers,

21    managers, superintendents, agents, employees, business associates,

22    suppliers, or customers, because the person is perceived to have one or

23    more of those characteristics, or because the person is associated with

24    a person who has, or is perceived to have, any of those characteristics.

25    38.   Additionally, §51 (f) provides that:

26    A violation of the right of any individual under the Americans with

27    Disabilities Act shall also constitute a violation of this section.

28    **CALIFORNIA CIVIL CODE §§54 THROUGH 55.2**

- 21 -                    SECOND AMENDED COMPLAINT

39.   California Civil Code §54 (a) states that:

> Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

40.   Further, California Civil Code §54.1 (a) (1) states:

> Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

41.   Additionally, §54.1 (a) (3) states:

> "Full and equal access," for purposes of this section in its application to transportation, means access that meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 (Public Law 101 336) and federal regulations adopted pursuant thereto, except that, if the laws of this state prescribe higher standards, it shall mean access that meets those higher standards.

42.   Further, §54.1 (d) states:

> A violation of the right of an individual under the Americans with

1    Disabilities Act also constitutes a violation of this section, and nothing
2    in this section shall be construed to limit the access of any person in
3    violation of that act.

4  43.  California Civil Code §54.2 states:

5    (a) Every individual with a disability has the right to be accompanied
6    by a guide dog, signal dog, or service dog, especially trained for the
7    purpose, in any of the places specified in Section 54.1 without being
8    required to pay an extra charge or security deposit for the guide dog,
9    signal dog, or service dog. However, the individual shall be liable for
10    any damage done to the premises or facilities by his or her dog.

11  44.  Finally, California Civil Code §54.4 states:

12    A blind or otherwise visually impaired pedestrian shall have all of the
13    rights and privileges conferred by law upon other persons in any of the
14    places, accommodations, or conveyances specified in Sections 54 and
15    54.1, notwithstanding the fact that the person is not carrying a
16    predominantly white cane (with or without a red tip), or using a guide
17    dog.

18  **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

19  45.  The DEFENDANTS collectively operate theme parks and a cruise line in
20    California and Florida which have millions of visitors annually. Furthermore,
21    DEFENDANTS operate websites including www.disney.go.com,
22    www.disneyland.com, www.disneyworld.com and www.disneycruise.com
23    for the purposes of assisting guests with purchasing tickets to the products
24    and services offered by DEFENDANTS, advertising the products and
25    services of DEFENDANTS, providing interactive content for children, and
26    providing other online services to promote DEFENDANTS. Due to
27    DEFENDANTS' failure to remove access barriers to the websites mentioned
28    above, persons with visual impairments are prevented from enjoying equal

- 23 -                    SECOND AMENDED COMPLAINT

84

access to DEFENDANTS' theme parks, cruise line, hotels, restaurants and stores and the numerous goods, services and benefits offered to the public through DEFENDANTS' websites.

46.   PLAINTIFFS are visually impaired individuals who each own yearly passes to Disneyland/California Adventure in Anaheim and visit it frequently. Plaintiff SHIELDS has also visited the Walt Disney World Resort in Florida. PLAINTIFFS utilize guide dogs to assist them on a daily basis.

47.   DEFENDANTS' theme parks, cruise line, hotels, restaurants and shops, connected with its websites, are public accommodations and PLAINTIFFS visit these facilities with the expectation of being treated with the rights and dignities guaranteed them by California law.  Due to their visual impairments and physical disabilities, however, PLAINTIFFS have suffered consistent discrimination at the hands of DEFENDANTS and their affiliated companies and employees.

48.   As a member of the Disney Service Animal Class, PLAINTIFF SHIELDS was subjected to public humiliation and discrimination in being ignored at the restaurant, when an essential element of the dining experience was the interaction with the costumed Disney character.   Two of these characters articulated the restaurant policy of not interacting with patrons using service animals.  Whether this policy is driven by malice, ignorance or simply fear, it is a violation of California and federal law.

