1   David H. Raizman (SBN 129407)
    david.raizman@dbr.com
2   James M. Altieri (Admitted *Pro Hac Vice*)
    james.altieri@dbr.com
3   DRINKER BIDDLE & REATH LLP
    1800 Century Park East, Suite 1400
4   Los Angeles, California 90067-1517
    Telephone:  (310) 203-4000
5   Facsimile:   (310) 229-1285

6   Attorneys for Defendants
    Walt Disney Parks and Resorts U.S., Inc.,
7   Disney Online and Walt Disney Parks and
    Resorts Online

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  | CARI SHIELDS, AMBER BOGGS and | Case No. CV10-5810-DMG (FMOx) |

13  TERESA STOCKTON, on behalf of
    themselves and all others similarly        Class Action
14  situated,
                                               **JOINT MEMORANDUM OF**
15                  Plaintiffs,                **POINTS AND AUTHORITIES IN**
                                               **RESPONSE TO OBJECTIONS OF**
16       vs.                                   **NATIONAL FEDERATION OF THE**
                                               **BLIND AND AMERICAN**
17  WALT DISNEY PARKS AND                      **COUNCIL OF THE BLIND TO**
    RESORTS U.S., INC., DISNEY                 **FINAL APPROVAL OF CLASS**
18  ONLINE, AND WALT DISNEY                    **ACTION SETTLEMENT**
    PARKS AND RESORTS ONLINE,
19  DOES 1-10, INCLUSIVE,
                                               Date:       August 3, 2012
20                  Defendants.                Time:       9:30 a.m.
                                               Courtroom:  7
21
                                               Judicial Officer:  Hon. Dolly M. Gee
22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

                        JOINT MEMO OF PS AND AS IN RESPONSE
                        TO NFB AND ACB OBJECTIONS

1   Andy Dogali (Admitted *Pro Hac Vice*)
    adogali@forizs-dogali.com
2   FORIZS & DOGALI, P.A.
    4301 Anchor Plaza Parkway, Suite 300
3   Tampa, Florida 33634
    Telephone: (813) 289-0700
4   Fax: (813) 289-9435

5   Eugene Feldman (SBN 118497)
    genefeldman@mindspring.com
6   EUGENE FELDMAN, ATTORNEY AT LAW, APC
    555 Pier Avenue, Suite 4
7   Hermosa Beach, California 90254-3800
    Telephone: (310) 372-4636
8   Facsimile: (310) 372-4639

9   Attorneys for Plaintiffs
    Cari Shields and Amber Boggs and
10  Class Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................ 1

II. THE COURT SHOULD REJECT THE OBJECTIONS AND GRANT
    FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT ................ 3

    A.  Standard Of Review. ........................................................................ 3

    B.  Future Claims. ................................................................................. 3

    C.  State or Local Law Claims. ............................................................ 5

    D.  Incidental Damages Claims. .......................................................... 7

III. CONCLUSION ................................................................................................. 10

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1151626.2

i

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Amchem Products, Inc. v. Windsor,*
   521 U.S. 591 (1997)..................................................................................4

*Anderson v. Nextel Retail Stores, LLC,*
   2010 WL 8591002 (C.D. Cal. April 12, 2010)........................................6

*In re AOL Time Warner Shareholder Derivative Litigation,*
   2010 WL 363113 (S.D.N.Y. 2010).........................................................2

*Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.,*
   211 F.R.D. 457 (S.D. Fla. 2002)......................................................2, 4, 6

*Californians for Disability Rights, Inc. v. California Dep't of Transp,*
   2010 WL 2228531 (N.D. Cal. June 2, 2010)..........................................5

*City of Detroit v. Grinnell Corp.*
   495 F.2d 448 (2d Cir. 1974).....................................................................3

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1992) .............................................................3, 6

*Crawford v. Gould,*
   56 F.3d 1162 (9th Cir. 1995) ...................................................................5

*Dixon v. Bowen,*
   673 F. Supp. 123 (S.D.N.Y. 1987) ..........................................................5