49.   As members of the Service Animal Class, PLAINTIFFS have been denied reasonable accommodations for their service animals because in order to use the kennel at all they must pay a $20.00 fee.   Furthermore, the kennel is located outside of the theme parks so as to be extremely inconvenient when using the rides.   Moreover, the policy of requiring that the animal be with someone at all times means that a visually impaired visitor has no where to leave the service animal while using certain rides. Universal Studios, a

competing theme park, however, does not have such obstructions at its respective theme parks. Finally, there are no reasonable designated areas for the animal to relieve itself at the theme parks, hotels, restaurants, and shops.

50. As members of the Effective Communication Class, PLAINTIFFS have been discriminated against due to the lack of Braille signage, in addition to a lack of alternate communications for the visually impaired such as Braille and/or large print with respect to schedules and menus at the theme parks, hotels, restaurants, and shops. Additionally, PLAINTIFFS have been discriminated against due to DEFENDANTS' and its entities' failure to read, in full, the menus upon request by visually impaired patrons.

51. As members of the Effective Communication Class, PLAINTIFFS have been deterred from fully utilizing DEFENDANTS' audio description device due to a design defect. Once the device shuts off automatically, a visually impaired user cannot re-set the device and must return to the guest services department to have it re-set.

52. As members of the Effective Communication Class, PLAINTIFFS have experienced discrimination based on the fact that only one permanent Braille map is available at the theme parks in one location at Guest Relations. No portable Braille maps are available at the theme parks, hotels, restaurants, and shops.

53. As members of the Effective Communication Class, PLAINTIFFS have experienced discrimination due to DEFENDANTS' failure to provide the necessary accommodations for a visually impaired individual to be oriented in the theme parks. The lack of reasonable accommodations, in combination with the DEFENDANTS' policy of not providing an employee to assist a visually impaired person, forces a visually impaired person to bring and pay full price for a companion to fully utilize the park facilities. Universal Studios, a competing theme park, however, allows the visually impaired

1      guest in at no cost and requires the companion to pay pull price.

2   54.   As members of the Park Infrastructure Class, PLAINTIFFS have experienced
3         discrimination due to DEFENDANTS maintaining a policy at parades, such
4         as the Main Street Electric Parade, that only wheelchair users are allowed to
5         use the area designated for handicapped guests and not guests with other
6         disabilities such as visual impairments.

7   55.   As members of the Park Infrastructure Class, PLAINTIFF have experienced
8         discrimination by DEFENDANTS renting lockers for use to guests which are
9         inaccessible to persons with visual impairments because the lockers: 1)
10        utilize an inaccessible touch screen; 2) have no attendant to assist the visually
11        impaired and 3) provide only a printed receipt with the combination to open
12        the rented locker.

13  56.   As members of the Website Class, PLAINTIFFS have experienced
14        discrimination due to DEFENDANTS maintaining one or more websites
15        including        www.disney.go.com,        www.disneyland.com,
16        www.disneyworld.com  and  www.disneycruise.com  that are not fully
17        accessible for persons with visual impairments utilizing screen reader
18        software.

19  57.   As members of the Infrastructure Class, PLAINTIFFS have experienced
20        discrimination in that, DEFENDANTS parking structure and parking lot at
21        Disneyland  violate the following provisions of the ADAAG: 4.6.2, 4.1.2,
22        4.1.3, 4.7.7, 4.29.2 and 4.29.5; all so as to violate the Americans with
23        Disabilities Act and Title 24 of the California Code of Regulations.

24              **FIRST CAUSE OF ACTION**

25      **For a Violation of the Americans with Disabilities Act**

26              **42 U.S.C. §12131, et. seq.**

27        **(by All Plaintiffs and Against All Defendants)**

28  58.   PLAINTIFFS re-allege and incorporate by reference, as though fully set forth

- 26 -                SECOND AMENDED COMPLAINT

1      herein, paragraphs 1 through 57 of this Complaint.

2   59.   DEFENDANTS have discriminated against PLAINTIFFS by denying them

3      full and equal access to the benefits, privileges and public accommodations

4      afforded to other patrons solely on account of disability.  In addition, the

5      DEFENDANTS have violated the ADA by failing or refusing to provide

6      PLAINTIFFS with reasonable accommodations and other services related to

7      their disability.