*Matsushita Elec. Indus., Co. Ltd. v. Epstein,*
   516 U.S. 367 (1996)..................................................................................6

*McClendon v. Georgia Dep't of Cmty. Health,*
   261 F.3d 1252 (11th Cir. 2001) ...............................................................4

*Moeller v. Taco Bell,*
   220 F.R.D. 604 (N.D. Cal. 2004).............................................................8

*Molski v. Gleich,*
   318 F.3d 937 (9th Cir. 2003) ...............................................................8, 9

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1151626.2

ii

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

*Nat'l Super Spuds, Inc. v. New York Mercantile Exch.,*
   660 F.2d 9 (2d Cir. 1981)....................................................................6

*Neff v. Metro Transit Authority,*
   179 F.R.D. 185 (W.D. Tex. 1998) ......................................................5

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ..............................................................3

*In re Orthopedic Bone Screw Prods. Liability Litig.,*
   176 F.R.D. 158 (E.D. Pa. 1997)..........................................................4

*Ortiz v. Fibreboard Corp.,*
   527 U.S. 815 (1999)........................................................................ 8, 9

*Oswald v. McGarr,*
   620 F.2d 1190 (7th Cir. 1980) ............................................................6

*Park v. Ralph's Grocery Co.,*
   254 F.R.D. 112 (C.D. Cal. 2008) ..................................................... 7, 8

*Paterson v. Texas,*
   308 F.3d 448 (5th Cir. 2002) ..............................................................2

*Petruzzi's, Inc. v. Darling-Delaware Co., Inc.,*
   880 F. Supp. 292 (M.D. Pa. 1995) ................................................... 10

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
   442 F.3d 741 (9th Cir. 2006) ..............................................................4

*Rodriguez v. Hayes,*
   591 F.3d 1105 (9th Cir. 2010) ............................................................5

*Siddiqi v. Regents of Univ. of Cal.,*
   2000 WL 33190435 (N.D. Cal. Sept. 6, 2000) ..................................5

*Smith v. Arthur Anderson LLP,*
   421 F.3d 989 (9th Cir. 2005) ..............................................................2

*TBK Partners, Ltd. v. Western Union Corp.,*
   675 F.2d 456 (2d Cir. 1982)................................................................6

*Wal-Mart Stores, Inc. v. Dukes, et al.,*
   131 S. Ct. 2541 (2011)........................................................................7

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1151626.2

iii

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

*Williams v. City of Antioch,*
   2010 WL 3632197 (N.D. Cal. Sept. 2, 2010) .......................................................8

*Williams v. General Elec. Capital Auto Lease, Inc.,*
   159 F.3d 266 (7th Cir.1998) ............................................................................4

**STATUTES, RULES & REGULATIONS**

Cal. Civ. Code § 52 ...............................................................................................8

Federal Rules of Civil Procedure, Rule 23 ............................................................2

Federal Rules of Civil Procedure, Rule 23(b)(2)............................................. *passim*

Federal Rules of Civil Procedure, Rule 23(e)(5) ...................................................2

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1151626.2

iv

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1

## I.    **INTRODUCTION**

Plaintiffs Cari Shields and Amber Boggs, on their own behalf and on behalf of the classes they represent (collectively "Plaintiffs"), and defendants Walt Disney Parks and Resorts U.S., Inc., Disney Online and Walt Disney Parks and Resorts Online (collectively "Defendants" or "Disney") submit this memorandum in response to the nearly-identical objections of the National Federation of the Blind ("NFB") and the American Council of the Blind ("ACB") to the joint motion for final approval of the Class Action Settlement Agreement And Release (the "Settlement Agreement") in this action.[1]