8   60.   PLAINTIFFS, upon information and belief, allege that DEFENDANTS, their

9      employees and agents have failed and continue to fail to:

10     a.   Provide necessary accommodations, modifications and services to

11        provide equal access to the facilities within its theme parks, cruise line,

12        hotels, restaurants, and shops in Florida and California so as to allow

13        the visually impaired to participate on an equal basis in activities,

14        rides, restaurants and programs;

15     b.   Provide the necessary training and discipline to its employees as to the

16        legal obligation of a public accommodation to provide full and equal

17        service to persons with disabilities under the ADA and other relevant

18        state statutes, including California Civil Code 51 *et seq.* and Civil

19        Code Section 54 *et seq.*

20   61.   PLAINTIFFS have been subjected to the denial, separate and unequal

21      opportunity to participate in the DEFENDANTS services, facilities,

22      privileges, advantages, or accommodations as a result of the DEFENDANTS

23      discriminatory policy of not allowing characters to interact with visually

24      impaired persons who have their service animal with them.

25   62.   As a direct and proximate result of the aforementioned acts, PLAINTIFFS

26      have suffered and continue to suffer from the lack of character interaction

27      due to DEFENDANTS' failure to address the services, facilities, privileges,

28      advantages or accommodations that should be given to persons similarly

1     situated as SHIELDS and BOGGS.

2  63.  Due to the continuous nature of  DEFENDANTS' discriminatory conduct,

3     which is ongoing, declaratory and injunctive reliefs are appropriate remedies.

4     Moreover, as a result of DEFENDANTS' actions PLAINTIFFS are suffering

5     irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are

6     entitled to reasonable attorneys' fees and costs in filing this action. 42

7     U.S.C.A. § 12205, as prayed below.

8                    **SECOND CAUSE OF ACTION**

9              **For a Violation of the Unruh Civil Rights Act**

10              **California Civil Code §51 and 52 *et seq.***

11              **(by All Plaintiffs and Against All Defendants)**

12  64.  PLAINTIFFS re-allege and incorporate by reference, as though fully set forth

13     herein, paragraphs 1 through 63 of this Complaint.

14  65.  §51 of the California Civil Code, "The Unruh Civil Rights" Act provides

15     protection from discrimination by all business establishments in California,

16     including housing and public accommodations, because of age, ancestry,

17     color, disability, national origin, race, religion, sex and sexual orientation.

18  66.  §52 of the California Civil Code provides that whoever denies, aids or incites

19     a denial, or makes any discrimination or distinction contrary to §51 is liable

20     for each and every offense.

21  67.  Through the acts and omissions described herein, DEFENDANTS have

22     violated  California Civil Code §51.

23  68.  Pursuant to California Civil Code §51 (f), a violation of the ADA also

24     constitutes a violation of California Civil Code §51 *et seq.*

25  69.  The DEFENDANTS are a "business establishment" within the meaning of

26     the California Code §51 *et seq.*

27  70.  DEFENDANTS have violated the law by denying PLAINTIFFS full and

28     equal access to its program comparable to access that it offers to others.

- 28 -                    SECOND AMENDED COMPLAINT

**89**

71. As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered, and continue to suffer hardship and anxiety due to DEFENDANTS' failure to address accommodations and access required for PLAINTIFFS' disabilities.

72. Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing, declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of DEFENDANTS' actions PLAINTIFFS are suffering irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are entitled to reasonable attorneys' fees and costs in filing this action. California Civil Code §52, as prayed below.

**THIRD CAUSE OF ACTION**

**For a Violation of the California Public Accommodations Law**

**California Civil Code §54 et. seq.**

**(by All Plaintiffs and Against All Defendants)**

73. PLAINTIFFS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 72 of this Complaint.

74. The DEFENDANTS operate theme parks, hotels, restaurants, and shops and advertise its good and services through websites which are public accommodations open to the public in California and Florida.