Neither the NFB nor the ACB challenges the adequacy of the relief provided by the Settlement Agreement.  Rather, they contend that "[t]he release provisions in this agreement are so overbroad that the Court should, on this basis alone, reject the agreement."  (NFB Objection at 2.)  But the Class Member Release merely grants Defendants the appropriate and necessary finality of the issues litigated and now resolved by the Settlement Agreement.  It does not, as the objectors contend, preclude the prospect of unknown future claims unrelated to this case.  Indeed, the release is specifically limited to "future claims with respect to the issues in this Action or the subject matter of this Settlement Agreement."  (Settlement Agreement (Doc. No. 196-1) § VI at 27.)  Nor does it exclude claims or remedies that could reasonably remain outstanding upon negotiating any class action settlement agreement, much less one of the nature and scope achieved here.  The objectors, though, would have it that immediately upon the Settlement Agreement's becoming effective, new

---

[1] Two weeks after the Court's July 6 deadline for postmarking objections, the NFB and ACB Objections are the sole objections received by any of the parties.  No class member has submitted an objection, nor has the United States Attorney General or any state or territorial attorney general, each of whom was given notice of the settlement pursuant to the Class Action Fairness Act.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1    actions could proceed against Defendants based upon the same factual and legal

2    predicates at issue here, so long as they are brought under the common or

3    statutory law of one or more of the other 49 states.  That result is untenable – it

4    amounts to no settlement at all -- and is not supported by legal authority.

5         No more tenable would be the ability to assert claims for monetary

6    damages or other forms of relief under state laws.  It is well-settled that when

7    the predominant relief sought by the class is injunctive in nature (and here it is

8    not only predominant, it is the only remedy sought), the minimum statutory

9    damage claims under state disability laws are considered incidental and do not

10   preclude Rule 23(b)(2) treatment.  Here, there was no claim for monetary relief

11   at all; rather, broad injunctive relief was demanded and, through the Settlement

12   Agreement, was accommodated.  As such, Rule 23(b)(2) treatment is wholly

13   appropriate and, by definition, does not require a right to opt out.

14        The Release here is standard fare, seeking no more and no less than would

15   be expected and approved in any similar class action settlement, and the

16   objections should be rejected.[2]

17

---

18   [2] Both NFB and ACB state that they are organizations whose members are
blind and thus likely Class Members.  However, only class members have standing
19   to object to a class settlement agreement. Fed. R. Civ. P. 23(e)(5). "Others lack the
requisite proof of injury necessary to establish the 'irreducible minimum' of
20   standing." *Paterson v. Texas*, 308 F.3d 448, 451 (5th Cir. 2002) (holding that the
state of Texas lacked standing, even in a representative capacity, to object to class
21   action settlement because it had not suffered an injury); *Smith v. Arthur Anderson
LLP*, 421 F.3d 989, 998 (9th Cir. 2005).  No Rule 23 certification process exists for
22   approval of any person or organization to act as a "representative" of another
person as objector. *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211
23   F.R.D. 457, 473-75 (S.D. Fla. 2002) (denying standing to objector membership
organization whose members were class members and had standing to object).
24   Thus, at most, the Court can consider points raised by NFB and ACB by deeming
these objectors as *amici*. *See, e.g.*, *In re AOL Time Warner Shareholder Derivative
25   Litigation*, 2010 WL 363113, *4, n.6 (S.D.N.Y. 2010).  But even then, if the
settlement is approved, neither NFB nor ACB, as neither class member or
26   intervenor, will have a right to appeal.  Because NFB and ACB are not class
members and have no standing to object, any reference to them in this
27   Memorandum as "objectors," or to their letter submissions as "objections," is
merely for convenience.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2

JOINT MEMO OF Ps AND As IN RESPONSE
TO NFB AND ACB OBJECTIONS

## II. THE COURT SHOULD REJECT THE OBJECTIONS AND GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

### A. Standard Of Review.

"The initial decision to approve or reject a class action settlement is committed to the sound discretion of the trial judge." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982). The Court's decision must be made "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "[V]oluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice*, 688 F.2d at 625. A class action settlement should be approved when it is fundamentally fair, reasonable and adequate. *Id.*

In undertaking such a review, the trial court should not "reach any ultimate conclusions on the contested issues of fact or law which underlie the merits of the dispute for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlement." *Id.* "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators. Of course, the very essence of a settlement is compromise. . . ." *Id.* "Ultimately, the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximation and rough justice.'" *Id. citing City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 468 (2d Cir. 1974). Applying these standards to the facts and circumstances surrounding this proposed settlement establishes beyond any doubt that the parties have reached a settlement that is fair, reasonable and adequate.