75. Through the acts and omissions described herein above, DEFENDANTS are violating California Civil Code §54.

76. Under California Civil Code §54 (c), a violation of the ADA also constitutes a violation of California Civil Code §54 *et seq.*

77. PLAINTIFFS are persons with disabilities within the meaning of the California Civil Code §54 (b)(1) and California Government Code § 12926.

78. The DEFENDANTS provide public services within the meaning of the California Civil Code §54 *et seq.*

79. By failing to provide accommodations and services to visually impaired

- 29 -                    SECOND AMENDED COMPLAINT

guests, as set forth at length elsewhere in this Complaint, DEFENDANTS are violating California Civil Code §54, by denying visually impaired guests full access to DEFENDANTS' programs, services, and activities.

80. As a direct and proximate result of the aforementioned acts, PLAINTIFFS have suffered, and continue to suffer hardship and anxiety as well as deteriorating physical conditions, due to DEFENDANTS' failures to address accommodations and services required for PLAINTIFFS' disabilities.

81. Due to the continuous nature of DEFENDANTS' discriminatory conduct, which is ongoing, declaratory and injunctive relief are appropriate remedies. Moreover, as a result of DEFENDANTS' actions, PLAINTIFFS are suffering irreparable harm, and thus immediate relief is appropriate. PLAINTIFFS are also entitled to reasonable attorneys' fees and costs in filing this action. California Civil Code §55.

82. Each DEFENDANTS is charged by law and public policy as well as its own code of business responsibility to refrain from discriminating against the PLAINTIFF CLASSES on account of their physical disability. As a result of the actions and conduct described herein, the PLAINTIFF CLASSES have no adequate remedy at law to redress their grievances and recover their damages.

**PRAYER FOR RELIEF**

PLAINTIFFS pray as follows:

1. For certification of the PLAINTIFF CLASSES pursuant to applicable law the Rules of this Court.

2. For an injunction ordering DEFENDANTS, each of them, to comply with the statutes set forth herein;

3. For an order establishing the following equitable, injunctive and declaratory relief:

   a. That a judicial determination and declaration be made of the rights of

- 30 -                SECOND AMENDED COMPLAINT

91

1        the PLAINTIFF CLASSES, and of the Court-approved remedial

2        measures that DEFENDANTS and each of them must take to prevent

3        discrimination of the visually impaired by all employees of

4        DEFENDANTS;

5    b.    That DEFENDANTS be forever enjoined from engaging in the

6        practices described in this Complaint and from any practices that

7        deviate from any orders of this Court;

8    c.    That this Court mandate that DEFENDANTS provide Braille signage

9        within their theme parks, hotels, restaurants, and shops in Florida and

10        California;

11    d.    That this Court mandate that DEFENDANTS provide permanent

12        Braille maps at multiple locations and portable maps in alternative

13        formats such as Braille and/or large print within Disney theme parks,

14        hotels, restaurants, and shops in Florida and California;

15    e.    That this Court mandate that DEFENDANTS provide menus and

16        schedules in alternative formats such as Braille and/or large print

17        within Disney theme parks, hotels, restaurants, and shops in Florida

18        and California;

19    f.    That this Court mandate that DEFENDANTS read the menus, in full,

20        upon request by visually impaired patrons.

21    g.    That this Court mandate that each DEFENDANT provide reasonable

22        accommodations for service animals, designated places to defecate

23        within Disney theme parks, hotels, restaurants, and shops in Florida

24        and California, and places where the service animal can be tied within

25        the theme parks while visually impaired persons use rides.

26    h.    That this Court mandate that DEFENDANTS provide a free or

27        reduced fare admission ticket to one person accompanying a paid

28        visually impaired ticket holder to act as a guide within Disney theme

- 31 -        SECOND AMENDED COMPLAINT

1              parks in Florida and California;

2     i.     That this Court mandate that DEFENDANTS are enjoined from

3               maintaining a policy at parades, such as the Main Street Electric

4               Parade, that only wheelchair users are allowed to use the area

5               designated for handicapped guests, and not guests with other

6               disabilities such as visual impairments;

7     j.     That this Court mandate that DEFENDANTS provide reasonable

8               accommodations for visually impaired quests when renting lockers;