### B. Future Claims.

The objectors have mischaracterized the final sentence of the release to "preclude[] class members from bringing *any* future claims for discrimination," (emphasis added). (NFB Objection at 2; ACB Objection at 2.) It does no such

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

3

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1   thing:

2          This release is intended to bind all Settlement Classes and Class
3          Members and to preclude such Class Members from asserting or
     initiating future claims *with respect to the issues in this Action or
4          the subject matter of this Settlement Agreement.*

5   (Settlement Agreement (Doc. No. 196-1) at 27 (emphasis added).)  Thus, their

6   concerns about giving up inchoate future claims unrelated to the issues here are

7   entirely unfounded.  Defendants have not sought, and have not received, anything

8   approaching a "license to discriminate in the future."  (NFB Objection at 2; ACB

9   Objection at 2.)  As the plain wording of the release makes clear, it simply

10  precludes future claims premised on the same factual or legal predicates as the

11  underlying claims in this case.

12         As such, the release of future claims is not only fair and reasonable, it is

13  well-supported by legal precedent.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*

14  442 F.3d 741, 749 (9th Cir. 2006) (affirming dismissal of a class action against

15  credit card companies predicated on the same injuries claimed and settled in an

16  earlier class action).  Indeed, "federal class action settlements routinely include

17  releases waiving future claims."  *Ass'n For Disabled Americans,* 211 F.R.D. at 471

18  n.10; *see also McClendon v. Georgia Dep't of Cmty. Health,* 261 F.3d 1252, 1254

19  (11th Cir. 2001) (approving release of future claims in tobacco litigation); *Williams*

20  *v. General Elec. Capital Auto Lease, Inc.,* 159 F.3d 266, 274 (7th Cir.1998) (". . .

21  nothing in the Supreme Court's *Amchem* decision suggested that the federal courts

22  lacked the Article III power to settle future claims of class members. . . .  It is not at

23  all uncommon for settlements to include a global release of all claims past, present,

24  and future, that the parties might have brought against each other."); *In re*

25  *Orthopedic Bone Screw Prods. Liability Litig.,* 176 F.R.D. 158, 170-71 (E.D. Pa.

26  1997) (certifying class including "[a]ll persons and entities wherever located, who

27  have or may in the future have any claim" against defendants).

28         Likewise, courts have routinely upheld releases by future class members.  As

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

4

JOINT MEMO OF Ps AND As IN RESPONSE
TO NFB AND ACB OBJECTIONS

1    the Ninth Circuit has observed, "The inclusion of future class members in a class is

2    not itself unusual or objectionable." *Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th

3    Cir. 2010); *Californians for Disability Rights, Inc. v. California Dep't of Transp,*

4    2010 WL 2228531, *3 (N.D. Cal. June 2, 2010) (certifying a settlement class

5    defined as "all persons with Mobility and/or Vision Disabilities who currently or *in*

6    *the future* will use or attempt to use any Pedestrian Facility or Park and Ride

7    Facility under Caltrans' Jurisdiction" (emphasis added)); *Neff v. Metro Transit*

8    *Authority,* 179 F.R.D. 185, 193 (W.D. Tex. 1998) (approving class action

9    settlement consisting of a class of current and future individuals with disabilities

10   "who are eligible now or may be eligible in the future for defendant's

11   transportation); *Siddiqi v. Regents of Univ. of Cal.,* 2000 WL 33190435, *4 (N.D.

12   Cal. Sept. 6, 2000) (certifying a class of "[a]ll deaf and hard of hearing students

13   who since February 24, 1996 have enrolled or *will enroll* as a student…."