9     k.     That this Court make a determination as to the impropriety of the fees

10              Defendants charge visually impaired visitors at Disney theme parks in

11              Florida and California for accommodations and auxiliary aids and

12              services including kennels;

13     l.     That this Court mandate that DEFENDANTS maintain their websites

14              including        www.disney.go.com,        www.disneyland.com,

15              www.disneyworld.com and www.disneycruise.com to make them fully

16              accessible for persons with visual impairments utilizing screen reader

17              software;

18     m.     That this Court mandate that DEFENDANTS provide handicap-

19              accessible parking at Disneyland that is compliant with the following

20              provisions of the ADAAG: 4.6.2, 4.1.2, 4.1.3, 4.7.7, 4.29.2 and 4.29.5;

21              to ensure that DEFENDANTS' parking facilities do not violate the

22              Americans with Disabilities Act and Title 24 of the California Code of

23              Regulations;

24   3.     For reasonable attorneys' fees as may be determined by the Court for all

25        causes of action;

26   ///

27   ///

28   ///

- 32 -          SECOND AMENDED COMPLAINT

4.     For costs of suit; and

5.     For such other and further relief as the Court may deem just and proper.


Dated:     _____          Respectfully submitted,

Eugene Feldman, Esq., SBN 118497
genefeldman@mindspring.com
EUGENE FELDMAN ATTORNEY AT
LAW, APC
555 Pier Avenue, Suite 4
Hermosa Beach, California 90254
Phone:        (310) 372-4636
Fax:           (310) 376-3531

Andy Dogali, Esq.
Admitted *Pro Hac Vice*
Fla. Bar No. 0615862
adogali@forizs-dogali.com
FORIZS & DOGALI, P.A.
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634
Phone:        (813) 289-0700
Fax:           (813) 289-9435

ATTORNEYS FOR CARI SHIELDS,
AMBER BOGGS AND THE
PLAINTIFF CLASSES

- 33 -                    SECOND AMENDED COMPLAINT

# EXHIBIT E

| EXHIBIT E |
|:---:|

| SCHEDULE E-1 |
|:---:|

### Disneyland Park

| | | |
|---|---|---|
| Main Street, U.S.A. | Carnation Café | Refreshment Corner |
| Fantasyland / Mickey's Toontown / Tomorrowland | Redd Rockett's Pizza Port | Village Haus Restaurant |
| Adventureland / Frontierland / New Orleans Square / Critter Country | Blue Bayou Restaurant | Café Orleans |

### Disney California Adventure

| | | |
|---|---|---|
| Buena Vista Street / Hollywood Land / "a bug's land" | Award Wieners | Studio Catering Co. |
| Condor Flats / Grizzly Peak / Paradise Pier | Wine Country Trattoria at the Golden Vine Winery | Ariel's Grotto |
| Pacific Wharf / Cars Land | Pacific Wharf Café | Flo's V8 Café |

### Magic Kingdom

| | | |
|---|---|---|
| Main Street, U.S.A. | The Crystal Palace | Casey's Corner |
| Fantasyland / Tomorrowland | Cinderella's Royal Table | Cosmic Ray's Starlight Café |
| Adventureland / Frontierland / Liberty Square | Pecos Bill Tall Tale Inn and Café | Liberty Tree Tavern |

### Epcot

| | | |
|---|---|---|
| Future World | Sunshine Seasons | Electric Umbrella |
| World Showcase | Akershus Royal Banquet Hall | Biergarten Restaurant |

### Disney's Hollywood Studios

| | | |
|---|---|---|
| Hollywood Boulevard / Sunset Boulevard / Pixar Place | Rosie's All-American Café | The Hollywood Brown Derby |
| Echo Lake / Commissary Lane / Streets of America | Backlot Express | Hollywood & Vine |

### Disney's Animal Kingdom

| | | |
|---|---|---|
| Oasis / Discovery Island / DinoLand U.S.A. / Camp Minnie-Mickey | Pizzafari | Restaurantosauras |
| Africa / Asia | Tusker House Restaurant | Yak and Yeti Restaurant |

| SCHEDULE E-2 |
|:---:|

### Disneyland Park

| | | |
|---|---|---|
| Tomorrowland Terrace | | |
| Redd Rocket Pizza Port | | |
| Plaza Inn | | |