14   (emphasis added)); *Crawford v. Gould,* 56 F.3d 1162, 1163 (9th Cir. 1995)

15   (certifying class of current and future patients involuntarily committed to California

16   psychiatric hospitals).

17         Indeed, courts have reasoned that because relief obtained in a Rule 23(b)(2)

18   class action seeking primarily injunctive relief necessarily inures "to the class as a

19   whole" (Fed. R. Civ. P. 23(b)(2)), "unknown future class members should be

20   properly considered and included as part of the class." *Neff,* 179 F.R.D. at 193.  If

21   not included, future class members would present the prospect of "unnecessary

22   harm and repetitive litigation" because they would be free to challenge the actions

23   agreed to by the parties to apply to the class as a whole. *Dixon v. Bowen,* 673 F.

24   Supp. 123, 127 (S.D.N.Y. 1987).

25         **C.    State or Local Law Claims**.

26         The same rationale supports the release of state and local law claims that

27   were not specifically asserted in the action.  Without a release, a class action

28   defendant would never find peace, remaining vulnerable to claims under every legal

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

5

Joint Memo of Ps and As in Response
To NFB and ACB Objections

1    theory under federal, state or local law other than the ones exactly articulated in the

2    class action complaint.  This is why any effective release secured in any litigation

3    always extends beyond the claims stated and covers claims "based on the identical

4    factual predicate as that underlying the claims in the settled class action. . . ." *Class*

5    *Plaintiffs*, 955 F.2d at 1287-89; *Matsushita Elec. Indus., Co. Ltd. v. Epstein*, 516

6    U.S. 367, 376-77 (1996); Oswald *v. McGarr,* 620 F.2d 1190, 1198 (7th Cir. 1980)

7    (settlement may include release of claims not before the court).  Indeed, "federal

8    class action settlements containing a release of state law claims are both common

9    and presumptively valid." *Ass'n For Disabled Americans,* 211 F.R.D. at 471

10   (approving ADA consent decree that likewise released all claims under state

11   disability access laws); *see TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d

12   456, 460 (2d Cir. 1982) (approving 23(b)(2) shareholder class action settlement

13   also releasing state law appraisal claims).

14          Objectors' reliance upon *Nat'l Super Spuds, Inc. v. New York Mercantile*

15   *Exch.*, 660 F.2d 9 (2d Cir. 1981) to suggest that under federal authority the scope of

16   a release is limited to the claims specifically pled in the complaint is unavailing.  In

17   *Nat'l Super Spuds*, the court certified a class of individuals who purchased potato

18   futures liquidated during a specified time.  *Id.* at 11.  The class did not include

19   holders of unliquidated contracts, and the complaint did not include claims on their

20   behalf.  The settlement sought to release claims related to liquidated and

21   unliquidated contracts, and when holders of the unliquidated contracts objected, the

22   court did not approve the settlement.  *Id.* at 16-19.  But as later Second Circuit

23   decisions have explained, the "heart" of the court's concern in *Super Spuds* was

24   "the danger that class representatives not sharing a common interest with other

25   class members would sacrifice the interests of those class members at no cost to

26   themselves." *Anderson v. Nextel Retail Stores, LLC,* 2010 WL 8591002, *9 (C.D.

27   Cal. April 12, 2010) (citing *TBK Partners Ltd v. W. Union Corp.,* 675 F.2d 456

28   (2nd Cir. 1982)).  That concern is totally inapplicable here:  the Settlement

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1    Agreement releases only claims of visual disability discrimination common to all

2    class members, regardless of the statute, regulation, common law or legal theory

3    under which such claims are made.