### Disney California Adventure

| | | |
|---|---|---|
| Taste Pilots | | |
| Pacific Wharf Café | | |
| Boardwalk Pizza and Pasta | | |

### Magic Kingdom

| | | |
|---|---|---|
| Cosmic Ray's Starlight Café | | |

| | | |
|---|---|---|
| Pecos Bill Tall Tale Inn and Café | | |
| Pinocchio Village Haus | | |

## Epcot

| | | |
|---|---|---|
| Sunshine Seasons | | |
| Electric Umbrella | | |
| Liberty Inn | | |
| Akershus Royal Banquet Hall | | |

## Disney's Hollywood Studios

| | | |
|---|---|---|
| Backlot Express | | |
| Rosie's All-American Café | | |
| Pizza Planet | | |

## Disney's Animal Kingdom

| | | |
|---|---|---|
| Restaurantasaurus | | |
| Pizzafari | | |
| Flame Tree BBQ | | |

---

## SCHEDULE E-3

### Disneyland Park

| | | |
|---|---|---|
| Main Street, U.S.A. | Carnation Café | |
| Fantasyland / Mickey's Toontown / Tomorrowland | Redd Rockett's Pizza Port | |
| Adventureland / Frontierland / New Orleans Square / Critter Country | Blue Bayou Restaurant | |

### Disney California Adventure

| | | |
|---|---|---|
| Buena Vista Street / Hollywood Land / "a bug's land" | Award Wieners | |
| Condor Flats / Grizzly Peak / Paradise Pier | Wine Country Trattoria at the Golden Vine Winery | |
| Pacific Wharf / Cars Land | Pacific Wharf Café | |

### Magic Kingdom

| | | |
|---|---|---|
| Main Street, U.S.A. | The Crystal Palace | |
| Fantasyland / Tomorrowland | Cinderella's Royal Table | |
| Adventureland / Frontierland / Liberty Square | Pecos Bill Tall Tale Inn and Café | |

### Epcot

| | | |
|---|---|---|
| Future World | Sunshine Seasons | |
| World Showcase | Akershus Royal Banquet Hall | |

### Disney's Hollywood Studios

| | | |
|---|---|---|
| Hollywood Boulevard / Sunset Boulevard / Pixar Place | Rosie's All-American Café | |
| Echo Lake / Commissary Lane / Streets of America | Backlot Express | |

| Disney's Animal Kingdom | | |
|---|---|---|
| Oasis / Discovery Island / DinoLand U.S.A. / Camp Minnie-Mickey | Pizzafari | |
| Africa / Asia | Tusker House Restaurant | |

## SCHEDULE E-4

| Disneyland Park | | |
|---|---|---|
| Tomorrowland Terrace | | |
| Redd Rocket Pizza Port | | |
| Plaza Inn | | |
| Café Orleans | | |

| Disney California Adventure | | |
|---|---|---|
| Taste Pilots | | |
| Pacific Wharf Café | | |
| Boardwalk Pizza and Pasta | | |
| Ariel's Grotto | | |

| Magic Kingdom | | |
|---|---|---|
| Cosmic Ray's Starlight Café | | |
| Pecos Bill Tall Tale Inn and Café | | |
| Pinocchio Village Haus | | |
| Colombia Harbour House | | |

| Epcot | | |
|---|---|---|
| Sunshine Seasons | | |
| Electric Umbrella | | |
| Liberty Inn | | |
| Akershus Royal Banquet Hall | | |

| Disney's Hollywood Studios | | |
|---|---|---|
| Backlot Express | | |
| Rosie's All-American Café | | |
| Pizza Planet | | |
| ABC Commissary | | |

| Disney's Animal Kingdom | | |
|---|---|---|
| Restaurantasaurus | | |
| Pizzafari | | |
| Flame Tree BBQ | | |
| Tusker House Restaurant | | |