4    **D.    Incidental Damages Claims.**

5    In addition to the more general complaint that the release might be read to

6    preclude future claims based upon unpled state statutory schemes (discussed

7    above), the objectors complain also that, under the release, "absent class members

8    would waive their rights to seek available forms of relief under state or local law,

9    including substantial monetary relief." More specifically, the objectors assert that

10   the release of class [sic] member's claims with no compensation or opportunity to

11   opt out is patently unfair." (NFB Objection at 4.) However, there is no opt-out

12   right in Rule 23(b)(2) class actions such as this, where injunctive relief

13   predominates over the monetary claims. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes,*

14   *et al.*, 131 S. Ct. 2541, 2558 (2011) (Because "the relief sought must perforce affect

15   the entire class at once," it is a "mandatory class[]: The Rule provides no

16   opportunity for …(b)(2) class members to opt out, and does not even oblige the

17   District Court to afford them notice of the action.").

18   When the principal (here, the only) remedies are injunctive in nature, the

19   minimum statutory damages claims under state disability laws such as the Unruh

20   Act and the Disabled Persons Act are considered incidental to injunctive relief and

21   do not preclude Rule 23(b)(2) treatment. For example, in *Park v. Ralph's Grocery*

22   *Co.,* 254 F.R.D. 112, 123 (C.D. Cal. 2008), a class of users of wheelchairs or

23   scooters for mobility alleged that they were unable to access parking lots, restrooms

24   and counters at Ralph's store locations. *Id.* at 115. Plaintiffs sought an injunction

25   "ordering Ralph's to adopt policies to ensure access for customers who use

26   wheelchairs or scooters, and use its centralized policies to bring all of its stores into

27   compliance," as well as "minimum statutory damages per offense." *Id.* at 117. The

28   court certified the class as a Rule 23(b)(2) class, finding that the claims for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

7

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1   "minimum statutory damages" were incidental to the claim for injunctive relief. *Id.*

2   at 118 ("where plaintiffs seek minimum statutory damages in addition to injunctive

3   relief to remove access barriers, courts have considered damages incidental to

4   injunctive relief and certified a class under Rule 23(b)(2)".) *See also Moeller v.*

5   *Taco Bell*, 220 F.R.D. 604, 613 (N.D. Cal. 2004) (certifying Rule 23(b)(2) class in

6   disability access case) ("[Plaintiffs] are seeking only the statutory minimum of

7   damages under the Unruh Act and the CDPA. [footnote omitted] The Court cannot

8   say that Plaintiffs' claims for monetary damages predominate over its claims for

9   injunctive relief."); *Williams v. City of Antioch*, 2010 WL 3632197, *10 (N.D. Cal.

10  Sept. 2, 2010) ("Plaintiffs' claims under Cal. Civ. Code § 52 for statutory minimum

11  damages for the class and compensatory damages for the five named Plaintiffs,

12  while significant in terms of monetary amount, do not preclude Rule 23(b)(2)

13  certification because the predominant form of relief Plaintiffs seek by this action, as

14  a whole, is injunctive relief to change Defendant's policies."). Therefore, in the

15  absence of any claims for monetary relief and in the face of sweeping injunctive

16  relief, it is easy to conclude that Rule 23(b)(2) treatment is appropriate here and, by

17  definition, does not require a right to opt out.

18       Objectors point to the Ninth Circuit's decision in *Molski v. Gleich*, 318 F.3d

19  937, 955 (9th Cir. 2003), *overruled on other grounds in Dukes v. Walmart, Inc.*,

20  603 F.3d 571 (9th Cir. 2010), to support their contention that damages claims

21  should not be released without the right to opt out. But *Molski* expressly rejects

22  such a *per se* rule. *Id.* at 948-49 ("we disagree that [*Ortiz v. Fibreboard Corp.*, 527

23  U.S. 815 (1999)] requires adoption of this per se rule, . . ."). Instead, the *Molski*

24  court reasoned: "[T]he Supreme Court did not adopt a per se rule requiring due

25  process protections for absent class members when *any* monetary damages are

26  claimed . . . Moreover, we have implicitly refuted Appellants' argument for the

27  adoption of a per se rule. In recent cases, we have indicated that certification of a

28  mandatory class [*i.e.*, with no opt-out right] may be appropriate *even when*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES
8
JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1   *monetary damages are involved*.") (emphasis added); *see also id*. at 947 ("we have

2   recognized that '[c]lass actions certified under Rule 23(b)(2) are not limited to

3   actions requesting only injunctive or declaratory relief, but may include cases that

4   also seek monetary damages'").

5         Rather than create a new rule that the right to opt out must be given when *any*

6   monetary damages are sought, the *Molski* court applied the existing rule concerning

7   the application of Rule 23(b)(2) -- *i.e.*, that Rule 23(b)(2) applies when injunctive

8   relief is sought, but "does not extend to cases in which the appropriate final relief

9   relates *exclusively or predominantly* to money damages." *Molski*, 318 F.2d at 947

10   (*citing* Fed. R. Civ. P. 23(b)(2) advisory committee's note (1966) (emphasis

11   added)).  The Court further noted that in determining whether the monetary

12   damages claims in a particular case are sufficiently substantial to be deemed "non-

13   incidental" and thus not suitable for Rule 23(b)(2) treatment, courts do not apply a

14   bright-line test but rather have the discretion to consider the particular facts of each

15   case. *Id*. at 950 ("Rather than adopting a particular bright-line rule, we have

16   examined the specific facts and circumstances of each case.").

17         Ultimately, the *Molski* court withheld approval for the settlement in that case

18   because the damages claims were not incidental.  Unlike here, the *Molski* court was

19   presented with a situation where actual and treble damages were at issue and 33

20   putative class members filed objections and requested to opt out of the class and

21   pursue individual damages.  The settlement in that case was the product of minimal

22   discovery and a short period of negotiations between the parties, and was reached

23   prior to formal class certification, thus calling for greater scrutiny. *Id*. at 955-56.

24   Those facts and the resultant holding are readily distinguishable from the instant

25   case.  In contrast to the *Molski* court's express reliance on the substantial damages

26   being sought against ARCO (*Molski*, 318 F.3d at 950-51), Plaintiffs here solely

27   seek injunctive relief.  Therefore, the Court's holding in *Molski* is neither binding

28   nor even instructive in this case.

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

9

Joint Memo of Ps and As in Response
To NFB and ACB Objections

1    NFB's reliance on *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.,* 880 F.

2    Supp. 292 (M.D. Pa. 1995) is also misplaced.  In *Petruzzi,* a supermarket brought a

3    class action against fat and bone companies for restraint of trade in violation of the

4    Sherman Antitrust Act. *Id.* at 293.  The settlement there sought a release of all

5    claims against one of the two remaining fat and bone companies, but provided

6    benefits to some, but not all, class members.  As a result, the release would have

7    left many class members without a remedy. *Id.* at 300.  Unlike the plaintiffs in

8    *Petruzzi,* the injunctive relief in this case will benefit all current and future class

9    members, who are not seeking monetary damages.  As such, they are not being

10   asked to release claims without significant benefits.

11   **III.   CONCLUSION**

12       For the reasons set forth above, the Parties respectfully request the Court

13   reject the objections and grant final approval of the proposed Settlement

14   Agreement.

15

16   Dated:     July 20, 2012                    Respectfully submitted,

17                                               DRINKER BIDDLE & REATH LLP

18

19   By:   */s/ David H. Raizman*
                David H. Raizman

20

21   Attorneys for Defendants
     Walt Disney Parks and Resorts U.S., Inc.,

22   Disney Online and Walt Disney Parks and
     Resorts Online

23

24

25   **[ADDITIONAL COUNSEL
     SIGNATURE ON NEXT PAGE]**

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

10

JOINT MEMO OF PS AND AS IN RESPONSE
TO NFB AND ACB OBJECTIONS

1

2    Dated:    July 20, 2012              FORIZS & DOGALI, P.A.

3                                          EUGENE FELDMAN ATTORNEY AT
                                           LAW, APC
4

5                                          By:   /s/ Andy Dogali
                                                 Andy Dogali
6
                                           Attorneys for Plaintiffs
7                                          Cari Shields and Amber Boggs and Class
                                           Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28